**FILE ON DEMAND**

RECEIVED USDC
CLERK, CHARLESTON, SC
2022 JUN 21 AM 9:50

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Nelson L. Bruce, | ) | Case No.: 2:22-cv-01292-BHH-MGB |
| | ) | |
| Plaintiff, | ) | AMENDED |
| | ) | VERIFIED COMPLAINT for violations |
| v. | ) | of the Fair Credit Reporting Act (FCRA), 15 |
| | ) | U.S.C.§ 1681 et seq., 15 U.S.C. § 1692 et |
| REV FEDERAL CREDIT UNON | ) | seq., commonly known as the Fair Debt |
| ("REVFCU"), Trans Union, LLC | ) | Collections Practices Act (FDCPA), |
| (TransUnion) UNKNOWN DOE'S | ) | Invasion of Privacy "Article I Section 10" of |
| 1-100, et al. | ) | the SC Constitution, the Financial Identity |
| | ) | Fraud and Identity Act as codified under 37- |
| Defendants. | ) | 20-170 et seq. and 37-20-200 et seq., Failure |
| | ) | to comply U.C.C. 9-210 et seq., and 36-9- |
| | ) | 210 et seq., The South Carolina Unfair |
| | ) | Trade Practices Act" As Codified Under |
| | ) | 39-5-20 And The *Federal Trade* |
| | ) | Commission *Act*. (FTC *Act*) (15 U.S.C. |
| | ) | 45(a)(1)) DEMAND FOR JURY TRIAL |

## *AMENDED VERIFIED COMPLAINT*

Plaintiff, **Nelson L. Bruce** hereby brings forth a complaint against Defendant REV

Federal Credit Union (herein "REVFCU"), Trans Union, LLC ("TransUnion"), collectively

"defendants." Plaintiff does not consent to magistrate jurisdiction. Plaintiff respectfully sets

forth, complains, and states the following:

## *INTRODUCTION*

1. This is an action for damages brought by an individual consumer for Defendants' Violations

   of the Fair Debt Collection Practices Act, 15 U.S.C, § 1692, et seq. (the "FDCPA"), the Fair

   Credit Reporting Act, 15 U.S.C. § 1681, et seq. (the "FCRA"), the Financial Identity Fraud

   and Identity Theft Protection Act" as codified under 37-20-170 et seq. and 37-20-200 et seq.

   of the South Carolina Consumer Protection Code ("SCCPC"), Failure to comply with U.C.C.

9-210 et seq., and 36-9-210 et seq. and other claims related to unlawful credit reporting

practices and debt collection practices. The FDCPA prohibits debt collectors such as the

defendant REVFCU from collecting and reporting an alleged debt unless the debt has been

validated and verified and reported as disputed when the consumer disputes the debt.

REVFCU has violated the "THE SOUTH CAROLINA UNFAIR TRADE PRACTICES

ACT" AS CODIFIED UNDEER 39-5-20 AND THE FEDERAL TRADE COMMISSION

ACT. (FTC Act) (15 U.S.C. 45(a)(1)).  The FCRA prohibits furnishers of credit information

such as the defendant from falsely and inaccurately reporting consumers' credit information

to credit reporting agencies and without written consent from the consumer.  The FCRA and

Article I Section 10 of the SC Constitution protects a consumer's right to privacy by which

TransUnion violated by reporting private information on consumers' credit profile/report

without written permission from the consumer which has been published to third parties and

is a Common Law Defamation of Character "Libel" as the information published is not

accurate nor verified.  TransUnion also violated the FCRA by selling plaintiff's consumer

report to person's paying for their credit inquiry products without a certified permissible

purpose, without written consent from the consumer.  TransUnion also violated the FCRA by

allowing inaccurate unverified information be reported, by not providing the specific

procedure used to allegedly verify as accurate the alleged account, and public record when

requested by the consumer.

### *JURISDICTION AND VENUE*

2. The Court has jurisdiction over this matter pursuant to 15 U.S.C. § 1692k(d) et seq. as well as

   15 U.S.C. § 1681p et seq.

3. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1331

because the rights and obligations of the parties in this action are defined by 15 U.S.C. § 1681 and also 15 U.S.C. § 1692 pursuant to 15 U.S.C. § 1681p et seq. and 15 U.S.C. § 1692k(d) et seq., which in general provides that an action to enforce any liability created under 15 U.S.C. § 1681 and 15 U.S.C. § 1692 may be brought in any appropriate United States district court, without regard to the amount in controversy.

4. This Court has supplemental jurisdiction over this matter pursuant to 28 U.S.C. § 1367(a).

5. Venue in this district is proper pursuant to 28 U.S.C. § 1391(b)(1) because upon information and belief, Defendants reside within the state of South Carolina. Venue in this district is also proper pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events and omissions giving rise to Plaintiff's claims occurred in South Carolina.

6. Plaintiff brings this action for damages arising from the Defendants' violations of 15 U.S.C. § 1681 *et seq*., commonly known as the Fair Credit Reporting Act ("FCRA").

7. Plaintiff brings this action for damages arising from the Defendants' violations of Title 37-20-170 et seq. ("SCCPC").

8. Plaintiff also brings this action for damages arising from the Defendants' REVFCU violations of 15 U.S.C. § 1692 *et seq*., commonly known as the Fair Debt Collections Practices Act ("FDCPA").

9. While many violations are described below with specificity, this Complaint alleges violations of the laws and statutes cited in their entirety.

## ***PARTIES***

10. Plaintiff, **Nelson L. Bruce**, is a natural person, who resides in the State of South Carolina.

11. At all times material hereto, Plaintiff was and is a "consumer" as said term is defined under

15 U.S.C. § 1681a(c) and 37-20-110 (1) of the SCCPC.

12. Defendant REVFCU is a "furnisher" of consumer credit information, a person who furnished information to consumer reporting agencies as that term is used in Section 1681s-2 et seq. Defendant conducts business in this jurisdiction, and may be served with process at 210 Marymeade Dr., Summerville, SC 29483.

13. Defendant REVFCU, is a "debt collector" as the phrase is defined in 15 U.S.C. § 1692(a)(6) of the FDCPA and Section 37-1-301(28) of the SCCPC. REVFCU is also a "Person" as that term is defined in 37-20-110(10).

14. Defendant REVFCU, was acting as a debt collector with respect to the collection of the Plaintiff's alleged debt.

15. Upon information and belief, TransUnion Intermediate Holdings, Inc. is incorporated in Delaware therefore Trans Union LLC is a citizen of Delaware as its owner/member TransUnion Intermediate Holdings, Inc. is incorporated in Delaware as this is the Corporations Principle place of business.

16. Defendant TransUnion is a limited liability company, doing business throughout the country and in the state of Illinois. TransUnion is a "consumer reporting agency" as defined in Section 1681a(f) of the FCRA. And a Consumer Credit Reporting Agency as defined in Section 37-20-110(2) of the SCCPC. TransUnion is one of the largest CRAs in the world.

## *FACTUAL ALLEGATIONS*

17. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as Though fully stated herein with the same force and effect as if the same were set forth at length herein.

18. Unless otherwise stated, Plaintiff alleges that any and all acts and violations by Defendants were Knowing, Willful, Intentional, Reckless, Negligent, False and done with Malice, the

Willful Intent to Injure Plaintiff, to harm and damage the plaintiff as explained below as Defendants did not maintain procedures reasonably adapted to avoid any such violations and did not do a proper investigation and or reinvestigation into the matter in a reasonable time.

19. Defendant REVFCU issued an account ending in 3140 to Plaintiff; the account was routinely reported on Plaintiff's consumer credit report. The consumer report at issue is a written communication of information concerning Plaintiff's credit worthiness, credit standing, credit capacity, character, general reputation, personal characteristics, or mode of living which is used or for the purpose of serving as a factor in establishing the consumer's eligibility for credit to be used primarily for personal, family, or household purposes as defined by 15 U.S.C. § 1681a(d)(1) of the FCRA.

20. On information and belief, on a date better known to Defendant Transunion prepared, issued and published credit reports to third parties concerning the Plaintiff that included inaccurate and materially misleading information relating to an alleged REVFCU account and Bankruptcy that has not been validated nor verified as the law requires in the format as the law requires.

21. The inaccurate information furnished by Defendant REVFCU and published by TransUnion is inaccurate and misleading because the Plaintiff disputes the balance owed on this alleged debt and disputed the bankruptcy being reported.

22. Additionally, the account and bankruptcy being reported was not marked and is not marked as disputed when disputed by plaintiff. The reporting of a debt to a credit reporting agency by a debt collector is a communication covered by the FDCPA, as is the failure to communicate information.

23. REVFCU as the debt collector violated 15 U.S.C. § 1692g(b) by not ceasing collection of

alleged the debt, or reporting any disputed portion thereof that has been disputed until they obtained verification of the debt or a copy of a judgment and mailed it to the consumer as required under 15 U.S. Code § 1692g(b).

24. TransUnion have been reporting this inaccurate, unverified information through the issuance of false and inaccurate credit information and consumer reports that it has disseminated to various persons and credit grantors, both known and unknown.

25. Plaintiff notified both TransUnion and REVFCU that he disputed the accuracy of the information the Bureaus was reporting on or around 1-21-2021 and April 20, 2021 regarding an alleged debt and alleged Bankruptcy and requesting an re-investigation again on or about May 3rd, 2022. Proofs of this is hereby attached hereto as **Exhibit A.**

26. TransUnion could not have done a proper reasonable investigation to verify the alleged debt account being reported by REVFCU because they have not done anything more than just forward the request to REVFCU but REVFCU cannot and has not validated the alleged debt nor obtained verification of the alleged debt by responding to any of plaintiff's requests nor through an authenticated record of accounting ("**U.C.C. 9-210 and 36-9-210**") as REVFCU holds a duty and/or obligation to respond as the alleged debt being reported is associated with the reporting activities associated with my financial record and the collection of an alleged debt in violation of the FCRA, FDCPA, SCCPC.

27. It is believed and therefore averred that TransUnion also notified Defendant REVFCU of the Plaintiff's dispute through a process known as creating an Automatic Credit Dispute Verification ("ACDV") for each dispute triggered by the Plaintiff.

28. Despite the dispute by the Plaintiff that the information on his consumer report was inaccurate and/or unverified with respect to the disputed accounts, TransUnion did not timely

evaluate or consider any of the information, claims, or evidence of the Plaintiff and did not

timely make an attempt to substantially reasonably verify that the derogatory information

concerning the disputed account was inaccurate and/or unverified.

29. TransUnion violated 15 U.S. Code § 1681i (a)(1)(A) by failing to conduct a reasonable

investigation as defined under 15 U.S. Code § 1681a(e) which requires TransUnion to do

more than just ask the furnisher who is reporting the unverified information to verify what

they are reporting since it failed to delete or correct the disputed trade line within 30 days of

receiving Plaintiff's dispute letter.

30. TransUnion violated the FCRA by reporting a bankruptcy account on plaintiff's consumer

report without plaintiff's written permission in an invasion of plaintiff's privacy and is not

reporting the alleged bankruptcy as withdrawn therefore is inaccurately reporting this

unverified account which gives the false impression that the bankruptcy was not withdrawn.

31. TransUnion Reported and published a Bankruptcy to third parties, furnished and sold

plaintiff's consumer report to T-Mobile on 5-18-2020 and Bank of America on 11-16-2020

and 1-15-2021 for profit and gain without plaintiff's written consent in violation of 15 U.S.C.

§ 1681b(a)(2) and (3) which is also a violation of plaintiff's privacy in violation of 15 U.S.C.

§ 1681(a)(4). Proofs of this is hereby attached hereto as **Exhibit C.**

32. TransUnion violated **15 U.S. Code § 1681e(a)** by failing to make a reasonable effort to

verify the uses certified by such prospective users ("Bank of America and T-Mobile") prior

to furnishing such users a consumer report via an inquiry as these users have certified that the

purposes for which the plaintiff's consumer information is sought via an inquiry, is for an

"account review" as evidenced by the inquiries specified in paragraph "31" above on the

dates specified when plaintiff's consumer report clearly does not have an open account with

Bank of America, nor T-Mobile for either prospective users to review for any purposes.

33. On or about 4-4-2022 Plaintiff yet again sent out a request to REVFCU disputing this alleged debt and request that they provide an authenticated accounting of the alleged debt account to verify the balance they are trying to collect and are reporting within 14 days as required under U.C.C. 9-210 and 36-9-210 and yet again, REVFCU has violated plaintiff's right to receive an authenticated accounting record to verify the false alleged balance being reported and have failed to report the account as disputed and therefore their acts are malicious, willful, negligent, reckless and done with ill will, with the intent to injure the plaintiff. Proofs of this is hereby attached hereto as **Exhibit B.**

34. It appears that the account that REVFCU is reporting has been written-off to a profit and loss, deemed uncollectible whereby they receive a tax credit in the amount written off and was supposed to credit the account to zero out the account therefore they violated the FCRA by falsely and inaccurately reporting this unverified account balance. Proofs of this is hereby attached hereto as **Exhibit D.**

35. REVFCU is reporting an account on plaintiff's consumer report that is referencing that the account has been "charged off" and have documented that the alleged remaining balance has also been "written off" as a result of REVFCU deeming the alleged debt worthless and or uncollectible **https://www.irs.gov/taxtopics/tc453**. It appears that REVFCU has already been paid by receiving a payment from the IRS in the form of tax credits in an alleged amount as reported on plaintiffs Trans Union Consumer credit report **(See... Exhibit D)** but defendant is still reporting an alleged balance is still due therefore their acts are deceptive, malicious, willful, negligent, reckless and done with ill will, with the intent to injure the plaintiff as plaintiff is not required to pay on a debt that does not exist nor cannot be verified

and or authenticated as plaintiff would have already taken care of this alleged debt had it been verified and or authenticated by the defendant as requested. As a result of their acts, plaintiff has been damages and injured as presented in this entire complaint.

36. Defendant REVFCU violated the FDCPA in that it did not report that Plaintiff had disputed the Alleged Debt.

37. As explained in *Wilhelm v. Credico, Inc.,* **519 F.3d 416 (8th Cir.2008)** - "The relevance of the portion of **§ 1692e(8)** on which [plaintiff] relies—'including the failure to communicate that a disputed debt is disputed'—is rooted in the basic fraud law principle that, if a debt collector elects to communicate "credit information" about a consumer, Defendant violated the FDCPA in that it omitted a piece of information that is always material, namely, that the consumer has disputed the Alleged Debt.

38. Many district courts have followed *Wilhelm*, holding that a debt collector who knows that a debt is disputed by the Consumer and reports it to a credit bureau must report it as disputed. **See, e.g.,** *Jacques v. Solomon & Solomon P. C.,* **2012 U.S. Dist. LEXIS 118092, ** 11 (D.Del.2012)** (holding that the duty to report a debt under [Section 1692e(8) ] arises if one elects to report credit information); *Edeh v. Aargon Collection Agency, LLC,* **2011 U.S. Dist. LEXIS 79160, *10-11 (D.Minn.2011)** ( "[I]f a debt collector knows or should know that a given debt is disputed, the debt collector must disclose the debt's disputed status to persons inquiring about a consumer's credit history"); *Benson v. Med–Rev Recoveries, Inc. (In re Benson),* **445 B.R. 445, 449–50 (Bankr.E.D.Pa.2010);** *Kinel v. Sherman Acquisition II LP,* **2006 U.S. Dist. LEXIS 97073, *57 (S.D.N.Y.2006)** ("holding that a cause of action under Section 1692e(8) is stated where defendant is alleged to have communicated inaccurate information to a third party about a disputed debt); *Black v. Asset Acceptance, LLC,* **2005**

U.S. Dist. LEXIS 43264, *13 (N.D.Ga.2005) (noting that if a debt collector reports a consumer debt to a credit bureau under Section 1692e(8), and the debt collector knows that the debt is disputed by the consumer, then the debt collector must also report that debt as disputed).

39. All conduct specifically prohibited or disclosures specifically required by the FDCPA is "material." *Mark v. J. C. Christensen & Assoc., Inc.,* **09cv100, 2009 WL 2407700, 2009 U.S.Dist. LEXIS 67724, *11 (D.Minn. Aug. 4, 2009);** *Warren v. Sessoms & Rogers, P.A.,* **676 F.3d 365, 374 (4th Cir. 2012)** (violations of §1692e(11) are always "material"). For example, providing a compliant §1692g notice is specifically required and should always be "material." *Janetos v. Fulton Friedman & Gullace, LLP,* **825 F.3d 317 (7th Cir. 2016).** Similarly, informing a credit bureau that a debt is disputed is specifically required and material. *Evans v. Portfolio Recovery Associates, LLC,* **889 F.3d 337 (7th Cir. 2018).**

40. Here, Defendant REVFCU re-reported the alleged debt on the Plaintiff's credit report, after knowing of the Plaintiff's dispute and after failing to validate and provide proper verification of the alleged debt.

41. The defendants acted with ill will, recklessly or wantonly, or with conscious indifference to the plaintiff's rights in violation of 15 U.S.C. § 1681h(e).  See...*Beattie v. Nations Credit Fin. Servs. Corp.,* **69 Fed. Appx. 585, 590-91 (4th Cir. 2003).**

42. Defendant TransUnion has failed to provide plaintiff with sufficient evidence that the information is true and accurate information as it relates to that consumer in violation of 37-20-170(A) of the SCCPC.

43. Defendant TransUnion has failed to provide plaintiff the basis for the denial, provide the consumer with a description of the procedure used to determine the accuracy and

completeness of the information, and sufficient evidence that the information is true and accurate information as it relates to plaintiff within thirty days after receiving a notice of inaccuracy/notice of dispute from the plaintiff in violation of 37-20-170(B) et seq. and FCRA et seq.

44. Notwithstanding Plaintiff's efforts, Defendants continue to publish and disseminate such inaccurate information to other third parties, persons, entities and credit grantors, as evidenced by the inquiries on the Plaintiff's credit report in the form of hard and soft pulls.

45. As a result of the Defendants failure to comply with the FCRA, the FDCPA, the SCCPC, Article I Section 10 of the SC Constitution, U.C.C. 9-210 and 36-9-210, the Plaintiff suffered concrete harm in one or more of the following forms: a diminished credit score, loss of credit, loss of the ability to purchase and benefit from credit, a chilling effect on credit applications, and the mental and emotional distress and pain, anguish, humiliation, loss of happiness, interest in outside activities, loss of sleep, headaches, sensitive stomach and embarrassment caused by the inability to obtain financing for everyday expenses, bank account denials, denial of credit and credit card applications, higher interest rates on loans and credit cards that would otherwise be affordable and other damages that may be ascertained at a later date.

46. Plaintiff has tried to settle these matters before filing suit by sending Notices of Intent to all defendants between 3-13- 2021 (to TransUnion) and 12-16-2021 (to REVFCU) only to be ignored by defendants providing an improper response not related to the matters at hand or no response at all therefore plaintiff is exercising his right to litigate these matters before the court. Proofs of this is hereby attached hereto as **Exhibit E.**

### *RESERVATIONS OF RIGHTS*

47. Plaintiffs hereby reserves the right to request leave of court at a later date to amend his

    complaint to amend his claims, to add more claims and enjoin defendants relevant to the

    case.

48. Plaintiff's complaint is for violations of all consumer laws both Federal and State relating to

    the reporting, publishing and collection of an alleged debt therefore all federal and state laws

    are incorporated by reference in their entirety even if plaintiff has not specifically presented

    the exact portion of the consumer laws Federal and State Law and Privacy laws being

    violated by the Defendants therefore Plaintiff reserves the right to request leave of court to

    amend his complaint to add additional damages under this section throughout the litigation as

    an addition to the damages presented herein as part of any and all judgments that relate to the

    laws presented above.

### FIRST CAUSE OF ACTION
**(Willful Violation of the FCRA as to Transunion)**

49. Plaintiff incorporates by reference the above paragraphs of this Complaint as though fully

    stated herein with the same force and effect as if the same were set forth at length herein.

50. This is an action for willful violation of the Fair Credit Reporting Act U.S.C. § 1681 et seq.

51. Transunion violated 15 U.S.C. § 1681i(a) by failing to delete inaccurate information from the

    credit file of the Plaintiff after receiving actual notice of such inaccuracies and conducting

    reinvestigation and by failing to maintain reasonable procedures with which to verify the

    disputed information in the credit file of the Plaintiff.

52. Transunion violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable

    procedures to assure maximum possible accuracy in the preparation of the credit report and

    credit files that Transunion maintained concerning the Plaintiff.

53. Transunion has willfully and recklessly failed to comply with the Act. The failure of

    Transunion to comply with the Act include but are not necessarily limited to the following:

Amended Verified Complaint                    P a g e  12 | 27

a) The failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported;

b) The failure to correct erroneous personal information regarding the Plaintiff after a reasonable request by the Plaintiff;

c) The failure to remove and/or correct the inaccuracy and derogatory credit information after a reasonable request by the Plaintiff;

d) The failure to promptly and adequately investigate information which Defendant Transunion had notice was inaccurate;

e) The continual placement of inaccurate information into the credit report of the Plaintiff after being advised by the Plaintiff that the information was inaccurate;

f) The failure to continuously note in the credit report that the Plaintiff disputed the accuracy of the information;

g) The failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised Transunion to delete;

h) The failure to take adequate steps to verify information Transunion had reason to believe was inaccurate before including it in the credit report of the consumer.

i) The failure to provide the exact procedure used to allegedly verify the alleged account and public record;

j) The Failure to insure and exercise their grave responsibilities with fairness, impartiality, and a respect for the consumer's right to privacy;

k) The Inaccurately Reporting of accounts and or bankruptcy without the written consent of plaintiff and without being properly verified in violation of plaintiff's right;

l) The Furnishing and selling of plaintiff's consumer report to persons without a certified permissible purpose and/or written consent from the plaintiff in violation of plaintiff's rights;

54. As a result of the conduct, action and inaction of Transunion, the Plaintiff suffered damage in one or more of the following forms: a diminished credit score, loss of credit, loss of the ability to purchase and benefit from credit, a chilling effect on credit applications, and the mental and emotional distress and pain, anguish, humiliation and embarrassment caused by the inability to obtain financing for everyday expenses, bank account denials, denial of credit and credit card applications, higher interest rates on loans and credit cards that would otherwise be affordable and other damages that may be ascertained at a later date;

55. The conduct, action and inaction of Transunion was willful rendering Transunion liable for actual, statutory, compensatory and/or punitive damages in an amount to be determined by Jury and or Judge pursuant to 15 U.S.C. § 1681(n) to be calculated at a "80:1 – Ratio or higher" as determined by the court in ***Daugherty v. Ocwen Loan Servicing, LLC*, 701 F. App'x 246 (4th Cir. 2017)**, also see… ***Younger v. Experian Info. Sols., Inc.*, No. 2:15-cv-00952, 2019 WL 1296256, at \*13 (N.D. Ala. Mar. 21, 2019)** to punish and deter the defendant;

56. The Plaintiff is entitled to recover reasonable costs and attorney's fees from Transunion in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681 (n) if applicable.

WHEREFORE, Plaintiff, Nelson L. Bruce, an individual, demands judgement in his favor against Defendant, Transunion, for damages together with, if applicable, attorney's fees and Court costs pursuant to 15 U.S.C. § 1681n.

## SECOND CAUSE OF ACTION
### (Negligent Violation of the FCRA as to Transunion)

57. Plaintiff incorporates by reference the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

58. This is an action for negligent violation of the Fair Credit Reporting Act U.S.C. § 1681 et seq.

59. Transunion violated 15 U.S.C. § 1681i(a) by failing to delete inaccurate information from the credit file of the Plaintiff after receiving actual notice of such inaccuracies and conducting reinvestigation and by failing to maintain reasonable procedures with which to verify the disputed information in the credit file of the Plaintiff.

60. Transunion has negligently failed to comply with the Act. The failure of Transunion to comply with the Act include but are not necessarily limited to the following:

a)  The failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported;

b)  The failure to correct erroneous personal information regarding the Plaintiff after a reasonable request by the Plaintiff;

c)  The failure to remove and/or correct the inaccuracy and derogatory credit information after a reasonable request by the Plaintiff;

d)  The failure to promptly and adequately investigate information which Defendant Transunion had notice was inaccurate;

e)  The continual placement of inaccurate information into the credit report of the Plaintiff after being advised by the Plaintiff that the information was inaccurate;

f)  The failure to continuously note in the credit report that the Plaintiff disputed the accuracy of the information;

g)  The failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised Transunion to delete;

h)  The failure to take adequate steps to verify information Transunion had reason to believe was inaccurate before including it in the credit report of the consumer.

i)  The failure to provide the exact procedure used to allegedly verify the alleged account and public record;

j)  The Failure to insure and exercise their grave responsibilities with fairness, impartiality, and a respect for the consumer's right to privacy;

k)  The Reporting of accounts and or bankruptcy without the written consent of plaintiff and without being properly verified in violation of plaintiff's right;

l)  The Furnishing and selling of plaintiff's consumer report to persons without a certified permissible purpose and/or written consent from the plaintiff in violation of plaintiff's rights;

61. As a result of the conduct, action and inaction of Transunion, the Plaintiff suffered damage in one or more of the following forms: a diminished credit score, loss of credit, loss of the ability to purchase and benefit from credit, a chilling effect on credit applications, and the mental and emotional distress and pain, anguish, humiliation and embarrassment caused by the inability to obtain financing for everyday expenses, bank account denials, denial of credit and credit card applications, higher interest rates on loans and credit cards that would otherwise be affordable and other damages that may be ascertained at a later date.

62. The conduct, action and inaction of Transunion was negligent, entitling the Plaintiff to

damages under 15 U.S.C. § 1681o.

63. The Plaintiff is entitled to recover reasonable costs and attorney's fees from Transunion in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and 1681o if applicable.

WHEREFORE, Plaintiff, Nelson L. Bruce, an individual, demands judgement in his favor against Defendant, Transunion, for damages together with if applicable, attorney's fees and Court costs pursuant to 15 U.S.C. § 1681o.

## THIRD CAUSE OF ACTION
### (Willful Violation of the FCRA and SCCPC as to REVFCU)

64. Plaintiff incorporates by reference the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

65. This is an action for willful violation of the Fair Credit Reporting Act U.S.C. § 1681 *et seq*.

66. Pursuant to the Act, all persons who furnished information to reporting agencies must participate in re-investigations conducted by the agencies when consumers dispute the accuracy and completeness of information contained in a consumer credit report.

67. Pursuant to the Act, a furnisher of disputed information is notified by the reporting agency when the agency receives a notice of dispute from a consumer such as the Plaintiff. The furnisher must then conduct a timely investigation of the disputed information and review all relevant information provided by the agency.

68. The results of the investigation must be reported to the agency and, if the investigation reveals that the original information is incomplete or inaccurate, the information from a furnisher such as the Defendant must be reported to other agencies which were supplied such information.

69. The Defendant REVFCU violated 15 U.S.C. § 15 U.S.C. § 1681s-2(b) by failing to fully and properly investigate the dispute of the Plaintiff; by failing to review all relevant information

regarding same; and by failing to correctly report results of an accurate investigation to the credit reporting agencies.

70. Specifically, the Defendant REVFCU continued to report this account on the Plaintiff's credit report after being notified of his dispute regarding the account balance.

71. Additionally, the Defendant REVFCU failed to continuously mark the account as disputed.

72. As a result of the conduct, action and inaction of the Defendant REVFCU, the Plaintiff suffered damage in one or more of the following forms: a diminished credit score, loss of credit, loss of the ability to purchase and benefit from credit, a chilling effect on credit applications, and the mental and emotional distress and pain, anguish, humiliation and embarrassment caused by the inability to obtain financing for everyday expenses, bank account denials, denial of credit and credit card applications, higher interest rates on loans and credit cards that would otherwise be affordable and other damages that may be ascertained at a later date.

73. The conduct, action and inaction of REVFCU was willful, rendering Defendant REVFCU liable for actual, statutory, Compensatory and/or punitive damages in an amount to be determined by a jury pursuant to 15 U.S.C. § 1681n to be calculated at a "80:1 – Ratio or higher" as determined by the court in ***Daugherty v. Ocwen Loan Servicing, LLC*, 701 F. App'x 246 (4th Cir. 2017)**, also see… ***Younger v. Experian Info. Sols., Inc.,* No. 2:15-cv-00952, 2019 WL 1296256, at *13 (N.D. Ala. Mar. 21, 2019)** to punish and deter the defendant**;**

74. The Plaintiff is entitled to recover reasonable costs and attorney's fees from Defendant REVFCU if applicable, in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

WHEREFORE, Plaintiff Nelson L. Bruce, an individual, demands judgement in his favor against Defendant REVFCU for damages together with if applicable, with attorney's fees and

court costs pursuant to 15 U.S.C. § 1681n.

## FOURTH CAUSE OF ACTION
### (Negligent Violation of the FCRA and SCCPC as to REVFCU)

75. Plaintiff incorporates by reference the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

76. This is an action for negligent violation of the Fair Credit Reporting Act U.S.C. § 1681 *et seq.*

77. Pursuant to the Act, all persons who furnished information to reporting agencies must participate in re-investigation conducted by the agencies when consumers dispute the accuracy and completeness of information contained in a consumer credit report.

78. Pursuant to the Act, a furnisher of disputed information is notified by the reporting agency when the agency receives a notice of dispute from a consumer such as the Plaintiff. The furnisher must then conduct a timely investigation of the disputed information and review all relevant information provided by the agency.

79. The results of the investigation must be reported to the agency, and if the investigation reveals that the original information is incomplete or inaccurate, the information from a furnisher such as the above-named Defendant must be reported to other agencies which were supplied such information.

80. Defendant REVFCU is liable to the Plaintiff for failing to comply with the requirements imposed on furnishers of information pursuant to 15 U.S.C. § 1681s-2(b).

81. After receiving the Dispute Notices from Transunion, Defendant Radius Global negligently failed to conduct its reinvestigation in good faith.

82. Specifically, the Defendant REVFCU continued to report this account on the Plaintiff's credit report after being notified of his dispute regarding the account balance.

83. Additionally, the Defendant REVFCU failed to continuously mark the account as disputed.

84. A reasonable investigation would require a furnisher such as Defendant REVFCU to consider and evaluate a specific dispute by the consumer, along with all other facts, evidence and

materials provided by the agency to the furnisher.

85. The conduct, action and inaction of Defendant REVFCU was negligent, entitling the Plaintiff to recover actual damages under 15 U.S.C. § 1681o.

86. As a result of the conduct, action and inaction of Defendant REVFCU, the Plaintiff suffered damage in one or more of the following forms: a diminished credit score, loss of credit, loss of the ability to purchase and benefit from credit, a chilling effect on credit applications, and the mental and emotional distress and pain, anguish, humiliation and embarrassment caused by the inability to obtain financing for everyday expenses, bank account denials, denial of credit and credit card applications, higher interest rates on loans and credit cards that would otherwise be affordable and other damages that may be ascertained at a later date.

87. The Plaintiff is entitled to recover reasonable costs and attorney's fees if applicable, from the Defendant REVFCU, in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and 1681o.

WHEREFORE, Plaintiff Nelson L. Bruce, an individual, demands judgement in his favor against Defendant REVFCU for damages together with if applicable, with attorney's fees and court costs pursuant to 15 U.S.C. § 1681o.

## FIFTH CAUSE OF ACTION
### (Violation of the FDCPA as to REVFCU)

88. Plaintiff incorporates by reference the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

89. When Defendant REVFCU re-reported the credit account after it received the dispute, Defendant REVFCU failed to list the account as "disputed by consumer" despite being required to do so by the FDCPA.

90. As a result of the failure to remove the trade line, or mark same as disputed, Plaintiff's credit score suffered, which has resulted Plaintiff's in inability to obtain credit, less favorable interest rates and may have the result of hindering future employment opportunities.

91. Defendant's failure to list the account as "disputed by consumer" despite being required to do so by the FDCPA, constituted a violation of various provisions of the FDCPA, including but not limited to 15 U.S.C. §§ 1692e(2), 1692e(5), 1692e(8), 1692e(10) and 1692f.

92. As a result of the Defendant's violations of the FDCPA, Plaintiff has been damaged and is entitled to damages in accordance with the FDCPA.

### SIXTH CAUSE OF ACTION
### (COMMON LAW DEFAMATION ("LIBEL") AS TO ALL DEFENDANTS)

93. Plaintiff incorporates by reference the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

94. The defendants are guilty of defamation per se, in that defendants intentionally reported and/or allowed third parties to submit inaccurate information which was published and sold to third parties without written permission from the plaintiff that showed account information that was inaccurate, unverified, and/or the correct nature of the accounts as it relates to the plaintiff and his rights. Defendants by reporting the accounts inaccurately, unverified and without the written consent of the plaintiff intended to harm and defame plaintiff's reputation when published to third parties who request for reports to qualify or approve Plaintiff based off of his credit and credit worthiness.

95. As a result of the conduct, action and inaction of Defendants, the Plaintiff suffered damage in one or more of the following forms: a diminished credit score, loss of credit, loss of the ability to purchase and benefit from credit, a chilling effect on credit applications, and the mental and emotional distress and pain, anguish, humiliation and embarrassment caused by the inability to obtain financing for everyday expenses, bank account denials, denial of credit and credit card applications, higher interest rates on loans and credit cards that would otherwise be affordable and other damages that may be ascertained at a later date.

96.    Defendants are each separately and individually liable to plaintiff for damages caused by
their actions and this court should award plaintiff an amount equal to or greater than
$250,000 as courts have frequently sustain emotional distress awards in the range of
$250,000 in defamation cases. *See, e.g., Stamathis v. Flying J, Inc.,* **389 F.3d 429, 439 (4th
Cir. 2004)** (upholding an award of $240,000 for "insult, pain, and mental suffering"); ***Simon
v. Shearson Lehman Bros., Inc.,* 895 F.2d 1304, 1319-20 (11th Cir. 1990)** (upholding an
award of $250,000, given that the slander caused "an impairment of [the plaintiffs]
reputation, personal humiliation, and mental anguish and suffering").

97.    The conduct of Defendants was a direct and proximate cause, as well as a substantial factor,
in bringing about the injuries, damages and harm to Plaintiff that are outlined more fully
above and, as a result, Defendants are liable to Plaintiff for the full amount of statutory,
actual, Compensatory and/or punitive damages to be calculated at a "80:1 – Ratio or higher"
as determined by the court in ***Daugherty v. Ocwen Loan Servicing, LLC,* 701 F. App'x 246
(4th Cir. 2017)**, also see… ***Younger v. Experian Info. Sols., Inc.,*** No. **2:15-cv-00952, 2019
WL 1296256, at *13 (N.D. Ala. Mar. 21, 2019)** to punish and deter the defendant, along
with, if applicable, attorneys' fees and the costs of litigation, as well as such further relief, as
may be permitted by law.

## SEVENTH CAUSE OF ACTION
### (KNOWING, WILLFUL AND NEGLIGENT VIOLATIONS OF THE SCCPC "37-20-170 ET SEQ. AND 37-20-200 ET SEQ." AS TO DEFENDANTS)

98.    Plaintiff incorporates by reference the above paragraphs of this Complaint as though fully
stated herein with the same force and effect as if the same were set forth at length herein.

99.    At all times, Defendants knowingly, intentionally reported and allowed to be reported,
inaccurate information with malice and willful intent to injure the plaintiff, the consumer (15

U.S.C. § 1681h(e)) as they failed to provide the basis for their denial of plaintiff's notice of dispute, failed to provide a description of the procedure used by the consumer reporting agency to determine the accuracy and completeness of the information as requested by the consumer, and failed to provide to the consumer, sufficient evidence that the information being reported is true and 100% accurate information as it relates to the consumer and his rights.

100. Defendants failed to correct, delete information found to be inaccurate, unauthorized, unverified, and in a reasonable time instead reinserted the information and failed to reasonably and properly investigate Plaintiff's disputes.

101.    Defendants failed to promptly investigate and/or re-investigate the accuracy of the accounts being reported and failed to provide plaintiff with the basis for the denial, provide the consumer with a description of the procedure used to determine the accuracy and completeness of the information, and sufficient evidence that the information is true and accurate information as it relates to plaintiff within thirty days after receiving a notice of inaccuracy/notice of dispute from the plaintiff in violation of SC Consumer Protection Code **SECTION 37-20-170 (A) & (B) (1)(3) and (4).**

102.    As a result of Defendants violations, Defendants are each separately and individually liable to Plaintiff's for actual damages, and or statutory damages as provided under 37-20-170(D) & (E), and if applicable, 37-20-200(A) & (B).

103.    The conduct of Defendants was a direct and proximate cause, as well as a substantial factor, in bringing about the injuries, damages and harm to Plaintiff that are outlined more fully above and, as a result, Defendants are liable to Plaintiff for the full amount of statutory, and/or actual damages, along with if applicable, attorneys' fees and the costs of litigation, as

well as such further relief, as may be permitted by law.

## EIGHTH CAUSE OF ACTION
### (KNOWING, WILLFUL AND NEGLIGENT VIOLATIONS OF U.C.C. 9-210 ET SEQ. and 36-9-210 ET SEQ. AS TO DEFENDANT "REVFCU")

104.    Plaintiff incorporates by reference the above paragraphs of this Complaint as though fully

stated herein with the same force and effect as if the same were set forth at length herein.

105.    Defendant REVFCU has a duty to comply with plaintiff's request for an authenticated

accounting related to the alleged outstanding debt and has failed to comply as required under

U.C.C. 9-210 and 9-36-210 as of the date of this filing.

106.    As a result of REVFCU's failure to comply, defendant is liable to Plaintiff for damages,

and statutory damages as provided under U.C.C. 9-625 ET SEQ. and 36-9-625 ET SEQ.,

specifically section "b" and "f".

107.    The conduct of Defendant was a direct and proximate cause, as well as a substantial

factor, in bringing about the injuries, damages and harm to Plaintiff that are outlined more

fully above and, as a result, Defendant is liable to Plaintiff for the full amount of damages,

statutory or otherwise and any other such further relief, as may be permitted by law.

108.    As a result of the conduct, action and inaction of REVFCU, the Plaintiff suffered damage

in one or more of the following forms: a diminished credit score, loss of credit, loss of the

ability to purchase and benefit from credit, a chilling effect on credit applications, mental and

emotional distress and pain, anguish, humiliation and embarrassment caused by the inability

to obtain financing for everyday expenses, bank account denials, denial of credit and card

applications, higher interest rates on loans and credit cards that would otherwise be

affordable and other damages that may be ascertained at a later date;


## NINETH CAUSE OF ACTION
### (KNOWING, WILLFUL AND NEGLIGENT VIOLATIONS OF "THE SOUTH CAROLINA UNFAIR TRADE PRACTICES ACT" AS CODIFIED UNDEER 39-5-20

## AND THE *FEDERAL TRADE* COMMISSION *ACT.* (FTC *Act*) (15 U.S.C. 45(a)(1)) AS TO DEFENDANT "REVFCU")

109.    Plaintiff incorporates by reference the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

110.    Defendant REVFCU has written off plaintiff's alleged debt as a loss which has been charged off as an uncollectible bad debt and as a result should have been reported with a zero balance.

111.    It is the practice of the defendant to charge off an uncollectible bad debt and file with the IRS to receive a credit for their alleged loss in the form of a write off of the account.

112.    Reporting the alleged bad debt account without crediting the account and without plaintiffs written notice or consent gives the false impression that an amount is still due and owing to REVFCU when they have been paid with credits as a result of the profit and loss write off as they have not made any attempt to try to collect the alleged debt which is a deceptive act or practice.

113.    As a result of REVFCU's failure to properly credit and accurately report the alleged debt account and balance, defendant is liable to Plaintiff for damages as provided under Section 39-5-140 et Seq. and **15 USC 45** et Seq.

114.    The acts of the Defendant are material in that there reporting of inaccurate information to the credit bureaus is a deceptive act and conduct which occurred within the United States and in the State of South Carolina where the consumer and the defendant is located.

115.    The conduct of Defendant was a direct and proximate cause, as well as a substantial factor, in bringing about the injuries, damages and harm to Plaintiff that are outlined more fully above and, as a result, Defendants are liable to Plaintiff for the full amount of damages,

statutory or otherwise and any other such further relief, as may be permitted by law **Section 39-5-140.**

116.    As a result of the conduct, action and inaction of REVFCU, the Plaintiff suffered damage in one or more of the following forms: a diminished credit score, loss of credit, loss of the ability to purchase and benefit from credit, a chilling effect on credit applications, mental and emotional distress and pain, anguish, humiliation and embarrassment caused by the inability to obtain financing for everyday expenses, bank account denials, denial of credit and card applications, higher interest rates on loans and credit cards that would otherwise be affordable and other damages that may be ascertained at a later date;

## DEMAND FOR TRIAL BY JURY

117.    Plaintiff demands and hereby respectfully requests a trial by jury for all claims and issues in this complaint to which Plaintiff is or may be entitled to a jury trial.

### *PRAYER FOR RELIEF*

**WHEREFORE,** Plaintiff demands judgment from the Defendants as follows:

a)  An Declaration and Injunction against all defendants, their successors, assigns, affiliates, partners, both known and unknown does, etc. al., pursuant to 37-20-170(G) and if applicable 37-20-200(D) to restrain all parties from future acts constituting a violation of this chapter.
b)  For actual damages provided and pursuant to 15 U.S.C. § 1681o(a) be awarded for each negligent violation as alleged herein;
c)  For Statutory damages provided and pursuant to 15 U.S.C. § 1681n(a);
d)  For Compensatory and/or Punitive Damages to be calculated at a "80:1 – Ratio or higher" as determined by the court in ***Daugherty v. Ocwen Loan Servicing, LLC*, 701 F. App'x 246 (4th Cir. 2017)**, also see… ***Younger v. Experian Info. Sols., Inc.*, No. 2:15-cv-00952, 2019 WL 1296256, at *13 (N.D. Ala. Mar. 21, 2019)** to punish and deter the defendant;
e)  For actual damages provided and pursuant to 15 U.S.C. § 1692k(a)(1);
f)  For statutory damages provided and pursuant to 15 U.S.C. § 1692k(a)(2)(A);
g)  For attorney fees and costs provided if applicable and pursuant to 15 U.S.C. § 1692k(a)(3); 15 U.S.C. § 1681n(a)(3), 15 U.S.C. § 1681o(a)(2), 37-20-170(D) & (E), and if applicable, 37-20-200 (A) & (B);
h)  For damages as specified under U.C.C. 9-625 ET SEQ. and 36-9-625 ET SEQ., specifically section "b" and "f";

### Amended Affidavit of Verification

I, Nelson L. Bruce, hereby swear, attest, affirm, ascribe, and declare as follows:

1. I am a Plaintiff in the present case, a citizen of the United States of America, and a resident of the State of South Carolina and I am of the age of the Majority, over the age of 18;

2. I have reviewed the complaint in its entirety and have personal knowledge of myself, my activities, and my intentions, including those set out in the foregoing Amended **Verified Complaint** for Declaratory and Injunctive relief and the Relief requested in this Amended **Verified Complaint**;

3. I have personal knowledge of all the allegations in this Amended **Verified Complaint** for Declaratory and Injunctive Relief and the relief requested, and swear all of them to be true and correct to the best of my knowledge, information and belief;

4. I do hereby swear, attest, affirm, ascribe, and declare that the aforementioned claims are true, correct and accurate and that I have firsthand knowledge of the foregoing facts stated in this Amended **Verified Complaint** as being true, correct and accurate, and I do so under penalty of the Constitution of the United States of America as such so help me god.

FURTHER AFFIANT SAYETH NOT.

_Nelson L. Bruce_ 6-16-22

Nelson L. Bruce

RECEIVED USDC
CLERK, CHARLESTON, SC
2022 JUN 21 AM 9:51

    i)  For defamation "Libel" award in an amount equal to or greater than $250,000 See, e.g., **Stamathis v. Flying J, Inc., 389 F.3d 429, 439 (4th Cir. 2004)** (upholding an award of $240,000 for "insult, pain, and mental suffering"); **Simon v. Shearson Lehman Bros., Inc., 895 F.2d 1304, 1319-20 (11th Cir. 1990)** (upholding an award of $250,000, given that the slander caused "an impairment of [the plaintiffs] reputation, personal humiliation, and mental anguish and suffering";

    j)  For damages as specified under 39-5-140 et seq.;

    k)  Offset of any alleged debt still in existence that can be verified as still existing that has not already been written-off and no tax credits have been received.

    l)  For any such other and further relief, as well as further costs, expenses and disbursements of this action as this Court may deem just and proper.

Date this **16th** day of **June, 2022**.

RESPECTFULLY PRESENTED,

"Without Prejudice"

_Nelson L. Bruce_

Nelson L. Bruce, Propria Persona, Sui Juris
"All Natural Rights Explicitly Reserved and Retained"
U.C.C.1-207/ 1-308, 1-103.6
c/o P.O. Box 3345, Summerville, South Carolina [29484]
Phone: 843-437-7901
Email: leonbruce81@yahoo.com
