IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Nelson L. Bruce,<br><br>            Plaintiff,<br>vs.<br><br>REV Federal Credit Union ("REVFCU");<br>Trans Union, LLC (TransUnion); and<br>Unknown Does 1-100,<br><br>            Defendants. | C.A. No. 2:22-cv-01292-BHH-MGB |

**MEMORANDUM IN SUPPORT OF MOTION TO DISMISS**

Defendant REV Federal Credit Union ("REV"), by and through its undersigned counsel, hereby submits its Memorandum of Law in Support of its Motion to Dismiss the Plaintiff's Third, Fourth, Fifth, Sixth, Seventh, and Ninth Causes of Action. The grounds for this motion are as follows:

**FACTUAL AND PROCEDURAL BACKGROUND**

Plaintiff filed his complaint against REV as well as defendant Transunion and has asserted various causes of action. Plaintiff had a savings account ending in 3140 with REV. Pl. Am. Compl. ¶ 19. As evidenced by the exhibits included by Plaintiff, REV is the holder of a debt owed to REV in the amount of $471. *See* Pl. Am. Compl. Ex. 1. REV is a federally charted credit union. *See* Ex. 1, Affidavit of Tara Smith, at ¶¶ 6-7, attached hereto.

**STANDARD OF REVIEW**

Under Federal Rule of Civil Procedure 12(b)(6), "a motion to dismiss for failure to state a claim should not be granted unless it appears certain that the plaintiff can prove no set of facts which would support its claim and would entitle it to relief." *Mylan Lab., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993). "In considering a motion to dismiss, the court should accept as true all

well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff." *Id.* A complaint "does not need [to allege] detailed factual allegations," but pleadings that contain "mere labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Consequently, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – 'that the pleader is entitled to relief.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (quoting Fed. R. Civ. P. 8(a)(2)). While a court must accept as true the factual assertions in a complaint, it need not accept as true any legal conclusions couched as factual allegations. *Iqbal*, 556 U.S. at 678. And if the factual allegations in a complaint permit no inference beyond the mere possibility of misconduct, then the complaint does not show that the pleader is entitled to relief. *See id.* at 679.

Plaintiff has filed this matter *pro se*. Courts generally liberally construe *pro se* filings, *Estelle v. Gamble*, 429 U.S. 97 (1976), and hold them to a less rigorous standard than those drafted by an attorney. *Hughes v. Rowe*, 449 U.S. 5 (1980). "Liberal construction" means that if the court can reasonably read a pleading to state a valid claim, it should do so, but the court should not "conjure up questions never squarely presented,: *Beudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). However, this liberal construction standard does not mean that a court may ignore a clear failure in the pleading to allege facts setting forth a cognizable claim. *Weller v. Dep't. of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

## ARGUMENT

I.  *The Court Should Dismiss Plaintiff's Third, Fourth, and Seventh Causes of Action as to REV Because the South Carolina Consumer Protection Code Does Not Apply to It.*

Plaintiff's Third, Fourth, and Seventh are partially based on the South Carolina Consumer Protection Code ("SCCPC"). Specifically, Plaintiff has asserted a "willful violation" of the SCCPC

(Third Cause of Action), a "negligent violation" of the SCCPC (Fourth Cause of Action), a "knowing, willful and negligent violations of the SCCPC". (Seventh Cause of Action).

First, in reviewing the allegations of the Third and Fourth Causes of Action, it is evident Plaintiff is asserting claims under the federal Fair Credit Reporting Act ("FCRA"), not the SCCPC. No specific allegations reference South Carolina statutes. Therefore, REV would respectfully request the titles of these causes of action to be amended to reflect they are only being brought pursuant to the FCRA.[1]

The Plaintiff does, however, specifically assert violations of S.C. Code Ann. § 37-20-170, which is also referred to as the South Carolina Identity Theft Protection Act. The South Carolina Consumer Protection Code contains certain general exclusions, as articulated in S.C. Code Ann. § 37-1-202. Specifically, Section 37-1-202 states in part:

> Except as otherwise provided, this title does not apply to: . . . (10) federally chartered credit unions.

REV is a federally chartered credit union. *See* Ex. 1, at ¶¶ 6-7.[2] Moreover, there is nothing in Section 37-20-170 itself that suggests this provision could be applied to a federally chartered credit union. As a result of the express exclusion of Section 37-1-202, the Plaintiff has failed to state a cause of action under the SCCPC against REV, and all such claims should be dismissed.

In addition to the express exclusion, S.C. Code Ann. § 37-20-170 is expressly preempted by the FCRA's preemption provision, 15 U.S.C. § 1681t. This section provides that "[n]o requirement or prohibition may be imposed under the laws of any State . . . with respect to any

---

[1] While REV expressly denies it is liable under any theory under FCRA, REV is not seeking a dismissal of any causes of action brought exclusively under the FCRA against it at this time, but instead, REV reserves all rights to seek dismissal of such claims at a later time.

[2] When considering a motion to dismiss, the court may also rely on matters to which a court may take judicial notice. *See Hull v. Policy Mgmt. Sys. Corp.*, No. CIV.A.3:00-778-17, 2001 WL 1836286, at *1 (D.S.C. Feb. 9, 2001). Further, "[i]n reviewing a Rule 12(b)(6) dismissal, we may properly take judicial notice of matters of public record." *See Philips v. Pitt Cnty Memorial Hosp.*, 572 F.3d 176, 180 (D.S.C. 2009). Consequently, the Court may consider the exhibit demonstrating the publicly available and governmental registration of REV as a federally chartered credit union. *See* Ex. 1, at ¶¶ 4-5.

subject matter regulated under . . . section 1681s-2 of this title." 15 U.S.C. § 1681(t)(b)(1)(F). As the Fourth Circuit has stated:

> [s]ection 1681s-2(a) explains the duty of furnishers of information to provide accurate information, which includes correcting any errors in reporting. Section 1681s-2(b) contains the duties of furnishers of information after receiving notice . . . of a dispute with regard to the completeness or accuracy of any information provided by a person to a consumer reporting agency. These duties include conducting an investigation into the dispute and correcting any errors discovered with the CRAs.

*Ross v. F.D.I.C.*, 625 F.3d 808, 813 (4th Civ. 2010).

Courts in the Fourth Circuit have interpreted § 1681t to preempt state statutory laws regarding the duties of furnishers of information. *See Munean v. Discover Financial Servs.*, C/A No. 6:13-1151-HMH, 2013 WL 2636003, at *3 (D.S.C. June 12, 2013) (citing *Beattie v. Nations Credit Fin. Servs. Corp.*, C/A No. 02-1744, 2003 WL 21213703, at *1 (4th Cir. May 27, 2003); *Beattie v. Nations Credit Fin. Servs. Corp.*, C/A No. 02-1744, 2003 WL 21480586, at *1 (4th Cir. June 27, 2003). Plaintiff's allegations directly relate to REV's obligation to provide accurate credit information to a credit reporting agency. *See* Pl. Am. Compl. ¶¶ 97-99. Consequently, this claim is preempted by the FCRA and must be dismissed. *See Muntean*, 2013 WL 2636003, at *4.

Accordingly, Plaintiff's Seventh Cause of Action must be dismissed. Moreover, the Plaintiff's Seventh Cause of Action should be dismissed with prejudice as to REV because any attempt to amend would be futile in light of the express exclusion and preemption provisions.

II.     *Plaintiff's Fifth Cause of Action Must be Dismissed Because It Does Not Apply to REV.*

Plaintiff asserts a claim under the Fair Debt Collections Practices Act ("FDCPA") against REV in its Fifth Cause of Action. However, this claim must be dismissed because the FDCPA does not apply to REV since is not acting as "debt collector," as defined by the FDCPA.

The FDCPA prohibits certain activities when collecting a debt. 15 U.S.C. § 1692d. However, in order to establish a claim under the FDCPA, the Plaintiff must prove that the

defendant is a "debt collector." *Gavin v. Enterprise Recovery Sys., Inc.*, C/A No. 7:16-344-TMC, 2017 WL 24254, at *3 (D.S.C. Jan. 3, 2017) (citing *Krasnor v. Spaulding Law Office*, 675 F. Supp. 2d 208, 211 (D. Mass. 2009)); *see also Wallace v. Washington Mutual Bank, F.A.*, 683 F.3d 323, 326 (6th Cir. 2012).

REV is not a "debt collector" as that term is defined under the FDCPA. The term "debt collector" is defined as follows:

> [A]ny person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, **debts owed or due or asserted to be owed or due another**. Notwithstanding the exclusion provided by clause (F) of the last sentence of this paragraph, the term includes any creditor who, in the process of collecting his own debts, uses any name other than his own which would indicate that a third person is collecting or attempting to collect such debts.

15 U.S.C. § 1692(a)(6). (*emphasis added*)

The law is well settled that a person attempting to collect his or her "own" debt is not a "debt collector" under the FDCPA. *See* 15 U.S.C. § 1692(a)(6)(f). Stated differently, "a creditor is not a debt collector for the purposes of the FDCPA and creditors are not subject to the FDCPA when collecting their accounts." *Montgomery v. Huntington Bank*, 346 F.3d 693, 699 (6th Cir.2003) (citing *Stafford c. Cross Country Bank*, 262 F. Supp. 2d 776, 794 (W.D. Ky. 2003); *James v. Ford Motor Credit Co.*, 842 F. Supp. 1202, 1206-07 (D. Minn. 1994), *aff'd*, 47 F.3d 961 (8th Cir. 1995); *Meads v. Citicorp Credit Serv., Inc.*, 686 F. Supp. 330, 333 (S.D. Ga. 1988)); *see also Rowe v. Educational Credit Management Corp.*, 559 F.3d 1028, 1031 (9th Cir. 2009); *Campbell v. Wells Fargo Bank, N.A.*, 73 F. Supp. 3d 644, 648 (E.D.N.C. 2014); *Hardnett v. M & T Bank*, 204 F. Supp. 3d 851, 859-60 (E.D. Va. 2016), *motion for relief from judgment denied*, No. 3:15-cv-622, 2017 WL 5639918 (E.D. Va. Apr. 13, 2017), *and aff'd sub nom. Harnett v. M & T Bank*, 699 F. App'x 242 (4th Cir. 2017), *and aff'd sub nom. Hardnett v. M & T Bank*, 699 F.

App'x 242 (4th Cir. 2017) (holding that the FDCPA "distinguishes a 'debt collector' which collects the debts due to another, from a 'creditor,' which seeks to collect on its own debts.").

Here, the debt at issue was owed to REV, with whom the Plaintiff maintained the account. As the creditor, REV cannot be subjected to liability under the FDCPA. *See Davis v. Dillard Nat'l Bank*, C/A No. 1:02-cv-546, 2003 WL 21297331, at *4 (M.D.N.C. June 4, 2003) ("Crediting institutions, such as banks, are not debt collectors under [the FDCPA] because they collect their own debts and are in the business of lending money to consumers."). Because REV is not a "debt collector" as contemplated by the statute, the FDCPA cause of action must be dismissed with prejudice, as any attempt to amend would be futile.

III.    <u>Plaintiff's Sixth Cause of Action Must be Dismissed as it is Preempted by the FCRA.</u>

Plaintiff's Sixth Cause of Action asserts a claim for common law defamation/libel against REV. This claim must also be dismissed with prejudice because it is preempted by the FCRA. The FCRA states as follows:

> Except as provided in sections 1681n and 1681o of this title, **no consumer may bring any action or proceeding in the nature of defamation**, invasion of privacy, or negligence with respect to the reporting of information against any consumer reporting agency, any user of information, or any person who furnishes information to a consumer reporting agency, based on information disclosed pursuant to section 1681g, 1681h, or 1681m of this title, or based on information disclosed by a user of a consumer report to or for a consumer against whom the user has taken in adverse action, based in whole or in part on the report except as to false information furnished with malice or willful intent to injury such consumer.

15 U.S.C. § 1681(h)(e). (*emphasis added*)

Under South Carolina law, "'[m]alice' is established only if 'the defendant acted with ill will toward the plaintiff or acted recklessly or wantonly, meaning with conscious indifference toward the plaintiff's rights.'" *Potter v. FIA Card Servs., N.A.*, C/A No. 2:12-cv-1722-RMG, 2012 WL 13005806, at *2 (D.S.C. Sept. 28, 2012) (quoting *Beattie v. Nations Credit Fin. Servs. Corp.*,

69 Fed. App'x 585 (4th Cir. 2003)). Plaintiff's bare, conclusory allegation that REV action intentionally or with malice, without any factual basis, fails to meet the pleading standard required by *Iqbal* and *Twombly*. *See Iqbal*, 556 U.S. at 679. Plaintiff's allegations do not give rise to any presumption of malice or intent to injury, and, therefore, this claim must be dismissed. *See Davis v. Citimortgage, Inc.*, C/A No. 0:15-cv-04643-MGL, 2016 WL 4040084, at *4 (D.S.C. July 28, 2016); *see also Danielson v. USAA Federal Savings Bank*, C/A No. 6:17-cv-02849-AMQ, 2018 WL 2461981, at *2 (D.S.C. June 1, 2018).

Consequently, REV respectfully requests this Court dismiss Plaintiff's Sixth Cause of Action.

IV.     *Plaintiff's Ninth Cause of Action Must Be Dismissed Because Plaintiff Fails to State a Claim Upon Which Relief Can be Granted.*

Plaintiff's Eighth Cause of Action, allegedly asserted pursuant to the SCUTPA and the FTC Act should be dismissed as Plaintiff fails to state a claim under which relief can be granted. First, any allegations pursuant to the FTC Act cited by Plaintiff must be dismissed because this act does not grant a private right of action. Plaintiff asserts a private cause of action under Section Five of the FTC (15 U.S.C. § 45, *et seq.*). *See* Pl. Am. Compl. ¶ 113. However, "[i]t is well-settled that there is no private, federal claim for which this court can grant relief for violations of the Federal Trade Commission Act." *Summey v. Ford Motor Credit Co.*, 449 F. Supp. 132, 135 (D.S.C. 1976) (citing *Moore v. New York Cotton Exchange*, 270 U.S. 593 (1926); *Holloway v. Bristol-Myers Corp.*, 158 U.S. App. D.C. 207 (1973); *Carlson v. Coca-Cola Co.*, 483 F.2d 279 (9th Cir. 1973)). Any relief in the first instance under the Trade Commission Act "must be afforded in the first instance by the commission." *Id* at 136. "The United States Supreme Court and the two federal courts of appeals that have recently considered the question have all reached the conclusion that there is no private, federal claim for which relief can be granted for alleged violations of the Federal

Trade Commission Act." *Id.* Thus, Plaintiff's Ninth Cause of Action to extent it attempts to assert a claim under this Act should be dismissed.

Plaintiff's Ninth Cause of Action further seems to assert a claim pursuant to SCUTPA, S.C. Code Ann. § 39-5-140 *et seq.* However, Plaintiff fails to allege the requisite facts for SCUTPA to even apply in this case. *See* S.C. Code Ann. § 39-5-140*; Wright v. Craft*, 372 S.C. 1, 23, 640 S.E.2d 486, 498 (Ct. App. 2006); *Ethox Chem., LLC v. Coca-Cola Co.*, No. 6:12-CV-01682-TMC, 2012 WL 6761527, (D.S.C. Nov. 20, 2012), *report and recommendation adopted in part, rejected in part*, No. 6:12-CV-01682-TMC, 2013 WL 41001 (D.S.C. Jan. 3, 2013). "SCUTPA declares unlawful unfair ... acts or practices in the conduct of any trade or commerce. An act is unfair when it is offensive to public policy or when it is immoral, unethical, or oppressive." *Bessinger v. Bi-Lo, Inc.*, 366 S.C. 426, 432, 622 S.E.2d 564, 567 (Ct. App. 2005) (internal quotations omitted) (granting renewed motion to dismiss because act alleged was permitted by law and, thus, not "unfair").

Specifically, the Complaint fails to allege facts sufficient to establish the essential element of the SCUTPA claim that the public interest is adversely affected, meaning that the conduct of REV has occurred in the past or there is a reasonable potential for repetition. "To be actionable under the UTPA . . . the unfair or deceptive act or practice in the conduct of trade or commerce must have an impact upon the public interest. The act is not available to redress a private wrong where the public interest is unaffected." *Noack Enterprises, Inc. v. Country Corner Interiors of Hilton Head Island, Inc.*, 290 S.C. 475, 479, 351 S.E.2d 347, 350 (Ct. App. 1986) (party failed to state cause of action under UTPA where "the complaint nowhere alleges any facts demonstrating that these acts or practices adversely affect the public"). While the public interest may be implicated where "the acts or practices have the potential for repetition," a claim under SCUTPA is not actionable where a party has *failed to allege facts* demonstrating that unfair or deceptive

practices may possibly reoccur. *See id.* at 350-51. Further, simply stating that "unfair acts and practices [of defendants] have an impact on the public interest" and "have potential for repetition" "without alleging any particularized facts" is insufficient to defeat a motion to dismiss a SCUTPA claim. *Skywaves I Corp. v. Branch Banking & Tr. Co.*, 423 S.C. 432, 455, 814 S.E.2d 643, 655-56 (Ct. App. 2018), *reh'g denied* (June 21, 2018), *cert. denied* (Nov. 9, 2018) (affirming dismissal of SCUTPA claim where complaint lacked "particularized facts" as to public interest impact and instead included only conclusory allegation in that regard). The outcome of this case will affect only the parties hereto and not the broader public. *See Ardis v. Cox*, 314 S.C. 512, 518–19, 431 S.E.2d 267, 271 (Ct. App. 1993) ("An unfair or deceptive act or practice that affects only the parties to a trade or a commercial transaction is beyond the Act's embrace."). Plaintiff merely makes a conclusory statement that REV is allegedly guilty of "a deceptive act and conduct which occurred in the United States and in the State of South Carolina where the consumer and the defendant is located." *See* Pl. Am. Compl. ¶ 114. Plaintiff fails to include any particularized facts to support its SCUTPA claim and includes no allegations on how any alleged actions by REV affects the public or is capable of repetition.

Alternatively, SCUTPA is preempted to the extent it overlaps with activity regulated by the FCRA. Specifically, the FCRA provides as follows:

> (b)  No requirement or prohibition may be imposed under the laws of any State –
>
> (1)  with respect to any subject matter regulated under –
>
>> (F) section 1681s-2 of this title relating to the responsibilities of persons who furnish information to consumer reporting agencies . . .

15 U.S.C. § 1681t

Courts have routinely held that the FCRA preempts unfair trade practices actions under state statutes. *See Potter v. FIA Car Services, N.A.*, C/A No. 2:12-cv-1722-RMG, 2012 WL

13005806, at *3 (D.S.C. Sept. 28, 2012) (holding that SCUTPA is preempted to the extent it overlaps with activity regulated by the FCRA). Plaintiff's allegations make people that the SCUTPA claim relates to the alleged manner in which REV allegedly reported information about Plaintiff's account. *See* Pl. Am. Compl. ¶¶ 112-114.

In the alternative, Plaintiff's SCUTPA claim cannot be sustained because SCUTPA is inapplicable to "[a]ctions or transactions permitted under laws administered by any regulatory body or officer acting under statutory authority of this State or the United States." S.C. Code § 39-5-40(a). This exemption is "intended to exclude those actions or transactions which are allowed or authorized by regulatory agencies or other statutes." *Ward v. Dick Dyer & Assocs., Inc.*, 304 S.C. 152, 403 S.E.2d 310, 312 (1991). Specifically, this is meant to ensure that a company is not subjected to liability for following an agency's regulation or statute. Plaintiff claims that REV's alleged decision to "write off plaintiff's alleged debt as a loss which has been charged off as an uncollectible bad debt" was evidence of an alleged SCUTPA violation. *See* Pl. Am. Compl. ¶ 110. However, REV is permitted as part of its internal accounting practices to determine the nature of a debt, and an alleged "write off" is not a cancellation of a debt. *See In re Washington*, 581 B.R. 150, 158 (Bank. D.S.C. 2017); *see also South Carolina Dep't of Revenue v. Anonymous Co. A*, 401 S.C. 513, 516 n.2, 678 S.E.2d 255, 257 n.2 (2009) (supporting the proposition that an alleged "write off" or "charge off" is an internal accounting practice and does not have the legal effect of discharging a debtor from underlying debt). In this case, the alleged action would have been permitted under the federal and state regulatory authorities, thus SCUTPA does not apply.

Plaintiff clearly fails to meet the pleading standard required by South Carolina courts and therefore the SCUTPA claim fails as a matter of law. Alternatively, the SCUTPA claim is preempted because it is based on alleged actions that fall under the purview of the FCRA. In the

alternative, the actions of REV are excluded from SCUTPA because it is permitted under applicable banking regulations.

## CONCLUSION

For the foregoing reasons, REV respectfully requests that the Court issue an Order dismissing Counts Fifth, Sixth, Seventh, and Ninth Causes of Action, and dismissing Counts Third and Fourth Causes of Action regarding the allegations relating to the South Carolina Consumer Protection Code, with prejudice.

/s/ Robert C. Byrd
Robert C. Byrd (Fed. Id. #1643)
PARKER POE ADAMS & BERNSTEIN LLP
200 Meeting Street, Suite 301
Charleston, South Carolina 29401
Telephone:  (843) 727-2650
Facsimile:  (843) 727-2680
bobbybyrd@pakerpoe.com

Emily I. Bridges (Fed. Id. #12258)
PARKER POE ADAMS & BERNSTEIN LLP
110 East Court Street, Suite 200
Greenville, South Carolina 29601
Telephone:  (864) 577-6370
Facsimile:  (864) 242-9888
emilybridges@parkerpoe.com

*Attorneys for the Defendant*
*REV Federal Credit Union ("REVFCU")*

June 30, 2022

## CERTIFICATE OF SERVICE

I hereby certify that a copy of foregoing **MEMORANDUM IN SUPPORT OF MOTION TO DISMISS** was served upon the parties by CM/ECF and/or by depositing a copy of the same in the United States Mail, first-class postage prepaid, on the 30th day of June, 2022, to their address as stated below:

| | |
|---|---|
| Nelson L. Bruce | Wilbur Eugene Johnson, Esq. |
| PO Box 3345 | Clement Rivers LLP |
| Summerville, SC 29484 | 25 Calhoun Street, Suite 400 |
| *Plaintiff* | Charleston, SC 29401 |
| | *Attorney for defendant* |
| | *Trans Union, LLC (Trans Union)* |

This the 30th day of June, 2022.

/s/ Robert C. Byrd
Robert C. Byrd (Fed. Id. #1643)
Parker Poe Adams & Bernstein LLP
200 Meeting Street, Suite 301
Charleston, South Carolina 29401
Telephone: (843) 727-2650
Facsimile: (843) 727-2680
bobbybyrd@parkerpoe.com

*Attorneys for the Defendant*
*REV Federal Credit Union ("REVFCU")*