**Record/FILE ON DEMAND**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| Nelson L. Bruce, | ) | |
| | ) | |
| Plaintiff | ) | Case No.: 2:22-cv-01292-BHH-MGB |
| | ) | |
| - v - | ) | |
| | ) | PLAINTIFF'S AMENDED |
| REV Federal Credit Union ("REVFCU"), | ) | MEMORANDUM OF LAW IN |
| et al. | ) | OPPOSITION TO DEFENDANT REV |
| | ) | MOTION TO DISMISS (ECF NO. 30 in it's |
| Defendants. | ) | entirety) |
| | ) | |

## MEMORANDUM IN SUPPORT OF PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS

Comes now Plaintiff with his objections to Defendant REV's Motion to Dismiss relating to plaintiff's third, fourth, sixth, seventh, and ninth causes of action. Plaintiff objects to defendant's entire motion to dismiss regarding the current controversy that the defendants have just brought before the court regarding plaintiff's claims and causes of action. Plaintiff requests that a Jury decide whether plaintiff has stated a claim to which relief maybe granted and plaintiff reiterates to the court that plaintiff has exercised his right under the 7th Amendment of the U.S. Constitution by demanding a trial by jury (See...ECF No. 29) to resolve all controversies presented in this matter regarding his amended verified complaint. Statements of counsel, in their briefs or their arguments are not sufficient for a "motion to dismiss" or for summary judgment, ***Trinsey v. Pagliaro,* D.C. Pa. 1964, 229 F. Supp. 647,** therefore plaintiff objects to this motion in its entirety. Without waiving the rights currently exercised by plaintiff, Plaintiff further objects as follows:

## OBJECTIONS TO DEFENDANT REV FACTUAL PROCUDURAL BACKGROUND SECTION

Page 1 | 13

Plaintiff objects to this section of defendant REV's alleged allegations to the extent that REV believes that they are the holders of a debt with a remaining balance in the amount of $471, as specified in plaintiff's verified complaint, it appears that this alleged account with an alleged balance of $471 has been written off as a business bad debt therefore should have been reported as a paid in full charge off with a zero balance as required by the credit reporting agencies reporting policy in order for the account tradeline to be reported accurately because REV received a tax credit in an amount equal to the amount allegedly owed by the plaintiff therefore have been paid which zeroed out the account and therefore Plaintiff objects.

**PLAINTIFF'S OBJECTIONS TO DEFENDANT REV "ARGUMENT" SECTION**

*Section I Objections*

Plaintiff objects to this entire section of defendant REV motion. After reviewing section 37-1-202 (10) of the SCCPC it appears that this title is not applicable because chapter 20 of the SCCPC has its own definitions and REV would be classified as a "person" as defined under **37-20-110 (10) (means a natural person, an individual, or an organization)** because defendant is an organization, a member of the National Credit Union Association (NCUA) and an association as defined under 37-1-301(18) and therefore Plaintiff's third, fourth, and seventh causes of action should not be dismissed with nor without prejudice. Plaintiff objects to these causes of actions being preempted by the FCRA because plaintiff has claimed that REV acted with malice, ill will, willful intent to injure the plaintiff which is the exception for state claims to not be preempted as evidenced under 1681h(e) of the FCRA therefore are not preempted. Plaintiff objects to the preemption arguments in its entirety and states that according to the FCRA statute as written, even section 15 U.S. Code § 1681t(a) and (b) of the FCRA statute provides "General Exceptions" where a person is not exempt from state claims. Section 15 U.S. Code § 1681t(a) prescribes that:

> **"Except as provided in subsections (b) and (c), this subchapter does not annul, alter, affect, or exempt any person subject to the provisions of this subchapter from complying with the laws of any State with respect to the collection, distribution, or use of any information on consumers, or for the prevention or mitigation of identity theft, except to the extent that those laws are inconsistent with any provision of this subchapter, and then only to the extent of the inconsistency."**

*Section II Objections*

Plaintiff objects to the allegations that REV is not acting as a debt collector in its entirety. REV has been acting as a debt collector as defined under Section 803 (6) of the FDCPA as codified under 15 U.S. Code § 1692a(6) because REV continues to use an instrumentality of interstate commerce (electronic email communications) and have used the U.S.P.S. mail in their business for the "principle purpose" of trying collect an alleged debt from plaintiff which no longer exists. The plain language of 18 U.S.C. § 2510(12) encompasses emails as transmission of interstate communications or communications affecting interstate commerce **(see…*Hately v. Watts*, 917 F.3d at 785 (4th Cir. 2019))** therefore constitutes as a course of conduct utilizing a facility of interstate commerce. When reading the FDCPA statute as clearly and plainly written, it is clear that Congresses intended a debt collector, under the "Principle Purpose" definition to mean **"any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts"** as evidenced by the statute, Section 803 (6) of the FDCPA. In ***Tepper v. Amos Fin., LLC*, 898 F.3d 364 (3d Cir. 2018)** it was explained that "an entity that has the collection of any debts as its most important aim is a debt collector under" the FDCPA's principal purpose definition. ***Barbato*, 916 F.3d at 267 (internal quotations omitted), also see…Rivera v. Bayview Loan Servicing, CIVIL ACTION No. 19-877 at 7 (E.D. Pa. Mar. 30, 2020).** According to the "Principle Purpose" definition of the FDCPA, REV is considered a Debt Collector. Discovery will show that REV continues to use emails reflecting an alleged negative balance (See…Exhibit F1) and has used the mails in their business

with the principal purpose of trying to collect a payment on an alleged debt from the plaintiff. REV is not a creditor under the FDCPA definition as Creditor is defined under the FDCPA, 15 U.S. Code § 1692a(4) as any person who offers or extends credit creating a debt. REV has not offered nor have REV extended credit to plaintiff creating the alleged debt in question which has been written off therefore REV is a person who is a debt collector. The alleged debt REV had been trying to collect payment on does not derive from any loans or lines of credit initiated by REV and extended to the Plaintiff, but in fact derived from a transaction on his personal account therefore REV did not lend plaintiff any money nor extended him credit and therefore are not creditors as defined under 15 U.S. Code § 1692a(4). The FDCPA statute as written, 15 U.S. Code § 1692a(5) specifically defines a debt as:

> **The term "debt" means any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment.**

It appears that REV has written off this alleged debt (See…Exhibit F2) as REV has failed to respond to any of plaintiff's direct disputes and requests for accounting since 4/20/2021 (See…ECF No. 29-1, Exhibits A, B and E) to prove otherwise although just reporting the alleged debt on TransUnion as a charge-off only but to Experian with the amount written off which is clear evidence of inaccurate reporting and misleading information (See…Exhibits A and F2). Since REV is trying to collect a debt which no longer exists because they receive a credit in the amount they reported to the IRS for reporting the alleged debt as uncollectible therefore not able to be collected and therefore is no longer in existence, no longer owed to them as the result of the profit and loss write-off which creates a taxing event against the plaintiff in the year the debt became uncollectable as a result of the write off. Therefore no debt is owed to them as it appears that they have also not validated and provided verification of the debt allegedly owed to them after they

have received the credits from the write-off, they are in violation of 15 U.S. Code § 1692e as presented in plaintiffs complaint (ECF No. 29, ¶¶ 88-92). Writing off a debt where plaintiff has to pay taxes on as income as a result of the write-off and alleging a debt is still owed is a deceptive act by REV which is unlawful. For these reasons, plaintiff objects to defendants' motion to dismiss his "Fifth Cause of Action", it is inappropriate to dismiss these claims at this stage of the proceedings and as discovery would further prove the facts of plaintiff's claims as this is an undisputed fact and no evidence proves otherwise as defendants by their own words state that a debt was owed to REV, "was" is used by REV in past tense, it does not specify the current status of the account (See…ECF No. 30-2, pg. 6).

Further, there is no written portion of the statute, the FDCPA that evidences that a bank and a person are two different persons nor that a crediting institution or a creditor is excluded from being a debt collector when their principle purpose is the collection of any debts. The statutes plain language clearly prescribes that if "any person," which includes banks and or crediting institutions uses any instrumentality of interstate commerce or the mails in any business for the **"principal purpose"** of which is the collection of any debts, they are debt collectors as congress intended as evidenced by the written language of the FDCPA, 15 U.S. Code § 1692a(6), which is the case here and the statute does not evidence otherwise therefore plaintiff objects to REV not being a debt collector as defined under the FDCPA.

Courts are to apply the statute/law as written which has been presented above (see… ***McLean v. United States,*** **C/A No. 9:17-2702-DCC at 17 (D.S.C. Feb. 12, 2019).** The role of this Court is to apply the statute as it is written—even if we think some other approach might accord with good policy." (Emphasis added)); See…***Meyers v. Comm'r of Soc. Sec. Admin.,*** **No. 18-2312 (4th Cir. Jan. 28, 2020)** (It is true that "we must [start] with the plain language of the statute because 'when the statute's language is plain, the sole function of the courts . . . is to enforce it

according to its terms;'") also see...*Tetteh v. Garland*, **995 F.3d at 366 (4th Cir. 2021)** ("when the terms of a statute are clear and unambiguous, our inquiry ends, and we should stick to our duty of enforcing the terms of the statute as Congress has drafted it.") Plaintiff objects to any and all assumptions, orders and or cases decided which are inapplicable to this matter that was not determined based on the FDCPA as written and the "Principle Purpose" definitions of a debt collector as specified above. REV does not fall under the "regularly collects" definition of the FDCPA as currently written, as a person attempting to collect a debt owed or due or asserted to be owed or due to another. REV is a debt collector under the "Principle Purpose" definition as explained above. REV is a "person" collecting his or her own alleged debts that in the ordinary course of business uses instrumentalities of interstate commerce (emails) and the mails in their business for the principle purpose of collecting a payment on an alleged debt therefore for the reasons specified above, plaintiff objects to this entire section of REV's motion and therefore plaintiffs FDCPA claims should not be dismissed in any aspects.

*Section III Objections*

Plaintiff objects to this section of defendant REV's motion for the following reasons:

1. As specified in plaintiff's amended verified complaint, REV willfully, recklessly furnished false inaccurate information to be published with the credit bureaus which was done with malice and with ill will with the intent to injure the consumer, the plaintiff in this matter which effects his credit worthiness, his ability to obtain credit and have access to credit (See...ECF No. 29, ¶¶ 18, 33, 35, 65, 73 and 99). As provided in REV's motion referencing the FCRA statute as written (15 U.S. Code § 1681h(e)), a claim of defamation can be brought against any person who furnishes information to a consumer reporting agency that is false information furnished with malice or willful intent to injure such

consumer (see…ECF No. 30-2, pg. 6) which is the case here therefore cannot be preempted by the FCRA.

2. The courts have determined that the term "willfulness," within the meaning of the FCRA, includes acting with "reckless disregard" of one's obligations under the statute. ***Safeco Ins. Co. of Am. v. Burr,* 551 U.S. 47, 57 (2007)** which plaintiff has claimed in his amended verified complaint (See…ECF No. 29, ¶¶. 18, 33, 35, 41, 65, 73 and 99). A defendant may demonstrate reckless disregard of its statutory obligations by repeatedly ignoring warning signs that it is violating the law and by failing to take corrective action to prevent future violations. **See *Am. Arms Int'l v. Herbert,* 563 F.3d 78, 85 (4th Cir. 2009)** (applying the Safeco "willfulness" standard to the Gun Control Act of 1968, 18 U.S.C. § 921 et seq., and concluding that "repeated failure to comply with known regulations can move . . . conduct from inadvertent neglect into reckless or deliberate disregard (and thus willfulness)" which is the case here. The record evidences that REV has been warned via notification by the Credit Reporting agency via a dispute and plaintiffs repeated dispute of REV's inaccurate furnishing/reporting of information as evidenced by plaintiff's multiple disputes and requests (See…ECF No. 29-1, Exhibits A-C) which REV has completely ignored as they have refused to respond to and therefore failed to follow the FCRA, FDCPA, U.C.C. 9-210 and 36-9-210 as stated and presented in plaintiff's entire amended verified complaint therefore have acted with ill will, willfully, recklessly or wantonly, or with conscious indifference to the plaintiff's rights in complete disregarded of plaintiff's rights and REV's statutory obligations under the above referenced laws, statutes and or codes therefore have acted with malice, the willful intent to continuously injure the plaintiff. The record shows that REV has not responded to nor complied with any of plaintiff's requests and/or direct disputes (See…ECF No. 29, ¶¶ 26 & 105) as required by the above laws, statutes and

codes as presented in plaintiff's entire verified amended complaint which is hereby incorporated by reference in its entirety in opposition to REV's motion to dismiss and REV cannot prove otherwise. The Fourth Circuit has held, applying South Carolina law, that malice under the FCRA occurs where the defendant acted with ill will, recklessly or wantonly, or with conscious indifference to the plaintiff's rights. ***Beattie v. NationsCredit Fin. Servs. Corp.,* 69 Fed. Appx. 585, 590-91 (4th Cir. 2003)**.

3. Plaintiff's amended verified complaint is verified under personal firsthand knowledge. In this Circuit, verified complaints by pro se litigants are to be considered as affidavits with respect to allegations contained therein that are based on personal knowledge. See…***Khan v. S. Health Partners,* Civil Action No. 9:18-2180-HMH-BM at 4 (D.S.C. Oct. 29, 2019)** Quoting ***Williams v. Griffin,* 952 F.2d 820, 823 (4th Cir. 1991).**

For these reasons, plaintiff's sixth cause of action for common law defamation/libel against REV is not bare, conclusory nor fails to meet the pleading standard, but are facts that support a claim for relief. ***Bass v. DuPont,* 324 F.3d 761, 765 (4th Cir. 2003).** The facts presented in plaintiff's verified complaint give rise to and/or a presumption of malice, willfulness and recklessness, the intent to injure the plaintiff and therefore should not be dismissed nor dismissed with prejudice therefore plaintiff objects.

## *Section IV Objections*

Plaintiff partially objects to REV's motion to dismiss to the extent that his SCUTPA claims should be dismissed because it is allegedly not in the interest of the public. Plaintiff objects to this section of Defendant REV's motion to dismiss for the following reasons:

1. It appears that, as specified above in this opposition, and in plaintiff's entire amended verified complaint, when defendant acted with recklessly with malice, the willful intent to injure the

plaintiff, state claims are not preempted. See…1681h(e) of the FCRA as REV knew of the current status of the alleged debt and that they appear to have written it off as uncollectible;

2. It appears that when reading the SCUPTA as codified under 39-5-140, this act/statute as written as it pertains to public interest only applies if the attorney general is involved or if an injunction is required as evidenced by 39-5-38(D)(1), 39-5-50(a) and 39-5-60. Nothing in the writing of this statute prescribes that a cause of action for damages it is not available to redress a private wrong where the public interest is unaffected therefore plaintiff objects to any and all case laws that are not determined based off the clear writing of the statute;

3. It appears that there is a private right of action under 39-5-140 as this section clearly states in general that, (a) Any person who suffers any ascertainable loss of money or property, real or personal, as a result of the use or employment by another person of an unfair or deceptive method, act or practice declared unlawful by Section 39-5-20 may bring an action individually, but not in a representative capacity, to recover actual damages;

4. It appears that all cases are in the interest of the public for the simple fact that the case is public, a successful case and decision by on this matter will be in the public interest as this case will inform the public and individuals who are similarly situated and/or experiencing the same issues with REV and their reporting and deceptive acts via what is generally known as case law as this case proceeds and plaintiff does not consent to any waivers of his due process right to discovery to prove his case. A clear example of case law being in the public's interest is the case laws that plaintiff has used to support his case and the case laws that REV has used in their motion to dismiss (see…ECF No. 30-2, pg. 9);

5. It appears that Plaintiff's complaint is in verified form, verified under firsthand personal knowledge therefore must be considered as true as there are no rebuttals directly from the defendant signed under firsthand personal knowledge to verify the responses on record;

6. It appears that, based on the way REV has filed their motion to dismiss which is not supported by any evidence nor affidavits signed by the Defendant confirming under firsthand personal knowledge of what their attorney has presented in their motion which is a current controversy as it is likely that their deceptive acts or practices have the potential for repetition because based off of REV's motion and what is being reported on plaintiffs consumer report once a debt is written off as a loss and uncollectible debt and their failure to respond to any and all direct disputes and requests for authenticated accounting record as they hold a duty to comply and respond to, REV's current procedures and actions toward these types of direct requests that require a response creates a potential for repetition of the unfair and deceptive acts presented in plaintiff's entire complaint and will continue to occur absent deterrence;

7. Under S.C. Code Ann. § 39-1-10(b). "An impact on the public interest may be shown if the acts or practices have the potential for repetition." ***Singleton v. Stokes Motors, Inc.*, 595 S.E.2d 461, 466 (S.C. 2004)**. "The potential for repetition may be shown in either of two ways: (1) by showing the same kind of actions occurred in the past, thus making it likely they will continue to occur absent deterrence; or (2) by showing the company's procedures created a potential for repetition of the unfair and deceptive acts."

8. It appears that as evidenced under the IRS tax code, 26 CFR § 1.166-2(4)(ii) when a bank such as REV does a Charge-off, they receive a credit in the form of an "Allowance" that is equal to for loan losses in the amount of 100 percent of the portion of the debt classified as loss. "Allowance" refers to anything in the internal revenue laws which has the effect of diminishing tax liability. The term includes, among other things, a deduction, a credit, an adjustment, an exemption, or an exclusion (26 CFR § 1.269-1).  Because REV wrote the debt off as a loss, as evidenced above, they received a credit in the amount of 100 percent of the write off thereby diminishing the debt (See…Exhibit F2).  Further discovery will prove these facts;

9. It appears that REV wrote off the debt on their taxes (See…Exhibit F2) with the IRS therefore further discovery is needed as it is too early to make such a determination at this stage of the proceedings where the court is to take as true the factual allegation in plaintiff's complaint until proven otherwise as it will be a violation of plaintiff's due process rights to discovery which is available to him to prove his SCUTPA claims and his right to a trial by jury if dismissed;

10. It appears that REV has receive a credit in the amount written off (see…Exhibit F2) therefore they have been paid;

11. It appears that when a bank such as the defendant, REV charges off a debt it differs from a write-off as they are two separate processes.  It appears that when you write off a debt with the IRS, you are claiming a loss to your profits, that the debt is a bad debt and is uncollectible and you are no longer trying to collect on that debt therefore reaching out to the IRS to receive a credit in the amount of the uncollectible bad debt reported as a loss.  Discovery will further prove this fact as this is a tax issue as well;

12. It appears that a taxable event is created when a person elects to write-off a debt instead of continuing collection especially since the 3 year statute of limitations on this alleged debt has already expired therefore would be unlawful for someone to have to pay on a debt and included as income on their taxes.  Discovery will further prove this fact;

13. It appears that after REV elected to write off the alleged debt, it is no longer an asset of the party writing off the debt according to IRS standards therefore no balances are should be reported as owed on an account that no longer exists as an asset. Discovery will further prove this fact;

14. It appears that it is a deceptive act to report a debt with a balance after it is no longer an asset of REV when REV has elected to receive credits by an allowance or otherwise and applying them internally or as payment from the IRS which eliminates the debt off of their books, their ledgers and according to IRS standards of writing off the entire debt as a loss and uncollectible as Defendant REV has made no efforts to validate and verify that a valid debt is still existing as an asset on REV's books as evidenced by their failure to comply and respond to plaintiff who has been reaching out to REV directly through disputes and requests

for a verified accounting of the debt account (See…ECF No. 29-1, Exhibits A-C); It is clear that there are genuine issues of material facts that exist that preclude plaintiff's claim and

15. causes of action from being dismissed at this time as they are to be considered true since there are no rebuttal affidavits on the record from defendant REV filed under firsthand knowledge;

16. It appears that there are genuine issue of material fact that preclude plaintiffs SCUTPA claims from being dismissed as discovery of REV's books, assets, policies relating to electing to deem a debt uncollectible may show that whether or not there was a discharge of indebtedness because of a decision or a defined policy of the REV to discontinue collection activity and cancel the debt or that REV's established practice is to stop collection activity and abandon a debt when a particular nonpayment period expires as defined in their policy and apply for the allowance which offsets the debt and cancels the debt;

17. It appears that Plaintiff has not claimed that it is deceptive to for REV as part of its internal accounting practices and policy to determine the nature of a debt, and an alleged "write off", Plaintiff is claiming that since the debt is written off and no longer an asset of REV, it is deceptive to report a debt with a balance and still claim that an debt is due when REV has failed to validate and verify the debt by complying with plaintiffs request and/or requests for an authenticated accounting after plaintiff numerous attempts as specified above in this opposition;

18. It appears that Defendant does not dispute the fact that REV has written off this alleged debt, REV's attorneys only claims that "REV is permitted as part of its internal accounting practices to determine the nature of a debt, and an alleged "write off" therefore is a undisputed fact that this court must consider as true and confirms that plaintiff has included particularized facts to support its SCUTPA claim. REV has not produced any evidence on the record in the form of an affidavit signed under oath or firsthand personal knowledge confirming that the alleged debt has not been cancelled as a result of the write off therefore there are still genuine issues of material facts that preclude dismissal of plaintiff's SCUTPA claims;

19. It appears that the alleged debt is part of the National Debt therefore is in the interest of the public as a proper accounting of this national debt would lower the nation's debt deficit which affects the public as part of the nation. Further discovery would prove this fact as the debt is known as a public debt;

## CONCLUSION

For the reasons specified above, this court should consider plaintiff's due process rights and rights to a trial by jury that has been exercised by the plaintiff to resolve all controversies in this matter that REV has presented before this court by filing a motion to dismiss and that plaintiff has stated a claim to which relief maybe granted therefore this court should deny REV's motion to

dismiss for the sections objected to by the plaintiff in this opposition and grant plaintiff leave to amend his complaint removing the causes of actions dismissed by the court/jury to which plaintiff have not objected to. Dated this 6th day of **August, 2022.**

RESPECTFULLY PRESENTED,                                              "Without Prejudice"

*[Signature: Nelson L. Bruce]*

Nelson L. Bruce, Propria Persona, Sui Juris
"All Natural Rights Explicitly Reserved and Retained"
U.C.C.1-207/ 1-308, 1-103.6
c/o P.O. Box 3345
Summerville, South Carolina 29483
Phone: 843-437-7901
Email: leonbruce81@yahoo.com