IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Nelson L. Bruce,<br><br>    Plaintiff,<br><br> vs.<br><br>REV Federal Credit Union ("REVFCU");<br>Trans Union, LLC (TransUnion); and<br>Unknown Does 1-100,<br><br>    Defendants. | C.A. No. 2:22-cv-01292-BHH-MGB |

**DEFENDANT REV FEDERAL CREDIT UNION'S RESPONSE IN OPPOSITION TO PLAINTIFF'S OBJECTION TO REPORT AND RECOMMENDATION**

Defendant REV Federal Credit Union ("REV"), by and through its undersigned counsel, hereby files this Response in Opposition to Plaintiff's Objection ("Plaintiff's Objection") to the Report and Recommendation of Magistrate Judge Mary Gordon Baker (the "Magistrate's Recommendation").

**PROCEDURAL BACKGROUND**

Plaintiff filed his complaint against REV as well as defendant Transunion and has asserted various causes of action. Plaintiff had a savings account ending in 3140 with REV. ECF No. 29. As evidenced by the exhibits included by Plaintiff, REV is the holder of a debt owed to REV in the amount of $471. ECF No. 39. REV is a federally charted credit union. ECF No. 31.

REV filed its Partial Motion to Dismiss seeking partial dismissal of the Third and Fourth Causes of Action and full dismissal of the Fifth, Sixth, Seventh, and Ninth Causes of Action. ECF No. 31. Plaintiff filed a Response in Opposition, ECF No. 36, and then an Amended Response in Opposition. ECF No. 37. REV filed its Reply in Support of its Motion to Dismiss on August 15, 2022. ECF No. 38. On September 12, 2022, the Magistrate Judge filed the Magistrate's

Recommendation in which she recommended granting in part and denying in part REV's Motion to Dismiss. Specifically, the Magistrate Judge recommended dismissal of the claims under the South Carolina Consumer Protection Code as asserted in the Plaintiff's Third, Fourth, and Seventh Causes of Action, dismissal of the Fifth Cause of Action, and dismissal of the Ninth Cause of Action. The Magistrate Judge recommended denying REV's motion as to Plaintiff's Sixth Cause of Action. ECF No. 39. Plaintiff filed a Plaintiff filed a Motion for Leave to file a Sur-Reply on September 16, 2022. In a text order on September 19, 2022 the Court granted Plaintiff's Motion for Leave to file a Sur-Reply, but held that there was no basis to change the Magistrate's Recommendation. ECF No. 42. Plaintiff filed his objection to the Magistrates Recommendation on September 23, 2022, and REV filed a Limited Objection requesting clarification on September 26, 2022.

## LEGAL STANDARD

"The Federal Magistrates Act requires a district court to 'make a de novo determination *of those portions* of the [magistrate judge's] report or specified proposed findings or recommendations to which objection is made.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (*quoting* 28 U.S.C.A. § 636(b)(1)) (emphasis added). "By contrast, in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Id.* (internal quotations omitted.) The Court is not required to review, under a *de novo* or any other standard, those portions of the report and recommendation to which no objections are made. *Wallace v. Hous. Auth. of City of Columbia*, 791 F. Supp. 137, 138 (D.S.C. 1992).

"To preserve for appeal an issue in a magistrate judge's report, a party must object to the finding or recommendation on that issue with sufficient specificity so as reasonably to alert the

district court of the true ground for the objection." *United States v. Midgette*, 478 F.3d 616, 622 (4th Cir. 2007). Thus, the district court need not conduct a *de novo* review when a party makes "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).

## ARGUMENT

**A.     The Magistrate's Recommendation Should be Adopted by the District Court.**

Magistrate Judge Baker correctly recommended full dismissal of Plaintiff's Fifth, Seventh, and Ninth Causes of Action, and dismissal as to claims under the South Carolina Consumer Protection Act in Plaintiff's Third and Fourth Causes of Action. In reaching her conclusion as the Third, Fourth, and Seventh Causes of Action, the Magistrate Judge found that any claims under the South Carolina Consumer Protection Act are preempted by the Fair Credit Reporting Act ("FCRA"). ECF No. 39. In dismissing the Fifth Cause of Action, the Magistrate Judge found that because REV was attempting to collect its own debt, the Fair Debt Collections Practice Act ("FDCPA") did not apply. *Id.* In dismissing the Ninth Cause of Action, the Magistrate Judge first held that because the FTC Act does not provide a private right of action, any claims under this statute must be dismissed. *Id.* Further, the Magistrate Judge found that Plaintiff's claims pursuant to the South Carolina Unfair Trade Practices Act should be dismissed because Plaintiff failed to allege an adverse impact on the public interest as required by this statute. *Id.* Accordingly, the Magistrate Judge correctly concluded that the these claims did not contain sufficient factual matter to state a claim to relief plausible on its face, and the Magistrate's Recommendation should be adopted by the district court.

**B.     Plaintiff's Objection Fails to Include Specific and Particularized Objections to the Magistrate's Recommendation.**

In Plaintiff's Objection, he fails to point to any alleged facts or legal authority that would support or dictate a result contrary to the result reached by the Magistrate Judge. Rather, Plaintiff

merely restates the arguments made in his previously filed briefs and vaguely asserts that the Court should reject the Magistrate's Recommendation. ECF No. 39. In Plaintiff's Objection, Plaintiff makes the same arguments as he did in his prior Response in Opposition to REV's Motion to Dismiss and Plaintiff's Sur-Reply. ECF Nos. 37 & 41. Plaintiff has not made any additional arguments or brought forth any additional evidence such that the Court should not adopt the Report and Recommendation or reconsider its decision. ECF No. 39.

   I. <u>Plaintiff Provides No Specific Objections to the Dismissal of the South Carolina Consumer Protection Code Causes of Action</u>

In Plaintiff's Objection, Plaintiff fails to provide any specific objections to the dismissal of his claims under the South Carolina Consumer Protection Code. Plaintiff merely refers to a pending appeal with no further detail or arguments. Due to Plaintiff's failure to make a specific and particularized objection to the Magistrate Judge's legal authority as required by Rule 72(b) of the Federal Rules, the district court need not conduct a *de novo* review, and should adopt the Magistrate's Recommendation.

   II. <u>Plaintiff's Objection to the Magistrate's Recommendation on the FDCPA Cause of Action Also Lacks Specificity.</u>

The second argument in Plaintiff's Objection focuses on the Magistrate Judge's dismissal of the Fifth Cause of Action under the FDCPA. Plaintiff does not cite to any case law or legal authority that contradicts the decision of the Magistrate Judge. As more fully set forth in REV's Memorandum in Support of its Motion to Dismiss, REV is not considered a debt collector under the FDCPA when it seeks to collect its own debt. ECF No. 30. The law is well settled that a person attempting to collect his or her "own" debt is not a "debt collector" under the FDCPA. *See* 15 U.S.C. § 1692(a)(6)(f). Plaintiff simply restates his prior arguments that have been fully considered and rejected by the Magistrate Judge. The Magistrate Judge properly recommended dismissal of the Fifth Cause of Action, and the district court should adopt the Magistrate's Recommendation.

### III. *Plaintiff's Objection to the Magistrate's Recommendation of Dismissal Also Lacks the Necessary Specificity.*

First, Plaintiff's Objection fails to address the Magistrate's Recommendation of dismissal of claims under the FTC Act. Thus, Plaintiff has waived his right to oppose dismissal of those claims, and Defendants respectfully request that the Court adopt the Magistrate's Recommendation. *See Midgette*, 478 F.3d at 622.

Plaintiff's Objection finally fails to include the necessary specificity in his objection to the Magistrate's Recommendation of dismissal of the claim under the South Carolina Unfair Trade Practices Act. Plaintiff asserts, with no legal authority, that impact on public interest is only required when a claim is brought by the state attorney general. ECF No. 44. This is simply an inaccurate statement of the law. South Carolina case law is clear and unambiguous that impact on the public interest is required. *See Noack Enterprises, Inc. v. Country Corner Interiors of Hilton Head Island, Inc.*, 290 S.C. 475, 479, 351 S.E.2d 347, 350 (Ct. App. 1986) (party failed to state cause of action under UTPA where "the complaint nowhere alleges any facts demonstrating that these acts or practices adversely affect the public"); *Skywaves I Corp. v. Branch Banking & Tr. Co.*, 423 S.C. 432, 455, 814 S.E.2d 643, 655-56 (Ct. App. 2018), *reh'g denied* (June 21, 2018), *cert. denied* (Nov. 9, 2018) (affirming dismissal of SCUTPA claim where complaint lacked "particularized facts" as to public interest impact and instead included only conclusory allegation in that regard). The Magistrate Judge properly recommended dismissal of the Ninth Cause of Action, and the district court should adopt the Magistrate's Recommendation.

As set forth above, Plaintiff has failed to set forth with specificity and particularity any error in the Magistrate's Recommendation. Plaintiff's assertions and arguments have been fully considered by the Court, and Plaintiff does not provide any additional legal basis for his claims. As such, Plaintiff has not provided any basis for a reconsideration by the Court of the Report and Recommendation. REV would refer the Court to its arguments in its Motion to Dismiss,

Memorandum in Support of its Motion to Dismiss, and Reply to its Motion to Dismiss and incorporates them herein by reference. ECF Nos. 30 & 38. REV expressly reserves all other rights and defenses with respect to Plaintiff's Complaint and Causes of Action.

## CONCLUSION

For the reasons set forth above and in the Magistrate's Recommendation, Therefore, REV respectfully requests the Court adopt the Magistrate Judge's Report and Recommendation.

Respectfully submitted,

/s/Robert C. Byrd
Robert C. Byrd (Fed. Id. #1643)
PARKER POE ADAMS & BERNSTEIN LLP
200 Meeting Street, Suite 301
Charleston, South Carolina 29401
Telephone: (843) 727-2650
Facsimile: (843) 727-2680
bobbybyrd@pakerpoe.com

Emily I. Bridges (Fed. Id. #12258)
PARKER POE ADAMS & BERNSTEIN LLP
110 East Court Street, Suite 200
Greenville, South Carolina 29601
Telephone: (864) 577-6370
Facsimile: (864) 242-9888
emilybridges@parkerpoe.com

*Attorneys for the Defendant*
*REV Federal Credit Union*

October 7, 2022

## CERTIFICATE OF SERVICE

      I hereby certify that a copy of foregoing **RESPONSE TO PLAINTIFF'S OBJECTION TO REPORT AND RECOMMENDATION** was served upon the parties by CM/ECF and/or by depositing a copy of the same in the United States Mail, first-class postage prepaid, on the 7th day of October, 2022, to their address as stated below:

| | |
|---|---|
| Nelson L. Bruce<br>PO Box 3345<br>Summerville, SC 29484<br>*Plaintiff* | Wilbur Eugene Johnson, Esq.<br>Clement Rivers LLP<br>25 Calhoun Street, Suite 400<br>Charleston, SC 29401<br>*Attorney for defendant*<br>*Trans Union, LLC (Trans Union)* |

      This the 7th day of October, 2022.

/s/Robert C. Byrd
Robert C. Byrd (Fed. Id. #1643)
Parker Poe Adams & Bernstein LLP
200 Meeting Street, Suite 301
Charleston, South Carolina 29401
Telephone: (843) 727-2650
Facsimile: (843) 727-2680
bobbybyrd@parkerpoe.com

*Attorneys for the Defendant*
*REV Federal Credit Union ("REVFCU")*