IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Nelson L. Bruce, )<br>)<br>            Plaintiff, )<br>)<br>v. )<br>)<br>REV Federal Credit Union ("REVFCU"); )<br>Trans Union LLC (TransUnion); )<br>and Unknown Does 1-100, )<br>)<br>            Defendants. )<br>_____) | Civil Action No. 2:22-cv-1292-BHH<br><br>**<u>ORDER</u>** |

This matter is before the Court upon Plaintiff Nelson L. Bruce's ("Plaintiff" or "Bruce") pro se amended complaint asserting various claims, including claims pursuant to the Fair Credit Reporting Act ("FCRA") and the Fair Debt Collection Practices Act ("FDCPA"). On June 30, 2022, Defendant REV Federal Credit Union ("REV") filed a motion to partially dismiss Plaintiff's third and fourth causes of action and to fully dismiss Plaintiff's fifth, sixth, seventh, and ninth causes of action. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(c) (D.S.C.), the matter was referred to a United States Magistrate Judge for preliminary review.

On September 12, 2022, Magistrate Judge Mary Gordon Baker filed a Report and Recommendation ("Report"), outlining the issues and recommending that the Court grant in part and deny in part REV's motion. Specifically, the Report recommends that the third and fourth causes of action remain pending only as to FCRA-related claims; that Plaintiff's fifth cause of action be dismissed; that Plaintiff's sixth cause of action remain pending; and that Plaintiff's seventh and ninth causes of action be dismissed in their entirety. (*See* ECF

Nos. 39 and 50.)

Attached to the Report was a notice advising the parties of the right to file written objections to the Report within fourteen days of being served with a copy. Plaintiff filed objections on September 23, 2022, and Defendant REV filed a limited objection/request for clarification on September 26, 2022. (ECF Nos. 44 and 45.) Plaintiff and REV also filed replies to each other's objections. (ECF Nos. 46 and 48.)

## **STANDARD OF REVIEW**

The Magistrate Judge makes only a recommendation to the Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a *de novo* determination only of those portions of the Report to which specific objections are made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1). In the absence of specific objections, the Court reviews the matter only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'") (quoting Fed. R. Civ. P. 72 advisory committee's note).

## **DISCUSSION**

As an initial matter, Defendant REV's limited objection merely requests clarification as to the Magistrate Judge's recommendation on Plaintiff's fifth cause of action, and REV does not otherwise object to the reasoning or findings of the Magistrate Judge. The

Magistrate Judge entered a text order on January 7, 2023, clarifying that the conclusion section of her Report inadvertently left out the recommendation that Plaintiff's fifth cause of action be dismissed. (*See* ECF No. 50.) Thus, it appears that REV's limited objection has been addressed.

Next, with respect to Plaintiff's objections, Plaintiff first objects to the Magistrate Judge's recommendation that the Court dismiss his third, fourth, and seventh causes of action based on *Bruce v. Bank of Am., N.A.*, No. 2:19-cv-3456-BHH-KDW, 2020 WL 7249876, at *4 (D.S.C. Oct. 22, 2020), as he asserts that this decision is still pending appeal. Plaintiff further objects that any dismissal of his third, fourth, and seventh causes of action should apply to REV only and not TransUnion because the motion to dismiss was filed by TransUnion.

After review, the Court finds no merit to Plaintiff's objection as to the dismissal of the South Carolina Consumer Protection Code ("SCCPC") causes of action. Stated plainly, Plaintiff's reference to a pending appeal does not alter the Magistrate Judge's analysis as to FCRA's preemption of Plaintiff's SCCPC-related claims, and the Court agrees with the Magistrate Judge that Plaintiff's third and fourth causes of action should remain pending only as to claims arising under the FCRA; Plaintiff's sixth cause of action should remain pending; and Plaintiff's seventh cause of action should be dismissed in its entirety.

Next, Plaintiff objects to the Magistrate Judge's recommendation that the Court dismiss his fifth cause of action against REV for violation of the FDCPA. Specifically, Plaintiff takes issue with the Magistrate Judge's finding that REV cannot be liable under the FDCPA because it is not a "debt collector" under the facts alleged, and he repeats his argument that, under the plain language of the FDCPA, REV is a debt collector who uses

3

an instrumentality of commerce in business for the principal purpose of collecting an alleged debt from Plaintiff.

Here, Plaintiff's objection merely reiterates the arguments he raised in response to Defendant's motion–arguments that the Magistrate Judge specifically considered and properly rejected.  Importantly, nowhere in this objection does Plaintiff point to any legal or factual error in the Magistrate Judge's analysis, and he fails to show that REV is a debt collector under either the facts he alleges in his amended complaint or the applicable law.  As the Magistrate Judge noted, the FDCPA "distinguishes a 'debt collector,' which collects the debts due to another, from a 'creditor,' which seeks to collect on its own debts." *Bruce v. Pentagon Fed. Credit Union*, No. 2:17-CV-2170-BHH-MGB, 2018 WL 4957387, at *3 (D.S.C. July 24, 2018), adopted by, 2018 WL 4476129 (D.S.C. Sept. 19, 2018), aff'd, 765 F. App'x 30 (4th Cir. 2019).  After review, therefore, the Court finds no merit to Plaintiff's objection and agrees with the Magistrate Judge that REV cannot be liable under the FDCPA because it is not a "debt collector."  *See* 15 U.S.C. § 1692a(6)(f).

Lastly, Plaintiff objects to the Magistrate Judge's recommendation that the Court dismiss Plaintiff's ninth cause of action against REV for violation of the South Carolina Unfair Trade Practices Act ("SCUTPA"), asserting that the plain language of the statute does not require an individual to show an adverse effect on the public interest.  Instead, Plaintiff asserts that "[p]ublic interest only applies whenever the Attorney General has reasonable cause to believe that any person is using, has used or is about to use any method, act or practice declared by Section 39-5-20 to be unlawful, and that proceedings would be in the public interest (SECTION 39-5-50(a))."  (ECF No. 44 at 3.)

After review, the Court finds Plaintiff's final objection entirely unavailing as the law

of South Carolina is clear that "[a] plaintiff bringing a private cause of action under SCUTPA must allege and prove that the defendant's actions adversely affected the public interest." *See*, *e.g.*, *Morgan v. HSBC Bank USA, Nat. Ass'n*, No. 6:13-cv-03593-JMC, 2015 WL 3888412, at *4 (D.S.C. June 24, 2015) (citing *Noack Enterprises Inc. v. Country Corner Interiors, Inc.*, 351 S.E.2d 347, 349-50 (S.C. Ct. App. 1986)).  Here, Plaintiff's amended complaint does not mention any adverse effect on the public; as a result, Plaintiff's ninth cause of action is subject to dismissal.

## CONCLUSION

Based on the foregoing, the Court finds that the Magistrate Judge clearly and accurately summarized the facts and the applicable law, and the Court finds no merit to Plaintiff's objections.  Accordingly, the Court hereby **adopts and incorporates** the Magistrate Judge's Report (ECF No. 39), and the Court **grants in part and denies in part** Defendant REV's motion to dismiss (ECF No. 30).  Specifically, the Court dismisses Plaintiff's claims under the SCCPC as asserted in Plaintiff's third, fourth, and seventh causes of action, and Plaintiff's third and fourth causes of action remain pending only as to FCRA-related claims; the Court dismisses Plaintiff's seventh and ninth cause of action in their entirety; and the Court denies Defendant's motion as to Plaintiff's sixth cause of action, which remains pending.

**IT IS SO ORDERED.**

/s/ Bruce H. Hendricks
United States District Judge

February 24, 2023
Charleston, South Carolina