# EXHIBIT A-4

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| NELSON L. BRUCE,<br><br>    Plaintiff,<br><br>v.<br><br>REV FEDERAL CREDIT UNION, TRANS UNION, LLC, and UNKNOWN DOES 1-100,<br><br>    Defendants. | CASE NO.: 2:22-cv-01292-BHH-MGB |

**DEFENDANT TRANS UNION LLC'S OBJECTIONS AND ANSWERS TO PLAINTIFF'S AMENDED SECOND SET OF INTERROGATORIES**

TO:   NELSON L. BRUCE, Pro Se Plaintiff, P.O. BOX 3345, Summerville, SC 29484.

In accordance with Rules 6(d) and 33(b) of the Federal Rules of Civil Procedure, Defendant Trans Union LLC (hereinafter referred to as "Trans Union"), hereby submits its Objections and Answers to Plaintiff's Amended Second Set of Interrogatories as follows:

## I. OBJECTIONS TO DEFINITIONS

1. Trans Union objects to Plaintiff's Definition of "You" or "your" to the extent it includes "current and former attorneys, agents, investigators, consultants, accountants, officers, directors, subsidiaries, holding companies, partners, assignors, assignees, investors, and employees." Such definition is overly broad, unduly burdensome and beyond the scope of the Federal Rules of Civil Procedure. Furthermore, following such an instruction would require Trans Union to respond for persons or entities over whom it has no control, and on whose behalf, it has no obligation to respond. Trans Union will respond on behalf of Trans Union LLC.

2. Trans Union objects to Plaintiff's definition of "Document" or "media" on the grounds that it purports to impose obligations beyond those provided for in the definition of document provided by the Federal Rules of Civil Procedure. FED. R. CIV. P. 34(a)(1)(A). Trans Union further objects to Plaintiff's definition of "document" or "media" on the grounds that it is

1

Interrogatory to the extent it requests information protected by the attorney-client, joint defense, or work product privileges. FED. R. CIV. P. 26(B)(1); FED. R. EVID. 502

**INTERROGATORY NO. 4**: Please explain in full and complete detail whether or not the bankruptcy court is reporting the bankruptcy referenced in this case directly to you or not?

**ANSWER:** For bankruptcy public records collected through November 30, 2018, Trans Union obtained such information about the bankruptcy from third-party vendor, LexisNexis.

Trans Union has limited its search to information during the relevant time period of November 2020 to the date of the filing of this lawsuit. To the extent that Plaintiff seeks information beyond the scope and timeframe specified by Trans Union, Trans Union objects that this Interrogatory is not limited to information that is relevant to any party's claims or defenses and is not proportional to the needs of the case. FED. R. CIV. P. 26(b)(1). Trans Union further objects to the extent this Interrogatory seeks information containing confidential or proprietary information of Trans Union or third parties. Fed. R. Civ. P. 26(c). Trans Union objects to this Interrogatory to the extent it requests information protected by the attorney-client, joint defense, or work product privileges. FED. R. CIV. P. 26(B)(1); FED. R. EVID. 502.

**INTERROGATORY NO. 5**: Please explain in full and complete detail, who "CCSBotG (CCSBOTG)" is, and or the name of the person assigned/using "CCSBOTG". Provide their legal full name, the full name of the organization/entity they work for, and their position at this entity (See ... Referenced on Trans Union Production of Discovery sent to Plaintiff "TU 93") as they are documented as the person who responded to and verified plaintiff's dispute results on February 9, 2021 which is documented as being received by Trans Union on February 3, 2021?

**ANSWER:** Trans Union objects to providing a response to this Interrogatory on the grounds that Plaintiff's First Set of Interrogatories (numbered 1 through 21) and Plaintiff's Amended Second Set of Interrogatories (numbered 1 through 10), including subparts, far exceeds the 25-

5

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| NELSON L. BRUCE,<br><br>        Plaintiff,<br><br>v.<br><br>REV FEDERAL CREDIT UNION, TRANS UNION, LLC, and UNKNOWN DOES 1-100,<br><br>        Defendants. | CASE NO.: 2:22-cv-01292-BHH-MGB |

**DEFENDANT TRANS UNION LLC'S FIRST SUPPLEMENTAL OBJECTIONS AND RESPONSES TO PLAINTIFF'S FIRST REQUEST FOR ADMISSIONS**

TO:   NELSON L. BRUCE, Pro Se Plaintiff, P.O. BOX 3345, Summerville, SC 29484.

In accordance with Rules 6(d) and 36(a) of the Federal Rules of Civil Procedure, Defendant Trans Union LLC (hereinafter referred to as "Trans Union"), hereby submits its First Supplemental Objections and Responses to Plaintiff's Requests for Admission as follows:

### I.   OBJECTIONS TO DEFINITIONS

1.   Trans Union objects to Plaintiff's Definition of "You," "your" and "Defendant" to the extent it includes "current and former attorneys, agents, investigators, consultants, accountants, officers, directors, subsidiaries, holding companies, partners, assignors, assignees, investors, and employees." Such definition is overly broad, unduly burdensome and beyond the scope of the Federal Rules of Civil Procedure. Furthermore, following such an instruction would require Trans Union to respond for persons or entities over whom it has no control, and on whose behalf it has no obligation to respond. Trans Union will respond on behalf of Trans Union LLC.

2.   Trans Union objects to Plaintiff's definition of "Document(s)" on the grounds that it purports to impose obligations beyond those provided for in the definition of document provided by the Federal Rules of Civil Procedure. FED. R. CIV. P. 34(a)(1)(A). Trans Union

6638400.1

1

than is imposed by the Fair Credit Reporting Act. Trans Union further objects to this Request as misleading, argumentative, and designed to infer that Trans Union's actions violated the Fair Credit Reporting Act.

**REQUEST FOR ADMISSION NO. 8**: Admit that the bankruptcy court is not reporting the bankruptcy on plaintiff's consumer credit file/report to you.

**RESPONSE**: Trans Union admits that for bankruptcy public records collected through November 30, 2018, TransUnion obtained information about from third-party vendor, LexisNexis. Trans Union denies the remainder of Request for Admission No. 8.

Trans Union objects to Plaintiff's use of the phrase "is not reporting" as vague and undefined leaving Trans Union to speculate as to how Plaintiff defines such phrase. Trans Union further objects to this Request because, as written, it is misleading and argumentative to the extent it seeks to impose a different or additional burden on Trans Union than is imposed by the Fair Credit Reporting Act and is designed to infer that Trans Union's actions violated the same.

**REQUEST FOR ADMISSION NO. 9**: Admit that according to the bankruptcy filings in the bankruptcy court which you are reporting on plaintiff's consumer credit file/report it show [sic] that the debtor withdrew the bankruptcy by voluntarily requesting that the court dismiss the case which the court acknowledged and dismissed the case shortly after this filing.

**RESPONSE**: Trans Union admits that the Bankruptcy Court in question entered an Order Dismissing Case in Plaintiff's bankruptcy proceeding. Trans Union denies the remainder of Request for Admission No. 9.

**REQUEST FOR ADMISSION NO. 10**: Admit that you receive a fee from REVFCU as a subscriber and data furnisher for access to your services.