IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| Nelson L. Bruce, | ) | Civil Action No. 2:22-cv-01292-BHH-MGB |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Trans Union LLC (TransUnion); and Unknown Does 1-100, | ) ) | |
| | ) | |
| Defendants. | ) ) | |

  Nelson L. Bruce, proceeding *pro se* and *in forma pauperis*, brings claims pursuant to the Fair Credit Reporting Act ("FCRA"), among others. (Dkt. Nos. 1; 29.) On December 13, 2023, the Court granted Plaintiff's Motion for Issuance of Subpoenas. (Dkt. Nos. 103; 106.) Specifically, the Court issued two subpoenas to third parties, which sought documents related to Plaintiff's dispute with Trans Union. (*Id*.) When issuing these subpoenas, the Court noted that because Plaintiff has been granted *in forma pauperis* status, he may request to have the United States Marshals Service serve these subpoenas. (Dkt. No. 106 at 6.) However, the Court did not direct such service at that time because Plaintiff had not specifically made such a request, nor had he provided the Court with the completed USM-285 forms. (*Id*.)

  Plaintiff has now filed a Motion asking that the subpoenas at issue be served by the United States Marshals Service. (Dkt. No. 112.) He has provided a complete subpoena for third party Kelley Drye & Warren LLP (Dkt. No. 112-1 at 5-11) and a partial subpoena for third party Lindquist Consulting, Inc. (*Id*. at 112-1 at 1–4). Plaintiff has also provided two USM-285 forms. While one USM-285 form corresponds to third party Kelley Drye & Warren LLP (Dkt. No. 112-

1

2 at 3), the other USM-285 form completed by Plaintiff identifies a corporation for service that is not Lindquist Consulting, Inc. (Dkt. No. 112-2 at 2).

The Federal Rules of Civil Procedure provide that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1).[1] The Court has reviewed the provided documents and finds that Plaintiff completed the subpoena and USM-285 form for Kelley Drye & Warren LLP in accordance with his motion (Dkt. No. 112) and the Federal Rules of Civil Procedure. However, Plaintiff has not adequately completed the required documents for service on Liquid Consulting, Inc.

Accordingly, the Court will order service by the United States Marshal Service of the subpoena on Kelley Drye & Warren LLP, only. Notably, this subpoena commands production of the requested documents by January 5, 2024, and it is unclear if service will be effected by that time. Accordingly, the Clerk of Court is directed to edit the subpoena (Dkt. No. 112 at 5–11) to command production of the requested information within ten (10) days service of the subpoena. The Clerk of Court is directed to file a copy of the subpoena on the docket in this case to fulfill the notice requirement required by Rule 45(a)(4) of the Federal Rules of Civil Procedure. The Clerk of Court is further instructed to forward a copy of the issued subpoena and completed USM-285 form (Dkt. No. 112-2 at 3) to the United States Marshal for service of the subpoena on Kelley Drye & Warren LLP. Plaintiff's Motion for Issuance of Subpoena (Dkt. No. 112) is therefore GRANTED IN PART AND DENIED IN PART.

IT IS SO ORDERED.

---

[1] "[T]he scope of discovery allowed under a subpoena is the same as the scope of discovery allowed under Rule 26." *HDSherer LLC v. Nat. Molecular Testing Corp.*, 292 F.R.D. 305, 308 (D.S.C. 2013) (citing *Cook v. Howard*, No. 111-1601, 2012 WL 3634451, at * 6 (4th Cir. Aug. 24, 2012)).

December 21, 2023

Charleston, South Carolina

_____
MARY GORDON BAKER
UNITED STATES MAGISTRATE JUDGE

3