**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**
**CHARLESTON DIVISION**

| | |
|---|---|
| NELSON L. BRUCE, | |
| Plaintiff, | |
| v. | Case No.: 2:22-cv-01292-BHH-MGB |
| REV FEDERAL CREDIT UNION, TRANS UNION, LLC, et al. | |
| Defendants. | |

**NON-PARTY LEXISNEXIS RISK SOLUTIONS INC.'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL  REGARDING PLAINTIFF'S SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION**

Non-Party LexisNexis Risk Solutions, Inc. ("LNRS"), by counsel, files this Response in Opposition to Plaintiff's Motion to Compel Responses to Plaintiff's Subpoena to Produce Documents, Information, of Objects or to Permit Inspection of Premises in a Civil Action, to non-party LexisNexis Risk Solution Inc., showing the Court as follows:

**I.      Statement of Relevant Facts**

LNRS was served with a non-party subpoena to produce documents on November 13, 2023 filed by pro se Plaintiff Nelson L. Bruce in an action against Defendants Rev Federal Credit Union and TransUnion, LLC involving alleged violations of the Fair Debt Collection Practices Act and Fair Credit Reporting Act. Plaintiff's underlying claims include allegations that TransUnion

published inaccurate and misleading information relating to Plaintiff's alleged bankruptcy.[1] *See* ECF No. 29, ¶¶ 1, 21.

In response to Plaintiff's subpoena, LNRS served its objections to the subpoena on November 22, 2023. *See* Pl.'s Exhibit A-2. LNRS later produced a call recording and responsive documents to Plaintiff in response to Plaintiff's subpoena that were identified after a reasonable search.

Plaintiff, still dissatisfied with LNRS's good faith attempt to comply with Plaintiff's requests, informed LNRS on December 5, 2023 that it failed to comply because LNRS only disclosed information related to Plaintiff's disputes, and "not disputes or documents and communications with Trans Union related to disputes and investigations forwarded by Trans Union for LexisNexis to investigate." **Exhibit 1**. Plaintiff requested those documents be produced and that LNRS "include a natural persons signature under penalty of perjury testifying that this is all the documents that LexisNexis has relevant to [his] requests." *Id.* In his next email, Plaintiff added multiple requests to his already-issued subpoena and demanded LNRS to comply with his orders. *Id.*

LNRS' counsel informed Plaintiff that LNRS is not in possession of any documents related to Plaintiff's alleged dispute with TransUnion, including any record of TransUnion forwarding Plaintiff's alleged dispute to LNRS. *Id.* Plaintiff continued to argue that LNRS failed to produce all documents based on his (mistaken) belief that LNRS supplied Plaintiff's bankruptcy record to TransUnion. Plaintiff then asserted that LNRS must execute a written statement "under penalty of perjury" declaring that it did not have further responsive documents. *Id.*

---

[1] Plaintiff Bruce has a lawsuit pending against LNRS before this Court, Case No: 2:22-cv-02211-BHH-MGB. The allegations made by Plaintiff Bruce in the lawsuit against LNRS arise out of a separate alleged dispute. LNRS has not been named a party in this litigation.

Plaintiff filed the subject Motion to Compel on December 11, 2023. LNRS, a non-party to the case, was not aware of the existence of the motion until the Motion was docketed on December 20, 2023. Despite the lack of sufficient notice as required by Fed. R. Civ. P. 6, LNRS timely submits this Response in Opposition to Plaintiff's Motion to Compel.

Plaintiff's subpoena commanded the production, in part, of information in LNRS' possession "related to any and all disputes by the plaintiff" received from and responses sent to TransUnion between January 1, 2019 and December 31, 2022; information certifying TransUnion's "purpose for requesting a consumer report furnished by" LNRS "containing a bankruptcy related to the plaintiff between June 13, 2017 and December 31, 2018;" documentation sent by LNRS to TransUnion regarding the Plaintiff; information relating to requests for a consumer report from LNRS "to match a bankruptcy related to the plaintiff between June 13, 2017 and December 31, 2018;" and all information, without a time limitation, "related to any and all of [LNRS'] services to third party persons and a list of the fees and dues you charge for each of the services you provide to these persons which include consumer information and or information about or related to a consumer." Pl.'s Exhibit A-2, Request Nos. 1, 2, 4, 5, 6, 9.

LNRS asserts that (1) it has complied with Plaintiff's requests and produced all responsive information that was identified in its records, (2) LNRS did not send Plaintiff's bankruptcy record to TransUnion and did not receive Plaintiff's dispute of the bankruptcy record from TransUnion, and (3) Plaintiff has failed to cite any law, rule of civil procedure, or case law that requires that in response to a subpoena a non-party (or its counsel) must sign "under penalty of perjury" a statement in which the non-party attests that it has disclosed all responsive information.  Based on its compliance with the subpoena and its representation to the Court that it has conducted a

166469990v2

reasonable search and produced all responsive information in its possession, LNRS asks this Court to deny Plaintiff's Motion to Compel in its entirety.[2]

## II.    Argument

### I.    LNRS has produced all responsive documents in its possession, custody or control and is relieved of its obligation to further respond to Plaintiff's subpoena.

The obligation of a nonparty to respond to a subpoena is governed by FED. R. CIV. P. 45, which requires a person who is responding to a subpoena to produce documents as they are kept in the ordinary course of business. 45(e)(1)(A). Rule 45 subpoenas may only be used to compel production of information by a nonparty that is discoverable under Rule 26, which includes only documents, electronically stored information, and tangible things that the disclosing person or entity has in its possession, custody or control. FED. R. CIV. P. 26; *HDSherer LLC v. Natural Molecular Testing Corp.*, 292 F.R.D. 305, 308 (D.S.C. 2013). As the Fourth Circuit has previously held, "[n]onparties are strangers to the litigation, and since they have no dog in the fight, they have a different set of expectations from the parties themselves," and the Court must consider whether a subpoena issued against a nonparty subjects that person or entity to undue burden. *Va. Dep't of Corrections v. Jordan*, 921 F.3d 180, 189 (4th Cir. 2019) (cited by *Garcia v. Quevedo*, No: 2:20-cv-01960, 2022 U.S. Dist. LEXIS 63973, at *5 (D.S.C. Apr. 6, 2022)(internal quotations omitted).

There are multiple objections a responding person or entity has available when responding to a subpoena that require the court to limit the extent of discovery sought, including requests that are unreasonably cumulative or duplicative, or the discovery is outside of the scope permitted by Rule 26(b)(1). *United States v. $115,413.00 in U.S. Currency*, Case No. 5:20-CV-539, 2023 U.S.

---

[2] To the extent Plaintiff is attempting to expand its subpoena to command the production of information not requested appropriately pursuant to FED. R. CIV. 45, LNRS asks this Court to deny Plaintiff's request, or in the alternative, permit LNRS an opportunity to review the new requests and file its objections to the same.

Dist. LEXIS 168662, at *4 (E.D.N.C. Sept. 21, 2023). Further, where the information sought is not within the possession, custody, or control of the responding party, it is the requesting party's burden to show that the responding party has control over the documents. *Inventiv Health Consulting, Inc. v. French*, Case No. 5:18-CV-295, 2020 U.S. Dist. LEXIS 24352, at *10 (Feb. 12, 2020). "In order for the material to be discoverable, [the person or entity] must have some type of legal right to the material plaintiff seeks to discover." *Bleecker v. Standard Fire Ins. Co.*, 130 F. Supp. 2d 726, 739 (E.D.N.C. 2000).

Plaintiff claims that LNRS must be the entity that supplied his bankruptcy record; LNRS has repeatedly informed Plaintiff that it did not supply his bankruptcy record to TransUnion and did not receive a dispute of the record from TransUnion. *See* LNRS' Objections to Pl.'s Subpoena & **Exhibit 1**.

Plaintiff's lawsuit against TransUnion and Rev Federal Credit Union is based on the theory that TransUnion, a consumer reporting agency, allegedly failed to conduct a "proper reasonable investigation" to verify whether Plaintiff's reported bankruptcy on his consumer report was accurate. *See* ECF No. 29, ¶ 26.  LNRS did not receive a dispute from TransUnion relating to Plaintiff's bankruptcy, LNRS did not supply Plaintiff's bankruptcy record to TransUnion, and LNRS appropriately raised its objections to Plaintiff's subpoena and subsequently agreed to produce all documents in its possession. **Exhibit 1**. It has done so, and Plaintiff has no additional basis on which to claim the production is incomplete.

Plaintiff claims that TransUnion has stated in discovery that it received Plaintiff's bankruptcy information from "LexisNexis" and therefore LNRS must be withholding documents. Yet, Plaintiff's own evidence submitted in support of his Motion undermines his contention that LNRS is withholding responsive documents. *See* Exhibit A-5 showing an excerpt from

166469990v2

TransUnion's website states another LexisNexis entity besides LNRS provides bankruptcy information to TransUnion. Accordingly, LNRS requests this Court deny Plaintiff's Motion to Compel.

**II.    LNRS has satisfied its obligations and should not be compelled to take further action.**

Plaintiff does not identify any legal authority supporting his position that LNRS must sign a declaration, under penalty of perjury, that it has produced all responsive documents. The requirement is not found anywhere in Rule 34 or 45. In *Binder v. Dewar Nurseries, Inc.*, where plaintiff did not believe defendants produced all relevant data responsive to discovery, even after defendants asserted they properly responded and supplied all responsive information, the court found that defendants representations during the hearing were sufficient to deny, in part, plaintiff's motion to compel. Case No: 2:20-cv-01735, 2022 U.S. Dist. LEXIS 112080, at *19 (D.S.C. June 23, 2022). Where defendants consistently confirmed "that they do not have possession, custody, or control of any other responsive materials, [] the court cannot compel a party to produce documents it does not have and that does not exist." *Id.* at *19-20.

LNRS has informed Plaintiff that it has searched its records and has not identified records responsive to Requests 4, 5, 6, or 9, because LNRS did not supply Plaintiff's bankruptcy record to TransUnion. **Exhibit 1**. Because LNRS has represented to counsel and this Court that it does not have additional information responsive to this subpoena, it should not also be required to prepare a separate sworn statement verifying these representations.

LNRS further has objected to Request No. 9, which broadly commands LNRS to produce all information "related to any and all of your services to third party persons and a list of the fees and dues you charge for each of the services you provide to these persons which include consumer information and or information about or related to a consumer." As noted in LNRS' Objections

and Responses to Plaintiff's Subpoena, this request is overbroad and is not limited by time, nor is the need for production of a list of LNRS' fees and "dues" it charges relevant to this case. LNRS is a not a party to the subject case and as such, it should not be required to produce proprietary information that has no clear relevance to this litigation.

### III.    Conclusion

Based on the foregoing, LNRS (1) respectfully requests the Court deny Plaintiff's Motion to Compel and (2) enter any other relief it deems appropriate.


Dated: December 27, 2023.

/s/ William J. Farley III
William J. Farley III
Fed. Bar No. 12004
Troutman Pepper Hamilton Sanders LLP
301 S. College Street, Suite 3400
Charlotte, NC 28202
Telephone: 704.998.4099
Email:  will.farley@troutman.com

*Counsel for Non-Party LexisNexis Risk Solutions Inc.*

7

**CERTIFICATE OF SERVICE**

I hereby certify that on the 27th day of December 2023, a true and correct copy of the

foregoing was sent via U.S. Mail and email to the following:

Nelson L. Bruce
PO Box 3345
Summerville, SC 29484
leonbruce81@yahoo.com
*Pro Se Plaintiff*

/s/William J. Farley III
William J. Farley III

166469990v2