AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

**EXHIBIT A**

# UNITED STATES DISTRICT COURT
for the
District of South Carolina

| | |
|---|---|
| Nelson L. Bruce <br> *Plaintiff* <br> v. <br> REV FEDERAL CREDIT UNION, et al. <br> *Defendant* | ) ) ) ) ) ) ) Civil Action No. 2:22-cv-01292-BHH-MGB |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: Lundquist Consulting, Inc. ("LCI"), 111 Anza Boulevard, Suite 310
Burlingame, CA 94010

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See...Attached "NOTICE OF SUBPOENA, Exhibit A"

| Place: Lundquist Consulting, Inc. ("LCI"), 111 Anza Boulevard, Suite 310, Burlingame, CA 94010 | Date and Time: <br> within 10 days from receipt of this subpoena |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 1/3/2024

*CLERK OF COURT*

_____    OR    _____
*Signature of Clerk or Deputy Clerk*            *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____
_____, who issues or requests this subpoena, are:

---

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 2:22-cv-01292-BHH-MGB

## PROOF OF SERVICE
### (This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____.

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

**EXHIBIT A**

# NOTICE OF SUBPOENA - DEMAND FOR PRODUCTION

I Nelson Leon Bruce, the consumer and Plaintiff in the associated case as defined below hereby demand with this subpoena that you produce for my inspection the following:

1. Please produce any and all information and documentation in your possession, control and custody related to any and all search and matches of a bankruptcy related to the plaintiff searched and matched by TransUnion or any third parties claimed to be operating on their behalf which was obtained as a result of any and all search and matched by TransUnion between December 1, 2018 to present. Please also produce the name of the party who conducted the search and match, their job descriptions and the entity they work for.

2. Please produce any and all information and documentation in your possession, control and custody which certify TransUnion's permissible purpose for requesting a bankruptcy report also known as a consumer report furnished by you as a result of and through your search and match system containing a bankruptcy related to the plaintiff between December 1, 2018 to present.

3. Please produce any and all information and documentation in your possession, control and custody related to any and all information and documentation you sent to TransUnion and or their hired third party operating on their behalf or TransUnion or the third party they hired to operate on their behalf obtained from any of your systems related to the plaintiff as a result of a matched bankruptcy from December 1, 2018 to Present.

4. Please produce any and all information and documentation related to any and all of your list of services and the fees you charge for doing a search and match in your system and provide a list of the fees and dues you charge for each of the services on your list or produce a list of services redacting the exact fees charged for your services but evidencing that you do charge a fee which you provide to these persons such as TransUnion which include consumer information and or information about or related to a consumer such as bankruptcy information.

5. Please produce any and all information and documentation in your possession, control and custody related to any and all your policies and procedures related to consumers and to comply with the FCRA.

6. Please produce any and all information and documentation in your possession, control and custody showing what information is required by your systems to do a search and match of a bankruptcy.

7. Please produce any and all information and documentation in your possession, control and custody of all the information that was provided by your system to TransUnion as a result of their completed search and match and the reports produced as it related to the plaintiff.

**EXHIBIT A**

8. Please produce any and all information and documentation in your possession, control and custody of any and all agreements you have with TransUnion.

9. Please produce any and all documents and information your search and match system has stored related to the plaintiff which include any and all bankruptcy filings.

If you claim that any portion of this request for production is subject to any privilege or is otherwise objectionable or protected from discovery, you are to identify the subject matter, proof that such information is privileged from the consumer as it relates to the consumer, objection, or protection is thought to apply, and state the ground or basis of each such claim, objection, privilege or protection, including any statutory or decisional reference; and identify all documents, including the author and date thereof, or other information, including contracts and communications which you believe to be embraced by the privilege involved.

Should you have any question of what is being demanded for production, you have permission to reach me on my cell phone at 843-437-7901. I do hereby place you on notice that to the extent that these records exist and are accurate in documenting the facts I incorporate each directly and or indirectly, specifically and generally by reference!

## DEFINITIONS

1. **"You"** and **"your"** shall mean **"Lundquist Consulting, Inc. ("LCI")"** its affiliates.

2. **"Case"** shall mean matters related to Case No. 2:22-cv-01292-BHH-MGB.

3. **"Plaintiff"** shall mean **"Nelson L. Bruce"** with the following associated identifying information:

   | | |
   |---|---|
   | Name: | Nelson Leon Bruce and any derivatives there of this name |
   | Current Address: | P.O. Box 3345, Summerville, SC 29484 |
   | Previous Addresses: | 1605 Central Avenue, Suite 6, Summerville, SC 29483 |
   | | 144 Pavilion Street, Summerville, SC 29483 |
   | Social Security #: | XXX-XX-7185 |
   | Date of Birth: | 9-28-1982 |

4. **"Document"** or **"media"** includes, but is not limited to, recorded material in any form, including the original and all non-identical copies (whether different from the originals by reason of any notation made on such copies or otherwise), picture of any notes/promissory notes signed by plaintiff (front and back pictures), including, without limitation, correspondence, writings, drawings, graphs, charts, records, photographs, sound, electronically stored computer files, recordings, images, memoranda, account statements, loan applications, corresponding documents or paperwork accompanying the application, reports containing information about the plaintiff, consumer reports to review or otherwise, comprehensive reports, interest rates offered, contracts/agreements executed, credit decisions, loan officer working file, all disputes and correspondences to

**EXHIBIT A**

and from plaintiff or anyone acting on behalf of plaintiff, letters, purchase and sale contracts with third party debt buyers, repurchase contracts with third party debt buyers, transfer of debt agreements with third party collections, power of attorneys, applications, checks, invoices, receipts, from December 1, 2018 to present.

5. **"Possession, custody or control"** includes you, the joint or several possession, to whom these subpoenas are addressed, but also the joint or several possession, custody or control by each or any other person, entity or affiliate acting or purporting to act on behalf of you.

6. **"Person"** means any natural person, individual, corporation, unincorporated corporation, firm, trust, estate, cooperative, company, sole proprietorship, partnership, joint venture, association, institute or other business, legal, charitable, intergovernmental, government or governmental agency, or other entity.

Dated this ____ day of December, 2023.

RESPECTFULLY PRESENTED

"Without Prejudice"

_____
Nelson L. Bruce, Propria Persona, Sui Juris
All Rights Explicitly Reserved and Retained
c/o P.O. Box 3345, Summerville, South Carolina 29483
Ph.: 843-437-7901
Email: leonbruce81@yahoo.com

**EXHIBIT A**

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF SOUTH CAROLINA
## CHARLESTON DIVISION

| | |
|---|---|
| Nelson L. Bruce,<br><br>　　　　Plaintiff(s),<br><br>　　vs.<br><br>REV FEDERAL CREDIT UNION, TRANS UNION, LLC, et al.<br><br>　　　　Defendant(s). | CASE NO.: 2:22-cv-01292-BHH-MGB |

1. My name is _____. I am competent to testify and have personal firsthand knowledge of the facts stated herein.

2. I am employed by and or am the custodian of records for Lundquist Consulting, Inc. ("LCI").

   Attached hereto are _____ pages of records of "LCI".

3. The attached records were made at or near the time of the occurrence of the matters set forth in the attached records by, or from information transmitted by, a person with personal knowledge of those matters. The attached records were kept by "LCI". in the regular course of its business, and as a regular practice of "LCI". The attached records were made in the course of the regularly conducted business activities of "LCI" and as a regular practice of "LCI".

4. The records attached hereto are exact duplicates of the originals.

5. I declare under penalty of perjury that the forgoing is true and correct.

Print Name: _____

Signature: _____   Dated: _____

U.S. Department of Justice
United States Marshals Service

Exhibit A

## PROCESS RECEIPT AND RETURN
See "Instructions for Service of Process by U.S. Marshal"

| | |
|---|---|
| **PLAINTIFF** Nelson L. Bruce, | **COURT CASE NUMBER** 2:22-cv-01292-BHH-MGB |
| **DEFENDANT** REV FEDERAL CREDIT UNION ("REVFCU"), et al.; | **TYPE OF PROCESS** Civil |

**SERVE AT**
NAME OF INDIVIDUAL, COMPANY, CORPORATION. ETC. TO SERVE OR DESCRIPTION OF PROPERTY TO SEIZE OR CONDEMN
Lundquist Consulting, Inc. ("LCI")
ADDRESS (Street or RFD, Apartment No., City, State and ZIP Code)
111 Anza Boulevard, Suite 310, Burlingame, CA 94010

SEND NOTICE OF SERVICE COPY TO REQUESTER AT NAME AND ADDRESS BELOW

Nelson L. Bruce
c/o P.O. Box 3345
Summerville, South Carolina 29484

| | |
|---|---|
| Number of process to be served with this Form 285 | 1 |
| Number of parties to be served in this case | 2 |
| Check for service on U.S.A. | |

SPECIAL INSTRUCTIONS OR OTHER INFORMATION THAT WILL ASSIST IN EXPEDITING SERVICE (Include Business and Alternate Addresses, All Telephone Numbers, and Estimated Times Available for Service):

Contact information
650-342-9486
Hours of Operation M-F from 9:00 a.m. to 5:00 p.m. Saturday & Sunday Closed

Plaintiff

Signature of Attorney other Originator requesting service on behalf of:  ☒ PLAINTIFF  ☐ DEFENDANT
Nelson L. Bruce
TELEPHONE NUMBER: 843-437-7901
DATE: 12-22-23

### SPACE BELOW FOR USE OF U.S. MARSHAL ONLY-- DO NOT WRITE BELOW THIS LINE

| I acknowledge receipt for the total number of process indicated. (Sign only for USM 285 if more than one USM 285 is submitted) | Total Process | District of Origin No. | District to Serve No. | Signature of Authorized USMS Deputy or Clerk | Date |
|---|---|---|---|---|---|
| | | | | | |

I hereby certify and return that I ☐ have personally served, ☐ have legal evidence of service, ☐ have executed as shown in "Remarks", the process described on the individual, company, corporation, etc., at the address shown above on the on the individual, company, corporation, etc. shown at the address inserted below.

☐ I hereby certify and return that I am unable to locate the individual, company, corporation, etc. named above (See remarks below)

Name and title of individual served (if not shown above)

☐ A person of suitable age and discretion then residing in defendant's usual place of abode

Address (complete only different than shown above)

Date     Time   ☐ am  ☐ pm

Signature of U.S. Marshal or Deputy

| Service Fee | Total Mileage Charges including endeavors | Forwarding Fee | Total Charges | Advance Deposits | Amount owed to U.S. Marshal* or (Amount of Refund*) |
|---|---|---|---|---|---|
| | | | | | $0.00 |

REMARKS:

DISTRIBUTE TO:
1. CLERK OF THE COURT
2. USMS RECORD
3. NOTICE OF SERVICE
4. BILLING STATEMENT*: To be returned to the U.S. Marshal with payment, if any amount is owed. Please remit promptly payable to U.S. Marshal.
5. ACKNOWLEDGMENT OF RECEIPT

PRIOR EDITIONS MAY BE USED

Form USM-285
Rev. 11/13