IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| NELSON L. BRUCE,<br><br>          Plaintiff,<br><br>v.<br><br>REV FEDERAL CREDIT UNION, TRANS UNION, LLC, and UNKNOWN DOES 1-100,<br><br>          Defendants. | CASE NO.: 2:22-cv-01292-BHH-MGB |

**DEFENDANT TRANS UNION LLC'S REPLY IN SUPPORT
OF MOTION FOR LEAVE TO FILE ITS FIRST AMENDED
ANSWER AND DEFENSES TO PLAINTIFF'S AMENDED COMPLAINT**

Defendant Trans Union LLC ("Trans Union") hereby files this Reply in Support of its Motion for Leave to File its First Amended Answer and Defenses to Plaintiff's Amended Complaint (ECF No. 100), and would respectfully show the Court as follows:

## I.    INTRODUCTION

Plaintiff filed his Amended Complaint on June 21, 2022. ECF No. 29. Trans Union filed its Answer and Defenses to Plaintiff's Amended Complaint on July 1, 2022. ECF No. 35. On November 20, 2023, Trans Union deposed *pro se* Plaintiff, Nelson Bruce. This deposition uncovered compelling and previously undisclosed information, prompting Trans Union to pursue an amendment to its Original Answer.

Trans Union filed its Motion for Leave to File its First Amended Answer and Defenses to Plaintiff's Amended Complaint (the "Motion for Leave") on December 8, 2023. ECF No. 100. Plaintiff filed his Response to the Motion for Leave on December 29, 2023. ECF No. 120.

## II.    LEGAL STANDARD

Under Federal Rule of Civil Procedure 15(a), leave to amend pleadings should be freely given "when justice so requires." *S. Recycling, LLC v. Gibbs Int'l, Inc,* WL 11673298, at *1–2

(D.S.C. 2017)*.* Mere delay, unaccompanied by prejudice, bad faith, or futility in moving to amend, is not a sufficient reason to deny leave to amend a pleading. *Id.* (*citing Laber v. Harvey*, 438 F.3d 404, 426 (4th Cir. 2006), *see also Shiflet v. Allstate Ins. Co.,* 233 F.R.D. 465, 466. (D.S.C.2006)

### III.     ARGUMENTS AND AUTHORITIES

**A.     Plaintiff Fails to Show Prejudice.**

Plaintiff's Response fails to demonstrate prejudice from Trans Union's proposed amendments. Plaintiff will not be prejudiced by Trans Union's Amended Answer, as the additional affirmative defenses, by their nature, do not necessitate further discovery or investigation by Plaintiff. Additionally, the Court has already extended the discovery deadline, allowing Plaintiff ample opportunity to conduct any necessary additional discovery in response to Trans Union's amendment.

**B.     Plaintiff Fails to Demonstrate the Futility of the Amendment.**

Plaintiff's Response fails to demonstrate that Trans Union's proposed amendments, which would add new defenses, are futile. For a motion to amend to be denied for futility, the amendment must be "clearly insufficient or frivolous on its face." *Johnson v. Oroweat Foods Co.*, 785 F.2d 503, 510–11 (4th Cir.1986). "Courts generally favor the 'resolution of cases on their merits'... [t]hus the substantive merits of a proposed claim [or defense] are typically best left for later resolution, e.g., motions to dismiss or for summary judgment, ..., or for resolution at trial."). *Rambus, Inc. v. Infineon Tech., AG*, 304 F.Supp.2d 812, 819 (E.D.Va.2004). Here, Plaintiff prematurely contests the merits of the proposed defenses, which should be addressed at summary judgment. Because Plaintiff's Response fails to show that the proposed amendments are "clearly insufficient or frivolous" the court should approve Trans Union's Motion for Leave.

2

## IV. CONCLUSION

For the foregoing reasons, Defendant Trans Union LLC respectfully requests the Court's approval to amend its Answer and Defenses to Plaintiff's Amended Complaint.

Respectfully submitted,

*s/ Wilbur E. Johnson*
Wilbur E. Johnson
wjohnson@ycrlaw.com
Federal ID No.: 2212
Clement Rivers, LLP
25 Calhoun Street, Suite 400
Charleston, SC 29401
(843) 724-6659
(843) 579-1332 Fax
**Counsel for Trans Union LLC**

Date: January 5, 2024

**CERTIFICATE OF SERVICE**

I hereby certify that on the fifth day of January 2024, I will electronically file the foregoing with the Clerk of the Court using the CM/ECF system, which will then send a notification of such filing (NEF) to counsel of record registered to use the CM/ECF system in this action, as follows:

None.

I further certify that I forwarded a copy of the foregoing by U.S. First Class Mail to the following non-CM/ECF participants:

Nelson L. Bruce
PO BOX 3345
Summerville, SC 29484-3345
*Pro Se Plaintiff*

*s/ Wilbur E. Johnson*
**WILBUR E. JOHNSON**

4

6771206.1