IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Nelson L. Bruce,<br><br>          Plaintiff,<br><br>v.<br><br>Trans Union LLC (TransUnion);<br>and Unknown Does 1-100,<br><br>          Defendants. | Civil Action No. 2:22-cv-01292-BHH-MGB<br><br>**ORDER** |

Nelson L. Bruce, proceeding *pro se* and *in forma pauperis*, brings claims pursuant to the Fair Credit Reporting Act ("FCRA"), among others. (Dkt. Nos. 1; 29.) Currently before the Court is Plaintiff's Motion to Compel.[1] (Dkt. No. 111.) For the reasons discussed below, the Court holds the Motion in abeyance.

## BACKGROUND

On November 6, 2023, the Court granted Plaintiff's Motion for Issuance of Subpoena and issued a subpoena to a non-party, LexisNexis Risk Solutions, Inc. ("LNRS"). (Dkt. Nos. 86; 87.) The record indicates Plaintiff believes LNRS furnished to Defendant Trans Union inaccurate and misleading information relating to Plaintiff's alleged bankruptcy. Plaintiff's claims against Trans Union arise in part from its publication of this alleged inaccurate bankruptcy information. (Dkt. No. 29 at 5.) Plaintiff's subpoena seeks information about, *inter alia*, LNRS's documents and communications with Trans Union related to disputes and investigations forwarded by Trans Union for LNRS to investigate. (Dkt. No. 86-1.)

---

[1] All pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B) and Local Rule 73.02(B)(2)(e), D.S.C.

1

On December 11, 2023, Plaintiff filed a Motion for Extension of Time, in which he asked for a 45-day extension of the discovery deadline. (Dkt. No. 102.) In support, he attached LNRS's objections to the subpoena and other documents related to the subpoena. (Dkt. Nos. 102-1; 102-2; 102-3; 102-5.) That same day, Plaintiff filed the instant Motion to Compel, seeking further responses from LNRS to the subpoena.[2] (Dkt. No. 111.) On December 13, 2023, the Court granted Plaintiff's Motion for Extension and issued the following Amended Scheduling Order: discovery is due by February 12, 2024; dispositive motions are due by March 4, 2024; and mediation is due by February 26, 2024. (Dkt. No. 106.) LNRS filed a response in opposition to Plaintiff's Motion to Compel on December 27, 2023 (Dkt. No. 117), to which Plaintiff filed a reply on January 5, 2024 (Dkt. No. 127). The Motion has been fully briefed and is ready for review.

## STANDARDS

The Federal Rules allow a party to subpoena a non-party during discovery for documents in the non-party's "possession, custody, or control." See Fed. R. Civ. P. 34(c), 45(a)(1)(A)(iii), 45(a)(1)(C). A non-party subpoena may seek information "regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case[.]" *Id.* 26(b)(1); *see also Schaaf v. SmithKline Beecham Corp.*, 233 F.R.D. 451, 453 (E.D.N.C. 2005) ("Rule 45 adopts the standard [of discovery] codified in Rule 26[.]").

When a nonparty receives a subpoena to which it objects, it may serve its objections in writing and oppose any motion to compel compliance with the subpoena pursuant to Fed. R. Civ. P. 45(d)(2)(B), file a motion to quash or modify the subpoena pursuant to Fed. R. Civ. P. 45(d)(3), or move for a protective order pursuant to Fed. R. Civ. P. 26(c). *See also* Fed. R. Civ. P. 34(c)

---

[2] Here, the Court recognizes that the Motion to Compel was first entered on the docket on December 20, 2023. Per the Clerk of Court's administrative practice, the Motion is listed as filed as of the date it was received by the Court, December 11, 2023.

("As provided in Rule 45, a nonparty may be compelled to produce documents and tangible things or to permit an inspection."); Fed. R. Civ. P. 37(a)(1) ("On notice to other parties and all affected persons, a party may move for an order compelling disclosure or discovery."). In deciding whether to enforce a subpoena, a court should consider "the relevance of the discovery sought, the requesting party's need, and the potential hardship to the [person] subject to the subpoena[.]" *Bartch v. Barch*, No. 19-cv-2842-RDB, 2020 WL 204921, at *2 (D. Md. Jan. 14, 2020), *adopted by*, 2020 WL 9739339 (D. Md. Jan. 29, 2020) (quoting *Heat & Control, Inc. v. Hester Indus.*, 785 F.2d 1017, 1024 (Fed. Cir. 1986)).

A district court is afforded "substantial discretion" in the management of discovery and in denying or granting of motions to compel discovery. *Brooks v. Johnson*, 924 F.3d 104, 121 (4th Cir. 2019) (quoting *Lone Star Steakhouse & Saloon, Inc. v. Alpha of Va., Inc.*, 43 F.3d 922, 929 (4th Cir. 1995)). In the context of subpoenas issued to third parties, a court "will give extra consideration to the objections of a non-party, non-fact witness in weighing burdensomeness versus relevance." *Indem. Ins. Co. v. Am.Eurocopter LLC*, 227 F.R.D. 421, 426 (M.D.N.C. 2005).

## DISCUSSION

Plaintiff moves the Court for an order compelling LNRS "to answer Subpoenas or provide a statement signed under penalty of perjury by a person with firsthand knowledge related to the subpoenas." (Dkt. No. 111 at 1.) More specifically, he asks that LNRS be ordered to fully respond to his subpoena request numbers 4, 5, 6, and 9, which ask the following:

> 4. Please produce any and all information and documentation in your possession, control and custody which certify Trans Union's purpose for requesting a consumer report furnished by you containing a bankruptcy related to the plaintiff between June 13, 2017 and December 31, 2018.
>
> 5. Please produce any and all information and documentation you sent to Trans Union related to the plaintiff from June 13, 2017 to Present.

3

>6. Please produce any and all information and documentation in your possession, control and custody you received from Trans Union and or any of their affiliates or third parties operating on their behalf for the purpose of requesting a consumer report from you to match a bankruptcy related to the plaintiff between June 13, 2017 and December 31, 2018.
>
>9. Please produce any and all information and documentation related to any and all of your services to third party persons and a list of the fees and dues you charge for each of the services you provide to these persons which include consumer information and or information about or related to a consumer.

(Dkt. Nos. 102-2 at 5–9; 111 at 2–4.)

The record shows that LNRS served its objections to the subpoena on November 22, 2023, and produced a call recording and certain responsive documents to Plaintiff on December 5, 2023. (Dkt. Nos. 102-2 at 11; 117-1 at 11–12.) Following further communications between Plaintiff and LNRS counsel, LNRS told Plaintiff that it "has produced the documents in its possession responsive to your requests. LNRS has searched its records and has not identified records responsive to Requests 4, 5, 6, and 9 because LNRS did not supply your bankruptcy record to TransUnion. LNRS has fulfilled its obligation in responding to your subpoena." (Dkt. No. 117-1 at 2–3.) LNRS then refused Plaintiff's request that "a person with firsthand personal knowledge" sign a statement under penalty of perjury attesting to the foregoing representations made by LNRS. (*Id*. at 2.)

The parties' briefing here clarifies the central issue before the Court; specifically, whether the requested documents at issue are within LNRS' possession, custody, or control. Here, Plaintiff's belief that LNRS furnished the bankruptcy information at issue stems from a statement on Trans Union's website that "LexisNexis Risk Data Management, Inc. ('LexisNexis') was a provider of bankruptcy information to TransUnion prior to December 1, 2018." (Dkt. No. 102-5.) Plaintiff has submitted records from the Georgia Secretary of State showing that LexisNexis Risk Data Management, Inc. changed its name to LexisNexis Risk Data Management, LLC; and its

4

address for its principal place of business and for where its "records are maintained" is the same as the address where Plaintiff served the subpoena. (Dkt. No. 127-1.)

Plaintiff asserts that while the subpoena was served on LNRS (LexisNexis Risk Solutions, Inc.) rather than on LexisNexis Risk Data Management, LLC ("LRDM"), the subpoena expressly directed all of the requests to "'LexisNexis' and its affiliates" via the definitions section of the subpoena. (Dkt. Nos. 86-1 at 5; 127 at 3.) Plaintiff further asserts that because LNRS and LRDM are both located at the same address, LNRS is in possession of the documents that Plaintiff requests in the subpoena. (Dkt. No. 127 at 3.) While Plaintiff claims that LNRS and LRDM are "one in the same" (Dkt. No. 127 at 3), LNRS maintains that it is a separate entity from LDRM (Dkt. No. 117 at 5–6.) LNRS indicates that because it is not the entity that furnished the bankruptcy information at issue, it does not possess any documents responsive to subpoena requests 4, 5, 6, and 9. (Dkt. No. 117 at 2–6.)

LNRS further objects to request no. 9, which concerns fees and dues charged by LNRS, as "overbroad and . . . not limited by time, nor is the need for production of a list of LNRS' fees and 'dues' it charges relevant to this case." (*Id.* at 6–7.) LNRS maintains that as a non-party, "it should not be required to produce proprietary information that has no clear relevance to this litigation." (*Id*. at 7.)

Upon careful review, the difference between LNRS and LRDM is not entirely clear. When the Court searched for LRDM on Google, it was consistently directed to LNRS resources. While the Court has no reason to doubt the representations by LNRS counsel that it is an entity separate from LRDM, what is less clear is whether LNRS "has the legal right or practical ability to obtain" the requested documents from LRDM. *See In re Rule 45 Subpoena Issued to Robert K. Kochan*, No. 5:07-mc-44-BR, 2007 WL 4208555, at *4 (E.D.N.C. Nov. 26, 2007) ("'Control' [under FRCP

45] is broadly construed, and thus a party may be obligated to produce documents requested . . . where the producing party does not actually possess the documents but has the legal right or practical ability to obtain them from another source on demand." (quoting *Arkwright Mut. Ins. Co. v. Nat'l Union Fire Ins. Co. of Pittsburgh, Pa*, 1994 WL 510043, at * 3 (S.D.N.Y. 16 Sept. 1994) (citations omitted)).

Given the current record, the Court ORDERS LNRS to file a status update by **January 16, 2024**, stating whether it has the legal right or practical ability to obtain from LRDM the documents responsive to the subpoena requests numbers 4, 5, 6, and 9. The Court HOLDS IN ABEYANCE Plaintiff's Motion to Compel, pending the status update from LNRS.

IT IS SO ORDERED.

January 9, 2024

Charleston, South Carolina

_____
MARY GORDON BAKER
UNITED STATES MAGISTRATE JUDGE