AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action          **EXHIBIT A**

# UNITED STATES DISTRICT COURT
## for the
### District of South Carolina

2024 JAN 18 AM 9: 22

| Nelson L. Bruce | ) | |
|---|---|---|
| *Plaintiff* | ) | |
| v. | ) | Civil Action No. 2:22-cv-01292-BHH-MGB |
| REV FEDERAL CREDIT UNION, et al. | ) | |
| | ) | |
| *Defendant* | ) | |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: LEXISNEXIS RISK & INFORMATION ANALYSTICS Group, Inc., 1000 Alderman Drive, Alpharetta, GA 30005

*(Name of person to whom this subpoena is directed)*

☒ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See...Attached "NOTICE OF SUBPOENA, Exhibit A"

| Place: LEXISNEXIS RISK & INFORMATION ANALYSTICS Group, Inc., 1000 Alderman Drive, Alpharetta, GA 30005 | Date and Time: Within 10 days from receipt of this subpoena |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: _____

*CLERK OF COURT*

OR

_____     _____
*Signature of Clerk or Deputy Clerk*           *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____
_____, who issues or requests this subpoena, are:

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 2:22-cv-01292-BHH-MGB

## PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

*Server's signature*

*Printed name and title*

*Server's address*

Additional information regarding attempted service, etc.:

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

EXHIBIT A

## NOTICE OF SUBPOENA - DEMAND FOR PRODUCTION

I <u>Nelson Leon Bruce</u>, the consumer and Plaintiff in the associated case as defined below hereby demand with this subpoena that you produce for my inspection the following:

1. Please produce any and all information and documentation in your possession, control and custody related to any and all bankruptcy information you provided to Trans Union, LLC related to the plaintiff from July 1, 2017 to Present. Please also produce the full name of the individual who produced this information to Trans Union, LLC.

2. Please produce any and all information and documentation in your possession, control and custody which certify TransUnion's permissible purpose for obtaining a bankruptcy report from you related to the plaintiff from July 1, 2017 to present.

3. Please produce any and all information and documentation in you custody, control and possession that was provided to you from Trans Union to locate consumer bankruptcy information.

4. Please produce a list that fully describes and outlines how you provide bankruptcy information to Trans Union, LLC and in what format including whether you uploaded the information to Trans Union through their electronic system put in place to accept information from third parties.

5. Please produce any and all CDV's you received and responded to that were received from Trans Union which are related a bankruptcy associated with the plaintiff.

6. Please produce any and all information and documentation in your possession, control and custody related to any and all your policies and procedures related to consumers and to comply with the FCRA that you have and had in place from July 1, 2017 to December 1, 2018.

7. Please produce any and all information and documentation in your possession, control and custody showing what information TransUnion entered in your search database when they conducted search and matches resulting in plaintiff's bankruptcy information being obtained from July 1, 2017 to December 1, 2018 and what was produced to TransUnion as a result of the search and match between these dates.

8. Please produce any and all information and documentation in your possession, control and custody of all the information that was provided by your system to TransUnion as a result of their completed search and match and the reports produced as a result as it related to the plaintiff from July 1, 2017 to December 1, 2018.

9. Please produce any and all information and documentation in your possession, control and custody that you have or had with TransUnion since July 1, 2017 to December 1, 2017 which include but is not limited to any and all contracts/agreements you have with TransUnion.

10. Please produce any and all documents and information your search and match system has stored related to the plaintiff which include any and all bankruptcy filings.

11. Please produce screen shots and or pictures of you doing a complete search and match in your system from start (showing the information required to start the search) to finish (includes every page and information in your system once the information required is entered at the beginning of the search to the end of the search showing results of the search) using the information of the plaintiff including the full report that is produced as a result of entering the plaintiff's information in search and match database system for bankruptcies. This is needed to evidence what is required to do the search, what shows up after the information required is entered, and what is produced as a result of the search.

12. Please produce a list of any and all of your affiliates, successors, sub-contractors, assigns and associates, the contracts/agreements you have with each of them and a document referencing each function of these affiliates, successors, sub-contractors, assigns and associates which are associated with Bankruptcies.

If you claim that any portion of this request for production is subject to any privilege or is otherwise objectionable or protected from discovery, you are to identify the subject matter, proof that such information is privileged from the consumer as it relates to the consumer, objection, or protection is thought to apply, and state the ground or basis of each such claim, objection, privilege or protection, including any statutory or decisional reference; and identify all documents, including the author and date thereof, or other information, including contracts and communications which you believe to be embraced by the privilege involved.

Should you have any question of what is being demanded for production, you have permission to reach me on my cell phone at 843-437-7901. I do hereby place you on notice that to the extent that these records exist and are accurate in documenting the facts I incorporate each directly and or indirectly, specifically and generally by reference!

## DEFINITIONS

1. **"You"** and **"your"** shall mean **"LEXISNEXIS RISK & INFORMATION ANALYSTICS Group, Inc.** its affiliates, partners, successors, sub-contractors, assigns, associates and its corporate manager(s) **herein ("LexisNexis")"**.

2. **"Case"** shall mean matters related to Case No. 2:22-cv-01292-BHH-MGB.

3. **"Plaintiff"** shall mean **"Nelson L. Bruce"** with the following associated identifying information:

   | | |
   |---|---|
   | Name: | Nelson Leon Bruce and any derivatives there of this name |
   | Current Address: | P.O. Box 3345, Summerville, SC 29484 |
   | Previous Addresses: | 1605 Central Avenue, Suite 6, Summerville, SC 29483 |
   | | 144 Pavilion Street, Summerville, SC 29483 |

    Social Security #:    XXX-XX-7185

    Date of Birth:    9-28-1982

4. **"Document"** or **"media"** includes, but is not limited to, screenshots, pictures, recorded material in any form, including the original and all non-identical copies (whether different from the originals by reason of any notation made on such copies or otherwise), correspondence, writings, drawings, graphs, charts, records, photographs, sound, electronically stored computer files, recordings, images, memoranda, credentialing documents, account statements, corresponding documents or paperwork accompanying applications, disclosures, reports containing information about the plaintiff as a result of a search and match or search of plaintiff's information, consumer reports to review or otherwise, comprehensive reports, contracts/agreements executed, credit decisions, all disputes and correspondences to and from plaintiff or anyone acting on behalf of plaintiff received from TransUnion, letters, power of attorneys, checks, invoices, receipts, from July 1, 2017 to present.

5. **"Possession, custody or control"** includes you, the joint or several possession, to whom these subpoenas are addressed, but also the joint or several possession, custody or control by each or any other person, entity or affiliate acting or purporting to act on behalf of you or in connection with your organization in anyway shape or form.

6. **"Person"** means any natural person, individual, corporation, unincorporated corporation, firm, trust, estate, cooperative, company, sole proprietorship, partnership, joint venture, association, institute or other business, legal, charitable, intergovernmental, government or governmental agency, or other entity.

Dated this 16th day of January, 2024.

RESPECTFULLY PRESENTED

                                                          "Without Prejudice"

*Nelson L. Bruce*

Nelson L. Bruce, Propria Persona, Sui Juris
All Rights Explicitly Reserved and Retained
c/o P.O. Box 3345, Summerville, South Carolina 29483
Ph.: 843-437-7901
Email: leonbruce81@yahoo.com

EXHIBIT A

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# CHARLESTON DIVISION

| | |
|---|---|
| Nelson L. Bruce,<br><br>Plaintiff(s),<br><br>vs.<br><br>REV FEDERAL CREDIT UNION, TRANS UNION, LLC, et al.<br><br>Defendant(s). | CASE NO.: 2:22-cv-01292-BHH-MGB |

1. My name is _____. I am competent to testify and have personal firsthand knowledge of the facts stated herein.

2. I am employed by and am the custodian of records for LEXISNEXIS RISK & INFORMATION ANALYSTICS Group, Inc., LLC ("LexisNexis). Attached hereto are ____ pages of records of LexisNexis.

3. The attached records were made at or near the time of the occurrence of the matters set forth in the attached records by, or from information transmitted by, a person with personal knowledge of those matters. The attached records were kept by LexisNexis in the regular course of its business, and as a regular practice of LexisNexis. The attached records were made in the course of the regularly conducted business activities of LexisNexis.

4. The records attached hereto are exact duplicates of the originals.

5. I declare under penalty of perjury that the forgoing is true and correct.

Print Name: _____

Signature: _____

Dated: _____

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action    EXHIBIT A

# UNITED STATES DISTRICT COURT
for the
District of South Carolina

2024 JAN 18 AM 9: 23

| Nelson L. Bruce | ) | |
|---|---|---|
| *Plaintiff* | ) | |
| v. | ) | Civil Action No. 2:22-cv-01292-BHH-MGB |
| REV FEDERAL CREDIT UNION, et al. | ) | |
| | ) | |
| *Defendant* | ) | |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:    Bank of America, N.A., Attn.: Legal Order Processing, 800 Samoset Drive, Newark DE 19713

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See...Attached "NOTICE OF SUBPOENA"

| Place: Bank of America, N.A., Attn.: Legal Order Processing, 800 Samoset Drive, Newark DE 19713 | Date and Time: Within 10 days from receipt of this subpoena |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: _____

*CLERK OF COURT*

OR

_____          _____
*Signature of Clerk or Deputy Clerk*                      *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____, who issues or requests this subpoena, are:

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2) EXHIBIT A

Civil Action No. 2:22-cv-01292-BHH-MGB

## PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____
on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____
_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

*Server's signature*

*Printed name and title*

*Server's address*

Additional information regarding attempted service, etc.:

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3) EXHIBIT A

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
    (i) is a party or a party's officer; or
    (ii) is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
  (A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  (B) inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
  (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  (B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
  (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    (i) fails to allow a reasonable time to comply;
    (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
    (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    (iv) subjects a person to undue burden.
  (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    (i) disclosing a trade secret or other confidential research, development, or commercial information; or
    (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
  (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    (i) expressly make the claim; and
    (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

EXHIBIT A

# NOTICE OF SUBPOENA - DEMAND FOR PRODUCTION

I Nelson L. Bruce, the consumer and Plaintiff in the associated case as defined below hereby demand with this subpoena that you produce for my inspection the following:

1. Produce any and all documents and information in your custody, control and possession related any and all transfers, sales and or assignment of any commercial business accounts and or credit card accounts associated with the plaintiff from January 1, 2017 to present.

2. Produce any and all documents and information in your custody, control and possession related to any and all IRS forms (1099-A's, 1099-C's, Schedule C's, and required statements associated with your filings required to be attached detailing the accounts associated with these filings) documenting the credits you received in the form of deductions and or carryforward or carryback tax credits reducing your tax liabilities and any and all Federal Reserve notes you received from the Federal Reserve respecting the any agreements with the plaintiff related to any commercial credit card account associated with any direct obligations of the United States as defined under section 16 of the Federal Reserve Act from January 1, 2017arch 2009 to present.

3. Produce any and all documents and information in your custody, control and possession related to your bad debt reserve account known as your ALLL (Allowance for Loan and Lease Losses) account documenting the exact amount of reserves you put in place each year to cover any and all credit losses from January 2017 to present.

4. Produce any and all documents and information in your custody, control and possession related to any and all balance sheets, off balance sheets and call reports related to the plaintiff and the commercial account(s) of the plaintiff's that you charged off which are associated with your bad debt reserve account from January 1, 2017 to present.

5. Produce any and all documents and information in your custody, control and possession evidencing that there was a loss for loaning credit to the plaintiff supported by documents evidencing how the credits were created (came into existence) to be loaned to the plaintiff.

6. Produce any and all documents and information in your custody, control and possession related to any and all tax credits received by you from the IRS and or State as a result of you writing off the amounts associated with your ALLL account which is a mechanism put in place to cover your documented uncollectible bad debts related to your documented charge-offs from January 1, 2017 to present. This would include the production of any and all tax documents evidencing your losses as a deduction from writing off your bad debts in accords with IRS Code 26 U.S. Code § 166.

7. Produce any and all documents and information in your custody, control and possession related to any contracts and or agreements signed by plaintiff and you related to the commercial account(s) of the plaintiff evidencing that plaintiff agreed to be liable for

repayment on any amounts charged to and transferred to your ALLL account as a result of a charge-off.

8. Produce any and all documents and information in your custody, control and possession related to the policies and procedures you have in place all your charged-off debts that have been charged to your ALLL (Allowance for Loan and Lease Losses) account.

9. Produce any and all documents and information in your custody, control and possession related to any and all pools of credit cards accounts traded on the secondary marker that plaintiff's commercial account and or credit card account has been pooled with and associated with from January 1, 2017 to present. This would include any and all cusip numbers associated with these pools and tranches.

10. Produce any and all insurance policies associated with the pools of accounts that plaintiff's account has been pooled with and associated with such as bond, fidelity bonds, surety bonds, errors and emissions insurance and the names of the companies who these policies are with from January 1, 2017 to present. Include any and all insurance claims filed that were associated to the referenced pool of credit card accounts associated with you and or your affiliates.

11. Produce any and all documents and information in your custody, control and possession related to any and all trustees, servicers, master servicers, indenture trustees associated with the securities related to the pool of credit card accounts that plaintiff's commercial credit card has been pooled in from January 1, 2017 to present.

12. Produce any and all documents and information in your custody, control and possession evidencing letters sent to plaintiff in an attempt to collect a debt associated with the commercial account form January 1, 2020 to present which include in the letter the required statement that, "this is an attempt to collect a debt" evidencing an attempt to collect a debt. This is not a request for the production of account statements.

If you claim that any portion of this request for production is subject to any privilege or is otherwise objectionable or protected from discovery, you are to identify the subject matter, proof that such information is privileged from the consumer as it relates to the consumer, objection, or protection is thought to apply, and state the ground or basis of each such claim, objection, privilege or protection, including any statutory or decisional reference; and identify all documents, including the author and date thereof, or other information, including contracts and communications which you believe to be embraced by the privilege involved.

Should you have any question of what is being demanded for production, you have permission to reach me on my cell phone at 843-437-7901. I do hereby place you on notice that to the extent that these records exist and are accurate in documenting the facts I incorporate each directly and or indirectly, specifically and generally by reference!

## **DEFINITIONS**

EXHIBIT A

1. **"You"** and **"your"** shall mean **"Bank of America, N.A., Bank of America Corporation"** its affiliates, partners, successors and assigns.

2. **"Case"** shall mean matters related to Case No. No. 2:22-cv-01292-BHH-MGB.

3. **"Commercial Account"** shall mean any and all commercial credit card accounts associated with Capital Return Investments, LLC and Plaintiff with related to account number(s) **# 4003902017638269,** whether sold, assigned transferred and or pooled with other credit card accounts and traded on the secondary market.

4. **"Charge Off"** shall mean any and all debts you have deemed uncollectible bad debts.

5. **Bad Debt Reserve"** and **"ALLL (Allowance for Loan and Lease Losses)"** shall mean a reserve account which is not an account plaintiff agreed to be liable for setup internally by you with a balance to cover any and bad debts charged off by you which you can debit from to credit the account receivable ledgers of the charged off account.

6. **"Third Party Debt Buyer"** shall mean any agency, person, corporation, bank, financial institution, who purchases any type of debts from you related to plaintiff's accounts.

7. **"Third Party Collection"** shall mean any agency, person, corporation, bank, financial institution, entity, or organization who a debt has been transferred to external collection to for the purposes of collecting a payment from the plaintiff on behalf of you.

8. **"Sold"** shall mean any debts related to the plaintiff's alleged mortgage account that have been sold to a third party debt buyer as a result of a sale between you and the buyer or a sale has been mediated between you and the third party debt buyer.

9. **"Tax credits"** shall mean any deductions on your taxes from the IRS which reduces your tax liability in the amount of the bad debt reserve accounts you have deemed as a profit and loss.

10. **"Transferred"** shall mean any debts transferred externally to third party collections.

11. **"Deposit"** shall mean any instrument with plaintiff's identifying information on it that was transferred to the local Federal Reserve Bank/agent in exchange for Federal Reserve notes in the amount of the instrument.

12. **"Plaintiff"** shall mean **"Nelson L. Bruce"** with the following associated identifying information:

    Name:                Nelson Leon Bruce and any derivatives there of this name
    Current Address:     P.O. Box 3345, Summerville, SC 29484
    Previous Addresses:  1605 Central Avenue, Suite 6, Summerville, SC 29483

144 Pavilion Street, Summerville, SC 29483

Social Security #:   XXX-XX-7185

Date of Birth:   9-28-1982

13. **"Document"** or **"media"** includes, but is not limited to, recorded material in any form, including the original and all non-identical copies (whether different from the originals by reason of any notation made on such copies or otherwise), picture of any notes/promissory notes signed by plaintiff (front and back pictures), including, without limitation, correspondence, writings, drawings, graphs, charts, records, photographs, sound, electronically stored computer files, recordings, images, memoranda, account statements, loan applications, corresponding documents or paperwork accompanying the application, credit reports reviewed, interest rates offered, contracts/agreements executed, credit decisions, loan officer working file, all disputes and correspondences to and from plaintiff or anyone acting on behalf of plaintiff, letters, purchase and sale contracts with third party debt buyers, repurchase contracts with third party debt buyers, transfer of debt agreements with third party collections, power of attorneys, applications, checks, invoices, receipts, returns from March 2009 to present.

14. **"Possession, custody or control"** includes the joint or several possession, to whom these subpoenas are addressed, but also the joint or several possession, custody or control by each or any other person, entity or affiliate acting or purporting to act on behalf of you.

Dated this 16th day of January, 2024.

RESPECTFULLY PRESENTED

"Without Prejudice"

*Nelson L. Bruce*

Nelson L. Bruce, Propria Persona, Sui Juris
All Rights Explicitly Reserved and Retained
c/o P.O. Box 3345, Summerville, South Carolina 29483
Ph.: 843-437-7901
Email: leonbruce81@yahoo.com

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# CHARLESTON DIVISION

| | |
|---|---|
| Nelson L. Bruce,<br><br>Plaintiff(s),<br><br>vs.<br><br>REV FEDERAL CREDIT UNION, TRANS UNION, LLC, et al.<br><br>Defendant(s). | CASE NO.: 2:22-cv-01292-BHH-MGB |

1. My name is _____. I am competent to testify and have personal firsthand knowledge of the facts stated herein.

2. I am employed by and am the custodian of records for Bank of America, N.A. Attached hereto are ____ pages of documents of records related to Bank of America, N.A.

3. The attached records were made at or near the time of the occurrence of the matters set forth in the attached records by, or from information transmitted by, a person with personal knowledge of those matters. The attached records were kept by Bank of America, N.A. in the regular course of its business, and as a regular practice of Bank of America, N.A. The attached records were made in the course of the regularly conducted business activities of Bank of America, N.A..

4. The records attached hereto are exact duplicates of the originals.

5. I declare under penalty of perjury that the forgoing is true and correct.

Print Name: _____

Signature: _____

Dated: _____

| U.S. Department of Justice<br>United States Marshals Service | PROCESS RECEIPT AND RETURN<br>See "Instructions for Service of Process by U.S. Marshal" ||
|---|---|---|
| **PLAINTIFF**<br>Nelson L. Bruce, | **COURT CASE NUMBER**<br>2:22-cv-01292-BHH-MGB ||
| **DEFENDANT**<br>REV FEDERAL CREDIT UNION ("REVFCU"), et al.; | **TYPE OF PROCESS**<br>Civil ||

| SERVE AT | NAME OF INDIVIDUAL, COMPANY, CORPORATION. ETC. TO SERVE OR DESCRIPTION OF PROPERTY TO SEIZE OR CONDEMN<br>T-Mobile US, Inc., Attention: Legal & Emergency Response |
|---|---|
| | ADDRESS *(Street or RFD, Apartment No., City, State and ZIP Code)*<br>4 Sylvan Way, Parsippany, N.J. 07054 |

| SEND NOTICE OF SERVICE COPY TO REQUESTER AT NAME AND ADDRESS BELOW | Number of process to be served with this Form 285 | 1 |
|---|---|---|
| Nelson L. Bruce<br>c/o P.O. Box 3345<br>Summerville, South Carolina 29484 | Number of parties to be served in this case | 3 |
| | Check for service on U.S.A. | |

SPECIAL INSTRUCTIONS OR OTHER INFORMATION THAT WILL ASSIST IN EXPEDITING SERVICE *(Include Business and Alternate Addresses, All Telephone Numbers, and Estimated Times Available for Service):*

Contact information
973-292-8911
Hours of Operation M-F from 9:00 a.m. to 5:00 p.m.  Saturday & Sunday Closed

Plaintiff

| Signature of Attorney other Originator requesting service on behalf of: | ☒ PLAINTIFF<br>☐ DEFENDANT | TELEPHONE NUMBER<br>843-437-7901 | DATE<br>1-16-24 |
|---|---|---|---|
| *Nelson L. Bruce* | | | |

### SPACE BELOW FOR USE OF U.S. MARSHAL ONLY-- DO NOT WRITE BELOW THIS LINE

| I acknowledge receipt for the total number of process indicated.<br>*(Sign only for USM 285 if more than one USM 285 is submitted)* | Total Process | District of Origin<br>No. _____ | District to Serve<br>No. _____ | Signature of Authorized USMS Deputy or Clerk | Date |
|---|---|---|---|---|---|
| | | | | | |

I hereby certify and return that I ☐ have personally served, ☐ have legal evidence of service, ☐ have executed as shown in "Remarks", the process described on the individual, company, corporation, etc., at the address shown above on the on the individual, company, corporation, etc. shown at the address inserted below.

☐ I hereby certify and return that I am unable to locate the individual, company, corporation, etc. named above *(See remarks below)*

| Name and title of individual served *(if not shown above)* | ☐ A person of suitable age and discretion then residing in defendant's usual place of abode |||
|---|---|---|---|
| Address *(complete only different than shown above)* | Date | Time | ☐ am<br>☐ pm |
| | Signature of U.S. Marshal or Deputy |||

| Service Fee | Total Mileage Charges including *endeavors* | Forwarding Fee | Total Charges | Advance Deposits | Amount owed to U.S. Marshal* or (Amount of Refund*) |
|---|---|---|---|---|---|
| | | | | | $0.00 |

REMARKS:

DISTRIBUTE TO: 1. CLERK OF THE COURT
2. USMS RECORD
3. NOTICE OF SERVICE
4. BILLING STATEMENT*: To be returned to the U.S. Marshal with payment, if any amount is owed. Please remit promptly payable to U.S. Marshal.
5. ACKNOWLEDGMENT OF RECEIPT

PRIOR EDITIONS MAY BE USED

Form USM-285
Rev. 11/13

| U.S. Department of Justice | **PROCESS RECEIPT AND RETURN** |
|---|---|
| United States Marshals Service | *See "Instructions for Service of Process by U.S. Marshal"* |

| PLAINTIFF<br>Nelson L. Bruce, | COURT CASE NUMBER<br>2:22-cv-01292-BHH-MGB |
|---|---|
| DEFENDANT<br>REV FEDERAL CREDIT UNION ("REVFCU"), et al.; | TYPE OF PROCESS<br>Civil |

**SERVE AT**
- NAME OF INDIVIDUAL, COMPANY, CORPORATION. ETC. TO SERVE OR DESCRIPTION OF PROPERTY TO SEIZE OR CONDEMN
  LEXISNEXIS RISK & INFORMATION ANALYSTICS Group, Inc. (LexisNexis")
- ADDRESS *(Street or RFD, Apartment No., City, State and ZIP Code)*
  1000 Alderman Drive, Alpharetta, GA 30005

| SEND NOTICE OF SERVICE COPY TO REQUESTER AT NAME AND ADDRESS BELOW | Number of process to be served with this Form 285 | 1 |
|---|---|---|
| Nelson L. Bruce<br>c/o P.O. Box 3345<br>Summerville, South Carolina 29484 | Number of parties to be served in this case | 3 |
| | Check for service on U.S.A. | |

SPECIAL INSTRUCTIONS OR OTHER INFORMATION THAT WILL ASSIST IN EXPEDITING SERVICE *(Include Business and Alternate Addresses, All Telephone Numbers, and Estimated Times Available for Service):*

Contact information
650-342-9486
Hours of Operation M-F from 9:00 a.m. to 5:00 p.m.   Saturday & Sunday Closed

Plaintiff

| Signature of ~~Attorney~~ other Originator requesting service on behalf of: *Nelson L. Bruce* | [•] PLAINTIFF<br>[ ] DEFENDANT | TELEPHONE NUMBER<br>843-437-7901 | DATE |
|---|---|---|---|

**SPACE BELOW FOR USE OF U.S. MARSHAL ONLY-- DO NOT WRITE BELOW THIS LINE**

| I acknowledge receipt for the total number of process indicated. *(Sign only for USM 285 if more than one USM 285 is submitted)* | Total Process | District of Origin<br>No. ____ | District to Serve<br>No. ____ | Signature of Authorized USMS Deputy or Clerk | Date |
|---|---|---|---|---|---|

I hereby certify and return that I [ ] have personally served, [ ] have legal evidence of service, [ ] have executed as shown in "Remarks", the process described on the individual, company, corporation, etc., at the address shown above on the on the individual, company, corporation, etc. shown at the address inserted below.

[ ] I hereby certify and return that I am unable to locate the individual, company, corporation, etc. named above *(See remarks below)*

| Name and title of individual served *(if not shown above)* | [ ] A person of suitable age and discretion then residing in defendant's usual place of abode | | |
|---|---|---|---|
| Address *(complete only different than shown above)* | Date | Time | [ ] am<br>[ ] pm |
| | Signature of U.S. Marshal or Deputy | | |

| Service Fee | Total Mileage Charges including *endeavors* | Forwarding Fee | Total Charges | Advance Deposits | Amount owed to U.S. Marshal* or (Amount of Refund*)<br>$0.00 |
|---|---|---|---|---|---|

REMARKS:

DISTRIBUTE TO:
1. CLERK OF THE COURT
2. USMS RECORD
3. NOTICE OF SERVICE
4. BILLING STATEMENT*: To be returned to the U.S. Marshal with payment, if any amount is owed. Please remit promptly payable to U.S. Marshal.
5. ACKNOWLEDGMENT OF RECEIPT

PRIOR EDITIONS MAY BE USED

Form USM-285
Rev. 11/13

**U.S. Department of Justice**
United States Marshals Service

**PROCESS RECEIPT AND RETURN**
See *"Instructions for Service of Process by U.S. Marshal"*

| PLAINTIFF | COURT CASE NUMBER |
|---|---|
| Nelson L. Bruce, | 2:22-cv-01292-BHH-MGB |

| DEFENDANT | TYPE OF PROCESS |
|---|---|
| REV FEDERAL CREDIT UNION ("REVFCU"), et al.; | Civil |

**SERVE AT**

NAME OF INDIVIDUAL, COMPANY, CORPORATION. ETC. TO SERVE OR DESCRIPTION OF PROPERTY TO SEIZE OR CONDEMN
Bank of America, N.A., Attn.: Legal Order Processing

ADDRESS *(Street or RFD, Apartment No., City, State and ZIP Code)*
800 Samoset Drive, Newark DE 19713

SEND NOTICE OF SERVICE COPY TO REQUESTER AT NAME AND ADDRESS BELOW

Nelson L. Bruce
c/o P.O. Box 3345
Summerville, South Carolina 29484

| | |
|---|---|
| Number of process to be served with this Form 285 | 1 |
| Number of parties to be served in this case | 3 |
| Check for service on U.S.A. | |

SPECIAL INSTRUCTIONS OR OTHER INFORMATION THAT WILL ASSIST IN EXPEDITING SERVICE *(Include Business and Alternate Addresses, All Telephone Numbers, and Estimated Times Available for Service):*

Contact information
(302) 737-7490
Hours of Operation M-F from 9:00 a.m. to 5:00 p.m.   Saturday & Sunday Closed

Plaintiff
Signature of Attorney other Originator requesting service on behalf of:  [x] PLAINTIFF  [ ] DEFENDANT

*Nelson L. Bruce*

TELEPHONE NUMBER: 843-437-7901
DATE: 1-16-24

**SPACE BELOW FOR USE OF U.S. MARSHAL ONLY-- DO NOT WRITE BELOW THIS LINE**

I acknowledge receipt for the total number of process indicated. *(Sign only for USM 285 if more than one USM 285 is submitted)*

| Total Process | District of Origin No. ___ | District to Serve No. ___ | Signature of Authorized USMS Deputy or Clerk | Date |
|---|---|---|---|---|

I hereby certify and return that I [ ] have personally served, [ ] have legal evidence of service, [ ] have executed as shown in "Remarks", the process described on the individual, company, corporation, etc., at the address shown above on the on the individual, company, corporation, etc. shown at the address inserted below.

[ ] I hereby certify and return that I am unable to locate the individual, company, corporation, etc. named above *(See remarks below)*

Name and title of individual served *(if not shown above)*

[ ] A person of suitable age and discretion then residing in defendant's usual place of abode

Address *(complete only different than shown above)*

| Date | Time | [ ] am [ ] pm |
|---|---|---|

Signature of U.S. Marshal or Deputy

| Service Fee | Total Mileage Charges including *endeavors* | Forwarding Fee | Total Charges | Advance Deposits | Amount owed to U.S. Marshal* or (Amount of Refund*) |
|---|---|---|---|---|---|
| | | | | | $0.00 |

REMARKS:

DISTRIBUTE TO:
1. CLERK OF THE COURT
2. USMS RECORD
3. NOTICE OF SERVICE
4. BILLING STATEMENT*: To be returned to the U.S. Marshal with payment, if any amount is owed. Please remit promptly payable to U.S. Marshal.
5. ACKNOWLEDGMENT OF RECEIPT

PRIOR EDITIONS MAY BE USED

Form USM-285
Rev. 11/13