IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| Nelson L. Bruce, | ) | Civil Action No. 2:22-cv-01292-BHH-MGB |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Trans Union LLC (TransUnion); and Unknown Does 1-100, | ) ) | |
| | ) | |
| Defendants. | ) ) | |

Nelson L. Bruce, proceeding *pro se* and *in forma pauperis*, brings claims pursuant to the Fair Credit Reporting Act ("FCRA"), among others. (Dkt. Nos. 1; 29.) Currently before the Court is Plaintiff's Motion for Issuance of Subpoenas on the following non-parties: LexisNexis Risk & Information Analytics [sic] Group, Inc.; T-Mobile USA, Inc.; and Bank of America, N.A. (Dkt. No. 137.).[1] He has provided copies of his proposed subpoenas and the requisite USM-285 forms for service by the United States Marshals Service ("USMS"). (Dkt. Nos. 136-1; 137-1.) For the reasons discussed below, the Court GRANTS IN PART AND DENIES IN PART Plaintiff's Motion.

**DISCUSSION**

A.   **LexisNexis Risk & Information Analytics Group, Inc**

This Court has issued numerous subpoenas to non-parties in this action, upon a proper motion by Plaintiff. Relevant here, on November 6, 2023, the Court issued a subpoena to a non-party, LexisNexis Risk Solutions, Inc. ("LNRS"). (Dkt. Nos. 86; 87.) On December 11, 2023, Plaintiff filed a Motion to Compel, seeking further responses from LNRS to the subpoena. (Dkt.

---

[1] All pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B) and Local Rule 73.02(B)(2)(e), D.S.C.

No. 111.) The motion was fully briefed, and on January 9, 2024, the Court issued an Order holding the Motion to Compel in abeyance. (Dkt. No. 131.) Specifically, the Court noted there was confusion as to whether the documents sought by Plaintiff were in possession of LNRS or if Plaintiff would have to subpoena a separate entity to obtain those documents. (*Id*. at 4–6.) Plaintiff's briefing indicated he believed LexisNexis Risk Data Management, LLC ("LRDM") supplied the inaccurate bankruptcy information at issue to Defendant Trans Union LLC ("Trans Union").[2] (*Id.*) The Court ordered LNRS to provide a status update as to whether it has the legal right or practical ability to obtain from LRDM the responsive documents at issue. (*Id*.) This status report is due by January 26, 2024. (Dkt. No. 134.)

Plaintiff filed the instant Motion for Issuance of Subpoenas on January 18, 2024. (Dkt. No. 137.) In his Motion, he states he is "filing this emergency motion for the sake of time even though the court has not ruled on his motion to compel discovery against LexisNexis Risk Solutions, Inc. related to their failure to comply with plaintiff's subpoena and their affiliation with the non-party referenced in this motion." (*Id*. at 1.)

Here, Plaintiff provides no explanation as to why he now believes LexisNexis Risk & Information Analytics Group, Inc is the entity in possession of the responsive documents, rather than LRDM, as he previously asserted. Moreover, it appears there is no entity called LexisNexis Risk & Information **Analytics** Group, Inc. Rather, online resources indicate this entity is LexisNexis Risk & Information **Analytics** Group, Inc.[3] Because Plaintiff's proposed subpoena

---

[2] Specifically, Plaintiff pointed to a statement on Trans Union's website that "LexisNexis Risk Data Management, Inc. was a provider of bankruptcy information to TransUnion prior to December 1, 2018." (Dkt. No. 102-5.) Additionally, Plaintiff submitted records from the Georgia Secretary of State showing that LexisNexis Risk Data Management, Inc. changed its name to LexisNexis Risk Data Management, LLC; and its address for its principal place of business and for where its "records are maintained" is the same as the address where Plaintiff served the subpoena on LNRS. (Dkt. No. 127-1.)

[3] *See LexisNexis Risk & Information Analytics Group Announces Alliance with Leading Collections Agency to Develop Advanced Scoring Models*, LexisNexis, https://www.lexisnexis.com/community/pressroom/b/news/posts/lexisnexis-

and USM-285 form are directed to a nonexistent entity, they have not been adequately completed. For these reasons, the Court DENIES Plaintiff's Motion for Issuance of a Subpoena to LexisNexis Risk & Information Analytics Group, Inc.

The aforementioned status report from LNRS remains due by January 26, 2024. If Plaintiff wishes to pursue a subpoena against a different LexisNexis entity, he can file the requisite motion, taking care to explain his basis for seeking documents from that specific LexisNexis entity.

### B.    T-Mobile and Bank of America

Plaintiff also requests that subpoenas be issued to T-Mobile and Bank of America. (Dkt. No. 137.) Plaintiff asserts that these entities have "relevant information related to the claims" in his Amended Complaint. (Dkt. No. 137.) Here, the Amended Complaint alleges that Trans Union published an inaccurate bankruptcy account on Plaintiff's consumer report and then furnished and sold this report to T-Mobile and Bank of America. (Dkt. No. 29 at 7.) The Amended Complaint denies that Plaintiff has "an open account" with either of these entities and indicates Trans Union therefore violated the FCRA by providing them Plaintiff's consumer report "via an inquiry." (*Id.*)

The Federal Rules of Civil Procedure provide that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1). The Court has reviewed the proposed subpoenas and finds that Plaintiff completed them in accordance with his Motion (Dkt. No. 137) and the Federal Rules of Civil Procedure. The proposed subpoenas seek information evidencing Plaintiff's accounts with T-Mobile and Bank of America, which is relevant to Plaintiff's claims in this action.

Thus, in light of Plaintiff's *pro se* status and in order to prevent delay, the Court GRANTS IN PART Plaintiff's Motion for Issuance of Subpoenas (Dkt. No. 137) and directs the Clerk of

---

risk-information-analytics-group-announces-alliance-with-leading-collections-agency-to-develop-advanced-scoring-models (last visited Jan. 19, 2024).

Court to issue the subpoenas to T-Mobile (Dkt. No. 136-1) and Bank of America (Dkt. No. 137-1 at 8–15) and to forward a copy of the issued subpoenas and completed USM-285 forms (Dkt. No. 137-1 at 16, 18) to the USMS for service of the subpoenas. Based on the foregoing, Plaintiff's Motion for Issuance of Subpoenas. (Dkt. No. 137) is GRANTED IN PART AND DENIED IN PART.

Here, the Court notes that because the current discovery deadline is less than one month away, an extension of the Scheduling Order is needed. Accordingly, the Court issues the following Amended Scheduling Order: **discovery is due by March 12, 2024, dispositive motions are due by April 4, 2024, and mediation is due by March 26, 2024. Absent extraordinary circumstances, no further extensions will be granted.**

Also, given the age of this case and the multiple subpoenas already issued, the Court will not lightly entertain further motions for issuance of subpoenas. Should Plaintiff believe more subpoenas are needed, he must file an accompanying motion that clearly: (1) explains how the requested documents are relevant to his case; (2) shows that the requested documents are obtainable only through the identified third party; and (3) explains why the requested documents were not sought earlier in the discovery process.

IT IS SO ORDERED.

January 19, 2024

Charleston, South Carolina

MARY GORDON BAKER
UNITED STATES MAGISTRATE JUDGE