IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| Nelson L. Bruce, | ) | Civil Action No. 2:22-cv-01292-BHH-MGB |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Trans Union LLC (TransUnion); and Unknown Does 1-100, | ) ) | |
| | ) | |
| Defendants. | ) ) | |

Nelson L. Bruce, proceeding *pro se* and *in forma pauperis*, brings claims pursuant to the Fair Credit Reporting Act ("FCRA"), among others. (Dkt. Nos. 1; 29.) Currently before the Court is Plaintiff's Motion for an Order directing non-party LexisNexis Risk Solutions, Inc. ("LNRS") to produce additional documents. (Dkt. No. 146.)

As background, on November 6, 2023, the Court issued a subpoena to LNRS. (Dkt. Nos. 86; 87.) On December 11, 2023, Plaintiff filed a Motion to Compel, seeking further responses from LNRS to the subpoena. (Dkt. No. 111.) When LNRS opposed the motion on the basis that it was not the entity in possession of the sought documents, the Court ordered LNRS to provide a status update as to whether it has the legal right or practical ability to obtain the responsive documents at issue. (*Id.*) LNRS then filed a status update stating that "[f]or the purposes of Plaintiff's subpoena in this case only, LNRS will consider the subpoena served on [the separate entity] for Request Nos. 4, 5, 6, and 9," and LNRS indicated the sought documents would be produced. (Dkt. No. 142 at 2.) Based on this update, the Court found Plaintiff's Motion to Compel moot. (Dkt. No. 143.)

1

Relatedly, on January 18, 2024, Plaintiff filed a Motion for Issuance of Subpoenas, seeking the issuance of a different subpoena against "LexisNexis Risk & Information Analytics Group, Inc." (Dkt. No. 137.) Plaintiff provided a proposed subpoena and USM-285 form in support of the Motion. (Dkt. No. 137-1 at 1–7.) Finding that there was no entity by that name, the Court denied Plaintiff's Motion for Issuance of a Subpoena to LexisNexis Risk & Information Analytics Group, Inc. (Dkt. No. 138.)

In his instant Motion, Plaintiff states that he "learned through the receipt of confidential documents supplemented in discovery by Trans Union," that there "existed a 'Public Records Service Contract-Consumer'" between Trans Union and LexisNexis Risk Solutions FL, Inc. ("LNRSFL"). (Dkt. No. 146 at 2.) Plaintiff has submitted documents showing that LNRSFL has the same principal address as LNRS. (Dkt. No. 146-1.) Plaintiff asks that LNRS be ordered to respond to the subpoena submitted with Plaintiff's January 18, 2024 motion because "LNRS appears to have the ability to obtain from LNRSFL the documents requested" in that subpoena. (Dkt. No. 146 at 2.)

Notably, the underlying January 18, 2024 subpoena was not issued, and it only references LexisNexis Risk & Information Analytics Group, Inc. (Dkt. No. 137-1 at 1–7.) Essentially, Plaintiff is asking the Court to order a non-party to respond to a subpoena that has not been issued and that is directed to a different entity.[1] The Court cannot grant this request and DENIES Plaintiff's Motion (Dkt. No. 146). If Plaintiff wants to pursue this subpoena, he can file the requisite motion and submit a proposed subpoena and USM-285 directed the alleged proper entity, LNRSFL. Here, the Court recognizes that this case has been pending almost two years and

---

[1] This is a different situation from Plaintiff's Motion to Compel, which sought further responses to specific requests contained in a subpoena that had already been issued to LNRS by the Court. (Dkt. No. 111.) Specific to that Motion, the Court found it would be more efficient to have LNRS respond to the specific requests, to the extent it was able to obtain the sought documents from the other entity.

2

discovery is currently due by March 12, 2024. (Dkt. No. 138.) **Accordingly, Plaintiff must submit the motion for issuance of subpoena to LNRSFL by February 21, 2024.** The Court will then issue necessary instructions and orders, as appropriate. While the Court will extend the discovery deadline, if necessary, to allow the service of and response to this subpoena, the Court will not otherwise extend this deadline for any other discovery, absent extraordinary circumstances.

      IT IS SO ORDERED.

February 12, 2024

Charleston, South Carolina

_____
MARY GORDON BAKER
UNITED STATES MAGISTRATE JUDGE