IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| NELSON L. BRUCE,<br><br>        Plaintiff,<br><br>v.<br><br>REV FEDERAL CREDIT UNION, TRANS UNION, LLC, et al.<br><br>        Defendants. | Case No.: 2:22-cv-01292-BHH-MGB |

**NON-PARTY LEXISNEXIS RISK SOLUTIONS INC.'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL DISCOVERY FROM NON-PARTIES WHO WERE SERVED A SUBPOENA, MOTION FOR SANCTIONS**

Non-Party LexisNexis Risk Solutions, Inc. ("LNRS"), by counsel, files this Response in Opposition to Plaintiff's Second Motion to Compel Discovery from Non-Parties who were Served a Subpoena, Motion for Sanctions, showing the Court as follows:

**STATEMENT OF RELEVANT FACTS**

This matter involves claims by Plaintiff against Defendants Rev Federal Credit Union and TransUnion LLC, alleging that TransUnion published inaccurate and misleading information relating to Plaintiff's alleged bankruptcy. *See* ECF No. 29, ¶¶ 1, 21.

To find information to support his claims, Plaintiff has relentlessly pursued information from Non-Party LNRS and other LexisNexis entities via non-party subpoenas and motions filed with this Court. Following the issuance of Plaintiff's first subpoena, LNRS issued responses and objections to Plaintiff on November 22, 2023, and produced documents to Plaintiff on December 5, 2023. *See* ECF No. 150 ("LexisNexis email plaintiff . . . produced [documents] by email allegedly related to plaintiff's request number 9."). LNRS also informed Plaintiff that LNRS does not possess documents relating to Plaintiff's disputes with TransUnion. *See id.* (LNRS is "not in

possession of any documents related to your alleged dispute(s) with TransUnion and does not have a record of TransUnion forwarding your alleged dispute to it."). Dissatisfied with LNRS' response, Plaintiff filed a Motion to Compel LNRS to produce documents in response to his subpoena requests 4, 5, 6, and 9. ECF No. 111. LNRS opposed Plaintiff's motion and suggested that Plaintiff was seeking documents from the incorrect LexisNexis entity, as evidenced by his own filings: in support of his belief that LNRS possessed bankruptcy information, Plaintiff referenced the LexisNexis website[1] that identified LexisNexis Risk Data Management, LLC ("LNRDM") as a LexisNexis entity that provided bankruptcy information to TransUnion prior to December 1, 2018. *See* LNRS' Response to Plaintiff's Motion to Compel, ECF No. 117, and Plaintiff's Response to Non-Party LexisNexis Risk Solutions Inc.'s Opposition, ECF No. 127.

Pursuant to this Court's request for clarification as to whether LNRS could obtain records in the custody of a separate legal entity, LNRS filed a status report explaining that for the limited purpose of the non-party subpoena at issue, LNRS would consider the subpoena served on LNRDM and LNRDM would provide responses to Plaintiff's narrowed subpoena requests. ECF No. 142. This Court then denied Plaintiff's first Motion to Compel as Moot, based on the representation that LNRDM would respond to requests 4, 5, 6, and 9 in Plaintiff subpoena to LNRS. ECF No. 143. True to its representation to Plaintiff and the Court, LNRDM (not LNRS) served objections and responsive documents on Plaintiff via email on February 9, 2023. These documents included the bankruptcy information that LNRDM sent to TransUnion and clarified for Plaintiff that LNRDM was not in possession of any documents relating to any alleged dispute Plaintiff made with TransUnion. *See* Exhibit 2 to Plaintiff's Motion to Compel, ECF No. 150-2,

---

[1] It appears that Plaintiff failed to attach this document as an Exhibit to his original Motion to Compel. However, the same document can be found as "Exhibit A5 – Lexis Nexis Information" in ECF No. 102-5.

2

at 5-6.

Despite responding to Plaintiff's subpoena and this Court denying Plaintiff's first Motion to Compel, Plaintiff again seeks to compel LNRS to produce documents it does not possess. Plaintiff continues to express dissatisfaction with the content of the responsive documents he has received from LNRS and LNRDM, however, Plaintiff's disappointment cannot manifest into existence documents that LNRS does not possess. LNRS does not provide bankruptcy records to TransUnion. LNRDM provided bankruptcy records to TransUnion prior to 2018. *See* ECF No. 102-5. And now, LNRDM has produced to Plaintiff the documents it provided TransUnion relating to Plaintiff's bankruptcy.

There is no evidence in the record to support Plaintiff's assertion that LNRS sent Plaintiff's bankruptcy information to TransUnion, that LNRS ever received bankruptcy disputes from TransUnion, that LNRS ever had a contract with TransUnion for the receipt of bankruptcy disputes, or that there is any other information in LNRS' possession responsive to the requests at issue in Plaintiff's subpoena. Further, LNRS has represented to this Court and the Plaintiff that it does not possess the information Plaintiff is seeking. As such, Non-Party LNRS respectfully requests the Court to deny Plaintiff's Motion to Compel and his Motion for Sanctions.

## ARGUMENT

### A. Plaintiff has not issued a subpoena to any entity other than LNRS, and LNRS has fully complied with that subpoena.

There are multiple objections a responding person or entity has available when responding to a subpoena that require the court to limit the extent of discovery sought, including requests that are unreasonably cumulative or duplicative, or the discovery is outside of the scope permitted by Rule 26(b)(1). *United States v. $115,413.00 in U.S. Currency*, Case No. 5:20-CV-539, 2023 U.S. Dist. LEXIS 168662, at *4 (E.D.N.C. Sept. 21, 2023). Further, where the information sought is

3

not within the possession, custody, or control of the responding party, it is the requesting party's burden to show that the responding party has control over the documents. *Inventiv Health Consulting, Inc. v. French*, Case No. 5:18-CV-295, 2020 U.S. Dist. LEXIS 24352, at *10 (E.D.N.C. Feb. 12, 2020).

In support of his contention that LNRS is willfully misleading the Court, and has responsive documents to Plaintiff's subpoena, Plaintiff cites TransUnion's responses to discovery and the 2009 Contract between TransUnion and a non-existent entity of LexisNexis, LexisNexis Risk & Information Analytics Group Inc. ("LNRIAG"). ECF 150.  Plaintiff does not specify the scope of the 2009 agreement, or whether it has anything to do with his specific records.  Plaintiff does not support his contention that because LNRS merged with the non-existent entity LNRIAG, then LNRS <u>must</u> have the records he is seeking.  LNRS cannot produce documents it does not have, and Plaintiff cannot command the production of documents without showing that LNRS has control over these alleged documents.

LNRS does not supply bankruptcy records to TransUnion and LNRS had no involvement in Plaintiff's alleged disputes to TransUnion.  LNRS has complied with Plaintiff's subpoena and has provided objections and responsive documents, including all information in its possession that could relate to Plaintiff's subpoena requests at issue.

**B. Plaintiff continues to request documents from a non-existent entity despite already being provided the information he claims to be seeking.**

The Court previously denied Plaintiff's Emergency Motion to Issue Subpoenas to Non-Party LexisNexis Risk & Information Analytics Group, Inc. ("LNRIAG") because Plaintiff failed to explain why he now believed LNRIAG to be the correct entity in possession of responsive documents.  In support of the subject Motion to Compel, Plaintiff still provides no basis for his belief that LNRS, an entity that has already responded to Plaintiff's subpoena, is "willfully and

4

intentionally misinform[ing] the plaintiff." ECF No. 150 at 3.

Though difficult to follow at times, Plaintiff's reasoning for the claim that LNRS is withholding responsive information is founded in "new" evidence that was disclosed in the underlying litigation. Plaintiff alleges a contract produced by TransUnion purportedly shows an agreement with LNRIAG, dated February 1, 2009, eight years prior to Plaintiff's issues that give rise to his alleged claims. *Id.* Plaintiff suspects LNRS, which allegedly merged with LNRIAG, must have the records Plaintiff is seeking because it merged with a company that at one time contracted with TransUnion. *Id.* Plaintiff has not produced any other evidence to demonstrate why it believes LNRS has bankruptcy information allegedly related to Plaintiff.

Plaintiff's theories and guesses as to the LexisNexis entity that supplied bankruptcy records to TransUnion are directly contradicted by the evidence Plaintiff previously submitted to this Court and the information that LNRDM *already produced* to Plaintiff. Plaintiff submitted a printout from the LexisNexis website that makes clear that LexisNexis Risk Data Management, LLC is the entity that provided bankruptcy records to TransUnion prior to December 1, 2018. ECF No. 102-5. LNRDM has also now produced the bankruptcy information it supplied to TransUnion and confirmed for Plaintiff that it does not have documents relating to Plaintiff's alleged disputes with TransUnion. ECF No. 150-2 at 5-6. Plaintiff's evidence of a 2015 merger cannot overcome this contradictory evidence.

More fundamentally, Plaintiff has already been provided the information that he claims is being withheld from him in discovery. Plaintiff claims that LNRDM's production "does not specify where or when they received the bankruptcy information, nor whether these documents are the exact documents of information originally verified and/or sent to TransUnion. . . [and] LNRS appears to have just went to pacer [sic] ad downloaded what they see and produced that to

5

the plaintiff." ECF No. 150 at 3. First, there is no request that LNRDM specify from "where or when" it allegedly received Plaintiff's bankruptcy information and nothing in Rule 45 requires LNRDM to provide a written explanation to Plaintiff that explained the exact context of the documents produced. Nevertheless, in an effort to avoid further follow up or additional discovery motions from Plaintiff, LNRDM's response carefully explained to Plaintiff[2]:

> LNRDM did not provide TransUnion with the underlying bankruptcy records available in the public record, shown at LNRDM_BRUCE000001-000134 [the bankruptcy filings]. LNRDM only provided TransUnion with certain data elements relating to a bankruptcy record, shown at LNRDM_BRUCE000135 and LNRDM_BRUCE000137.

ECF No. 150-2 at 6. Thus, LNRDM identified for Plaintiff exactly the documents that were provided to TransUnion relating to Plaintiff's bankruptcy.

Plaintiff further complains that LNRDM's response "does not make it clear whether or not they received any disputes from TransUnion nor whether they responded and provided TransUnion with verified results or copies of any public record filings." ECF No. 150 at 4. Here again, LNRDM's response directly contradicts Plaintiff's claim. In response to request 6 in the subpoena, LNRDM explained to Plaintiff:

> LNRDM has conducted a reasonable search for documents identifying information that TransUnion sent to LNRDM relating to Plaintiff's bankruptcy record [i.e., a dispute] and did not identify any specific communications from TransUnion. TransUnion did not request that LNRDM recollect any bankruptcy record in connection with any alleged dispute made by Plaintiff to TransUnion.

ECF No. 150-2 at 6. Plaintiff's complaints about not being provided the information about his bankruptcy fall flat in the face of the explicit responses provided by LNRDM. Had Plaintiff attempted to meet and confer with LNRDM's counsel or just asked for further clarification, this

---

[2] Plaintiff argues that LNRS and LNRDM were required to provide an affidavit or other statement under oath attesting that the subpoena responses are true, accurate, and complete. *See* ECF No. 150 at 5. Plaintiff cites no legal authority in support of this position, and none can be found in the Rules.

6

entire Motion could have likely been avoided. Regardless, LNRDM produced to Plaintiff the information that he claims to seek from LNRS.

Plaintiff will continue his pursuit of documents against every entity that is affiliated with LNRS until he is no longer able to do so. Non-Party LNRS has expended time and resources to respond to each inquiry of Plaintiff's and has represented to this Court more than once that it has produced the responsive documents in its possession. Non-Party LNRDM has also accepted service of Plaintiff's Subpoena incorrectly sent to LNRS, responded to Plaintiff's subpoena and produced responsive documents, and carefully explained to Plaintiff what documents it was producing. Nevertheless, Plaintiff still filed this Motion. Plaintiff's Motion to Compel and Motion for Sanctions should be denied.

## CONCLUSION

Non-Party LNRS incorporates by reference its previous arguments and statements, and respectfully requests that this Court (1) deny Plaintiff's Motion to Compel, (2) deny Plaintiff's Motion for Sanctions to LNRS, and (3) enter any other relief it deems appropriate.

Dated: March 13, 2024.

/s/ William J. Farley III
William J. Farley III
Fed. Bar No. 12004
Troutman Pepper Hamilton Sanders LLP
301 S. College Street, Suite 3400
Charlotte, NC 28202
Telephone: 704.998.4099
Email:  will.farley@troutman.com

*Counsel for Non-Party LexisNexis Risk Solutions Inc.*

8

**CERTIFICATE OF SERVICE**

  I hereby certify that on the 13th day of March 2024, a true and correct copy of the foregoing was sent via U.S. Mail and email to the following:

Nelson L. Bruce
PO Box 3345
Summerville, SC 29484
leonbruce81@yahoo.com
*Pro Se Plaintiff*

                   /s/William J. Farley III
                   William J. Farley III