**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**
**CHARLESTON DIVISION**

| | | |
|---|---|---|
| NELSON L. BRUCE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No.: 2:22-cv-01292-BHH-MGB |
| | ) | |
| REV FEDERAL CREDIT UNION | ) | |
| and TRANS UNION, LLC, | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANT TRANS UNION LLC'S REPLY**
**IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT**

COMES NOW, Defendant Trans Union LLC ("Trans Union") and hereby files this, its Reply in Support of its Motion for Summary Judgment ("Motion"), and would respectfully show the Court as follows:

## I.     INTRODUCTION

Plaintiff has failed to produce any competent summary judgment evidence to support his claims against Trans Union. Instead, he relies almost entirely on his own subjective beliefs, speculation, and conclusory assertions. Such unsupported allegations are insufficient to create a genuine issue of material fact at the summary judgment stage. As a result, all of Plaintiff's claims against Trans Union fail as a matter of law. As outlined in Trans Union's Motion, the Chapter 13 public record bankruptcy and the REV FCU account were accurately reported, which defeats each of Plaintiff's claims. ECF No. 235 at pp. 2-3. To suggest anything else is completely without merit.

1

8548469.1

## II.    OBJECTIONS TO PLAINTIFF'S "UNDISPUTED FACTS"[1]

Trans Union objects to Plaintiff's Statement of Undisputed Facts and the Court should disregard such "Facts" on the following grounds:

| "Facts" | Objection |
|---|---|
| 3, 8, 9, 17, 18. | Improperly states a legal conclusion, not an undisputed fact. |
| 13 | No duty under § 1681i to "reach out to the consumer with any probing questions." See *Edeh v. Equifax Information Services, LLC*, 974 F. Supp. 2d 1220 (2013). The court, citing *Gorman v. Wolpoff & Abramson, LLP*, noted that "'[T]he CRA's 'reasonable reinvestigation' consists largely of triggering the investigation by the furnisher.'" *Id.* |
| 15 | Plaintiff's two claims against Trans Union are solely under § 1681i (failure to perform a reasonable reinvestigation) and § 1681e(b) (failure to have reasonable procedures in place to assure maximum possible accuracy). "Permissible purpose" allegations are not relevant to either claim. |
| 7, 11, | These "facts" are refuted by Trans Union's summary judgment evidence: "<u>Plaintiff never provided any bankruptcy dismissal documents to Trans Union in any of his disputes</u>. ECF No. 235 at pp. 3-4, 22-23. Trans Union's reinvestigation of Plaintiff's bankruptcy dispute regarding it being "not his" with the results clearly was communicated to Plaintiff. *Id.* |
| 14 | These "facts" are refuted by Trans Union's summary judgment evidence: Plaintiff has not produced any competent summary judgment evidence establishing the existence or amount of his alleged damages being caused by anything inaccurately reporting on his Trans Union credit file nor whether such alleged damages caused by the REV CU and/or dismissed public record bankruptcy. ECF No. 235 at pp. 13, 16-19. |

## III.    STANDARD OF REVIEW

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no

---

[1] Plaintiff fails to number such alleged "undisputed facts" in his Response on pages 3-6 forcing Trans Union to try to identity them in order starting with referencing the first bullet point on page 3 as #1 and following therein.

8548469.1

genuine issue as to any material fact, and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56 (c). Plaintiff contends that the alleged dismissal status of his Chapter 13 public record bankruptcy as well as a $471 balance with no dispute notation on his REV FCU account constitutes a material fact warranting submission to a jury. *See generally* ECF. No. 241. Plaintiff cannot simply create a genuine dispute of material fact, without producing competent summary judgment evidence—which he has not done. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 324, 106 S.Ct. 2548, 2553 (1986). Summary judgment is proper if the reasonableness of the defendant's procedures is beyond question and if the plaintiff has failed to adduce evidence that would tend to prove that the CRA's procedures were unreasonable. *See Oyathelemi v. L.J. Ross Assocs.*, No. CV DKC 20-3424, 2022 WL 4368156, at *7 (D. Md. Sept. 21, 2022) (*citing Jainqing Wu v. Trans Union*, No. 03-cv–1290-AW, 2006 WL 4729755, at *8 (D.Md. May 2, 2006); *Westra v. Credit Control of Pinellas*, 409 F.3d 825, 827 (7th Cir. 2005)).

## IV.     ARGUMENT AND AUTHORITIES

### A.     Trans Union's Reporting of the Chapter 13 Bankruptcy Was Accurate

Plaintiff's failure to prove any inaccuracy is dispositive of all claims. Plaintiff maintains that Trans Union inaccurately reported his Chapter 13 public record bankruptcy as "dismissed" instead of "withdrawn" and asserts that Trans Union should have corrected it upon dispute. Plaintiff does not dispute that his bankruptcy was dismissed and that the Bankruptcy Court's reporting of the case as being "dismissed for other reasons" is correct. Instead, Plaintiff's Response tries to assert that such "dismissed" status is actually inaccurate because Trans Union's own Consumer Dispute procedures ("CD procedure") required a change to the public record bankruptcy to "voluntarily dismissed" upon dispute. ECF No. 241 at p. 1. Of course – what Plaintiff conveniently fails to explain in his Response is that a pre-requisite to such update in

3

8548469.1

response to a consumer dispute <u>requires the Plaintiff to provide acceptable bankruptcy dismissal papers with his dispute (which he never did)</u>.[2]  <u>Plaintiff never provided any dismissal documents to Trans Union in any of his disputes</u>.  ECF. No. 235 at p. 23.  Moreover, Plaintiff never disputed the "dismissal" status with Trans Union.  *Id.*  Therefore, this procedure is inapplicable.  Regardless of the procedure, *Childress* affirmed summary judgment in favor of a CRA when this type of argument is raised, finding that there was no inaccuracy because a withdrawn bankruptcy <u>is also one that is dismissed</u>. *See Childress* at 747.  "Every bankruptcy case that is withdrawn at the request of the petitioner is dismissed. There was, therefore, no inaccuracy in the statement in the plaintiff's credit report that her bankruptcy petition had been dismissed."  *Id.* (internal citations omitted).  District courts within the Fourth Circuit have followed the same reasoning, recognizing that CRAs are entitled to rely on the face of court records or information furnished by a reliable source and are not required to parse nuanced procedural distinctions between types of dismissals. *See Myrick v. Equifax Information Servs., LLC*, No. 5:15-CV-562, 2017 WL 10526179, at *4 (E.D.N.C. Aug. 3, 2017).

**B.    Trans Union's Reporting of the REV FCU Account Was Accurate**

Plaintiff maintains that Trans Union inaccurately reported his REV FCU account, claiming that REV FCU's charge-off (or write-off) of his delinquent account discharged his obligation to repay the debt, thereby requiring the balance to be $0.  ECF No. 29 at ¶ 34.  He further contends that the "write-off" indicates that REV FCU has already been "paid" for the outstanding debt—despite not alleging that he made any payment himself—and that the debt is therefore uncollectible.  *Id.* ¶ 35.  As more fully discussed in its Motion, Plaintiff is simply incorrect, as

---

[2]See *Id.* at Exhibit H-1 p. 25 "Consumer Provides Dismissal Papers."  "If the dismissal papers indicate the bankruptcy was voluntarily dismissed, change the bankruptcy-filing public record Type to voluntarily dismissed…."

courts have overwhelmingly held that a creditor, such as REV FCU, as part of its internal accounting practices, is permitted to determine the nature of a debt, and that a "write-off" does not equate to a cancellation of the debt. Plaintiff basically concedes now in his Response that a charged-off account may report a balance. ECF No. 241 at p. 12. All Plaintiff can muster is again, his own self-serving opinion, that even if accurate, it was materially misleading. *Id. generally.* Trans Union's Motion should be granted.

### C.     REV FCU Never Reported a Dispute Notation to Trans Union

Plaintiff alleges that Trans Union's reporting of the REV Account, without noting that the account as "in dispute", was also inaccurate and misleading.   ECF No. 29 ¶ 22.  Trans Union's Motion clearly establishes that Plaintiff is wrong.  First, the failure to report a dispute remark is neither an inaccuracy nor is it considered an "item of information" required to be reinvestigated under the FCRA.  *Hardnett v. Equifax Info. Servs., LLC*, No. 120CV03017LMMRDC, 2020 WL 9598943, at *4 (N.D. Ga. Dec. 16, 2020), report and recommendation adopted, No. 120CV03017LMMRDC, 2021 WL 2201301 (N.D. Ga. Apr. 26, 2021).  The FCRA requires <u>data furnishers</u> to include a dispute notation on an account if they receive a dispute directly from a consumer.  15 U.S.C.A. § 1681s-2(a)(3) (emphasis added).   Trans Union as a CRA, not a data furnisher, and is only required to include the dispute notation on credit reports if it received the dispute notation from the furnisher.  Trans Union never received such dispute notation from REV FCU.  ECF No. 235 at p. 8.

In his Response, Plaintiff tries to confuse the Court by arguing that under 15 U.S.C.A. § 1681i(c), Trans Union had a duty to clearly note that [the REV FCU account] is disputed by the consumer in subsequent reports.  Perhaps Plaintiff himself is confused.  15 U.S.C.A. § 1681i(c) only applies to a CRA's duty involving a previous submitted/filed "Statement of Dispute" (not

more than one hundred words to be incorporated in his credit file) under 15 U.S.C.A. § 1681i(b).

Plaintiff never submitted such a "Statement of Dispute" under 15 U.S.C.A. § 1681i(b), which

renders the § 1681i(c) "duty dead on arrival." Lastly, there is no § 1681i(c) claim alleged in this

case. *See generally* ECF No. 29.

    **D.    Plaintiff's 1681e(b) Claim Fails as a Matter of Law**

        1.   <u>Plaintiff Has Failed to Meet His Burden to Show that Trans Union Failed to Follow Reasonable Procedures Under § 1681e(b)</u>

In a conclusory manner, Plaintiff cites statutes, his own opinions, and argues that his

alleged inaccuracies are a jury question. *See* ECF No. 241 at pp. 19-23. These assertions are

flawed. To survive summary judgment, a plaintiff must present evidence showing that the reporting

agency failed to follow reasonable procedures designed to ensure maximum possible accuracy.

*Dalton v. Capital Associated Indus., Inc.*, 257 F.3d 409, 416 (4th Cir. 2001). Plaintiff has not

produced any admissible evidence demonstrating that Trans Union's procedures were deficient, let

alone that the public record bankruptcy and REV CU account rendered the report inaccurate.

Plaintiff's mere conclusory allegations are not enough to survive summary judgment.

The FCRA is not a strict liability statute and does not demand error-free reporting.

*Hammer v. Equifax Info. Servs., L.L.C.*, 974 F.3d 564, 568 (5th Cir. 2020) (holding that section

1681e(b) does not hold a CRA strictly liable for all inaccuracies. Rather, the adequacy of a CRA's

procedures is judged according to "what a reasonably prudent person would do under the

circumstances."); *Pettus v. TRW Consumer Credit Serv.*, 879 F. Supp. 695, 697 (W.D. Tex. 1994)

(the FCRA does not impose strict liability for errors or provide a means for merely correcting an

erroneous report). Trans Union's Motion sets forth summary judgment evidence regarding how

Trans Union followed reasonable procedures in the preparation of its consumer reports. ECF No.

235 at pp.11-16. Plaintiff, however, has not produced *any* competent summary judgment evidence

6

8548469.1

regarding Trans Union's procedures, much less showing that they were somehow unreasonable. Instead, he relies almost entirely on conclusory allegations, speculation, and vague references to various statutes—which Trans Union has already addressed. *See* Section IV.A-C. Accordingly, summary judgment is warranted on Plaintiff's §1681e(b) claim.

### 2. Plaintiff Cannot Prove Recoverable Damages

In addition to there being no evidence of an inaccuracy, there is no evidence of an inaccuracy being published to a third party. While Plaintiff alleges that Trans Union published his credit report to T-Mobile and Bank of America, he has no evidence establishing what T-Mobile or Bank of America received, much less that what was received was inaccurate. Best he can offer is speculation and opinion. Even if Plaintiff alleged a decrease in credit score – which he does not do – such is not sufficient to state a claim for damages under the FCRA. *Evans v. Am. Collection Enter.*, 624 F. Supp. 3d 593, 601 (D. Md. 2022); *Nowlin v. Avis Budget Grp.*, No. 1:11CV511, 2011 WL 7087108, at *2 (M.D.N.C. Dec. 22, 2011), *report and recommendation adopted*, No. 1:11CV511, 2012 WL 204162 (M.D.N.C. Jan. 24, 2012); *Ackerman v. Maximus Educ., LLC*, No. 1:24-CV-00975-MSN-WBP, 2025 WL 51476, at *4 (E.D. Va. Jan. 8, 2025), *appeal dismissed*, No. 25-1118, 2025 WL 2237445 (4th Cir. May 13, 2025).

Plaintiff also alleged a credit denial from Towers Credit Union, yet admits that he has no evidence that Towers denied his application solely because of the bankruptcy status reported on his Trans Union credit file. ECF No. 235 at p. 18. Moreover, Plaintiff has no idea of Tower's lending criteria or what they reviewed specifically before making their decision. *Id.* All Plaintiff says in his Response is that such denial, when "viewed in the light most favorable to Plaintiff permit a reasonable inference that….this dissemination caused adverse credit outcomes." ECF No. 241 at p. 25.

7

8548469.1

### 3.  Plaintiff's Emotional Distress Damages Fail

As discussed more fully in Trans Union's Motion, Plaintiff claims he suffered emotional distress and tries to further emphasize it in his Response.  However, similar to many consumers, Plaintiff provides no evidence that any negligence proximately caused the alleged emotional distress. *See Casella v. Equifax Credit Info. Srvcs.*, 56 F.3d 469, 474 (2nd Cir. 1995); *Guimond*, 45 F.3d at 1333.  Plaintiff must present evidence or testimony linking his alleged emotional distress to action or inaction of Trans Union (rather than to some other cause).  Plaintiff has failed to provide any evidence that an inaccurate report was published by Trans Union to a third-party. *See Casella* at 474-75 (declining to hold that a plaintiff is "entitled to damages for pain and suffering simply because he knew of an inaccurate and potentially damaging item in his credit report"); *Wenning v. On-Site Manager, Inc.*, No. 14-CV-09693, 2016 WL 3538379, at *20 (S.D.N.Y. June 22, 2016).  To put it simply, Plaintiff cannot recover for pain and suffering (i.e. emotional distress) when he has failed to show that any creditor or other person ever learned of the [confirmed inaccurate information] from a credit reporting agency.  *See Casella* at 475.  There was no inaccurate information reporting on Plaintiff's credit file and no evidence that any such allegedly inaccurate information was specifically communicated to a third party.  All that Plaintiff provides in his Response is his subjective belief that it was so.  This too fails.

### E.    Plaintiff's § 1681i Claim Fails as a Matter of Law

### 1.  No Inaccuracy

Plaintiff's 15 U.S.C. § 1681i claim likewise fails because there is no inaccuracy.  As discussed herein, Both Plaintiff's REV FCU Account and bankruptcy record were reporting accurately on his Trans Union credit report.  Therefore, summary judgment should be granted on

Plaintiff's §1681i claim and this Court need not even get to the review of how the reinvestigation was conducted.

        2.   <u>Plaintiff has failed to meet his burden to show Trans Union failed to conduct reasonable reinvestigations Under § 1681i</u>

Even if this Court decides to review the summary judgment evidence surrounding Trans Union's reinvestigation (which it need not do), it was performed within the requirements of §1681i. Plaintiff also appears to concede in his Response that Trans Union's use of the statutorily-required and court-approved ACDV process to reinvestigate his dispute over the REV CU account was appropriate. See ECF No. 241 at pp. 27-30 ("A CRA may rely on a furnisher and the ACDV process…."). Plaintiff's Response seems to wrongly suggest Trans Union used the ACDV process with the reinvestigation of the public record bankruptcy. *Id.* at p. 29. This is false. As Trans Union's Motion and the accompanying evidence demonstrates, Trans Union conducted an internal investigation of verifying the bankruptcy record by accessing the Court records directly through PACER, with an eye towards verifying whether such bankruptcy record <u>belonged to Plaintiff</u> since he disputed it as "not his." ECF No. 235 at p. 23. Trans Union was NEVER notified that Plaintiff's bankruptcy was withdrawn because he knows it was voluntarily dismissed (and reporting as a dismissed bankruptcy). Incredibly, Plaintiff told Trans Union that the bankruptcy did not belong to him when in fact it did. *Id.*

To the extent Plaintiff tries to convince this Court that Trans Union had a duty to go beyond the use of the ACDV in its reinvestigation of REV FCU (it appears from his Response that perhaps this argument is being made), this court should know that when reinvestigating disputed information, a CRA is required to go beyond the original source of information only "in certain circumstances" when the CRA <u>is on notice</u> that the original source of the information is unreliable. *Henson v. CSC Credit Servs.*, 29 F.3d 280, 286 (7th Cir. 1994). Cases applying *Henson* have noted

9

8548469.1

that the consumer's dispute itself is not enough to put a CRA on notice of unreliability because all disputes challenge the accuracy of the information in some respect. There must be something more to put the CRA on notice. *See Becker v. Early Warning Servs., LLC.*, No. CV 19-5700, 2020 WL 2219142, at *9 (E.D. Pa. May 7, 2020) ("There was no reason for the defendant to suspect that Wells Fargo reported unreliable information, nor did the plaintiff claim that Wells Fargo was an unreliable source.").

As Trans Union's Motion clearly established, courts have routinely held that the ACDV process is reasonable as a matter of law. *Quinn v. Experian Solutions, et al.,* No. 02-C-5908, 2004 WL 609357, at *6 (N.D. Ill. Mar. 22, 2004)("[T]he CDV procedures alone is accepted by Courts as an adequate method both for assuring accuracy and for reinvestigation.").

Here, Plaintiff never notified Trans Union of any issues with the reliability of the original source. As discussed in Trans Union's Motion regarding the use of its statutorily-required and court-approved ACDV process, Plaintiff submitted his first dispute online on December 3, 2020, claiming that the REV Account was not his. ECF No. 235 at p. 21. That same day, Trans Union sent the dispute to REV FCU via an ACDV, providing a description of the nature of the Plaintiff's dispute, that the account was (not his/hers). *Id.* In response, REV FCU verified that the disputed information was accurate, and Trans Union sent Plaintiff the results of its investigation on December 12, 2020. *Id.* Trans Union received another dispute on February 3, 2021. *Id.* at p. 22. In response to both disputes, REV FCU timely verified that the disputed information was accurate. *Id.* Trans Union sent Plaintiff the results of its investigations within 30 days as required under the FCRA. *Id.* Absent any notice to Trans Union that REV FCU was unreliable, Trans Union's reliance on the industry-standard ACDV process was reasonable, and Plaintiff's attempt to argue

10

8548469.1

otherwise in his Response is without merit.  Summary judgment should be granted in Trans Union's favor.

### F.     Plaintiff Cannot Prove Trans Union Willfully Violated the FCRA

Plaintiff contends that Trans Union has mischaracterized both the facts and the legal standard governing his willfulness claim under the FCRA.  ECF No. 241 at pp. 33-35.  However, Plaintiff has not presented any evidence in support of his willfulness claim.  Plaintiff has no evidence that Trans Union negligently violated the FCRA; therefore, it could not have done so willfully, nor has Plaintiff produced any evidence to show otherwise.  The term "willfully," found in § 1681n, means a defendant either knowingly, or with reckless disregard, violated the particular statute.  *Safeco Ins. Co. of Am. v. Burr*, 551 U.S. 47, 58-59 (2007).  In order to prove willfulness, a plaintiff must show: (1) the CRA had a practice or policy that was objectively unreasonable in light of the FCRA's statutory language; and (2) the CRA ran a risk of violating the FCRA that was substantially greater than the risk associated with a reading that was merely careless.  *Id.*  Plaintiff must show that Trans Union acted in a manner that made it highly probable harm would follow. *Id.* at 69.  Further, neither the failure to correct alleged errors after receiving notification of an alleged inaccuracy in a consumer's file, nor the mere existence of inaccuracies in a consumer's file alone, can amount to willful noncompliance with the FCRA.  *See Barrepski v. Capital One Bank (U.S.A.) N.A.*, No. CIV.A. 11-30160-NMG, 2014 WL 9355893, at *12 (D. Mass. Jan. 24, 2014).

As with the bulk of Plaintiff's Response, he makes conclusory assertions and simply cites to restate allegations from his Amended Verified Complaint to support his willfulness claim, yet offers no competent summary judgment evidence to support his claim. Conclusory assertions are legally insufficient to create a genuine issue of material fact, and they cannot sustain a claim for

8548469.1

willfulness. *Pyle v. First Nat. Collection Bureau*, No. 1:12-CV-00288-AWI, 2012 WL 1413970, at

*3 (E.D. Cal. Apr. 23, 2012).  Plaintiff notably ignores the binding and persuasive authority set

forth in Trans Union's Motion which states that Plaintiff must prove Trans Union had a practice or

policy that was objectively unreasonable and ran a risk of violating the FCRA that was

substantially greater than the risk associated with a reading that was merely careless.  Instead, his

willfulness argument rests entirely on the flawed assertion that Trans Union's use of the ACDV

process was *per se* unreasonable. ECF No. 241 at p. 35.  Plaintiff has not brought any evidence

regarding Trans Union's policies and procedures, much less how they are unreasonable in the light

of the FCRA's text.  Nor does he show that Trans Union knowingly disregarded its obligations or

ran an unjustifiable risk of violating the statute.  Accordingly, Plaintiff has failed to offer competent

summary judgment evidence of willfulness and summary judgment should be granted.

### G.     Plaintiff's State Law Claims are Preempted

With no caselaw support or citations, Plaintiff argues in his Response that his state law

claims are not preempted, despite rulings from this Court finding such claims preempted or legally

deficient.  As more fully described in its Motion, Plaintiff's Seventh Cause of Action alleges that

Trans Union violated §§ 37-20-170 and 37-20-200[3] of the South Carolina Consumer Protection

Code ("SCCPC"), by purportedly failing to provide him with "sufficient evidence that the

information is true and accurate as it relates to the consumer" in response to his credit-report

dispute. ECF No. 29 ¶¶ 42, 101.  Judge Hendricks has already rejected these exact theories in

*Bruce v. Pentagon Fed. Credit Union*, No. 2:22-cv-02211-BHH, ECF No. 474 (Sept. 29, 2025) in

---

[3]Any claim based on § 37-20-200 can be easily disposed of by the Court because that Section
expressly states that "Damages provided in this section do not apply to section 37-20-170."

8548469.1

granting summary judgment as to these claims. Plaintiff ignores this finding in his Response, hoping for a different result.

## V.     CONCLUSION

For the foregoing reasons, Trans Union respectfully requests that this Court grant its Motion for Summary Judgment, and award such other and further relief, both in law and in equity, as the court deems just and proper.

Respectfully Submitted,


*s/ Wilbur E. Johnson*
Wilbur E. Johnson, Esquire
Federal ID No.: 2212
CLEMENT RIVERS, LLP
25 Calhoun Street, Suite 400
Charleston, SC 29401
Telephone: (843) 724-6659
Facsimile: (843) 579-1332
wjohnson@ycrlaw.com
***Counsel for Trans Union LLC***


Dated: February 27, 2026

13

## CERTIFICATE OF SERVICE

I hereby certify that on the 27th day of February 2026, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record registered to use the CM/ECF system in this action.

I further certify that I forwarded a copy of the foregoing by U.S. First Class Mail to the following non-CM/ECF participant:

Nelson L. Bruce
P.O. Box 3345
Summerville, SC 29484
*Pro Se Plaintiff*

*s/ Wilbur E. Johnson*
**WILBUR E. JOHNSON**

14

8548469.1