**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION**

| | | |
|---|---|---|
| NELSON L. BRUCE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No.: 2:22-cv-01292-BHH-MGB |
| | ) | |
| REV FEDERAL CREDIT UNION | ) | |
| and TRANS UNION, LLC, | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANT TRANS UNION LLC'S RESPONSE IN
OPPOSITION TO PLAINTIFF'S PETITION FOR RECONSIDERATION**

COMES NOW, Defendant Trans Union LLC ("Trans Union"), by and through its attorneys of record, pursuant to Fed. R. Civ. P. 59(e), files this Response in Opposition to Plaintiff's Petition for Reconsideration Under Rule 59(E), or Alternatively Rule 60(B), of the Court's Order Granting Summary Judgment to Defendant Trans Union LLC ("Motion") and states as follows:

### I.     **INTRODUCTION**

On March 24, 2026, the Court granted Trans Union's Motion for Summary Judgment. Dkt. No. 252.  Plaintiff filed his Motion for Reconsideration on April 21, 2026.  Dkt. No. 257. Plaintiff's motion identifies no new evidence, no intervening change in controlling law, and no manifest of error of law or fact.  *See generally* Dkt. No.257. Instead, Plaintiff attempts to re-argue matters the Court already resolved after reviewing the full record. Reconsideration is not an appeal, nor an opportunity to re-litigate.  Because Plaintiff's motion merely repeats arguments already addressed by the Court, Plaintiff's motion should be denied in its entirety.

### II.     **LEGAL STANDARD**

Reconsideration under Rule 59(e) of the Federal Rules of Civil Procedures is an

1

10029040.1

extraordinary remedy which permits an aggrieved party to file a motion to alter or amend judgment. *Hutchinson v. Staton*, 994 F.2d 1076, 1081 (4th Cir. 1993). There are three grounds for amending a judgment, "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." *Id*. A motion to reconsider may not be used to repackage arguments, present evidence previously offered, or simply express disagreement with the Court's reasoning. *Atkins v. Marathon LeTourneau Co.*, 130 F.R.D. 625, 626 (S.D.Miss.1990) (holding that mere disagreement does not support a Rule 59(e) motion).

### III.     ARGUMENT AND AUTHORITIES

#### A.     Plaintiff Does Not Identify Any Intervening Change in Law

Plaintiff's motion does not cite any new controlling authority decided after the Court entered judgment. Plaintiff's motion simply relies on the same, previously cited authorities argued. Plaintiff's mere dissatisfaction with the Court's reasoning is not a basis for reconsideration under Rule 59(e). A Rule 59(e) motion "may not be used to relitigate old matters, or to raise argument or present evidence that could have been raised prior to the entry of judgment." *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 486 n.5, 128 S.Ct. 2605, 171 L.Ed.2d 570 (2008).

Here, Plaintiff simply attempts to re-litigate issues this Court has already considered and resolved. *See Generally* Dkt. No. 257. Plaintiff's motion reflects nothing more than disagreement with the Court's conclusions and a desire for the Court to revisit the same evidentiary record. But Plaintiff identifies no new authority suggesting the Court misapplied the law. Nor does Plaintiff present any evidence that, if considered, would alter the Court's prior analysis. In short,

2

the motion offers no legitimate basis for reconsideration. As a result, the motion should be denied.

### B. Plaintiff Has Not Presented Any New Evidence

Plaintiff has not presented any new evidence to support his claims that was not previously before the Court. Instead, Plaintiff devotes thirteen pages to (1) rearguing the same theories and allegations already considered at summary judgment; and, (2) raising issues that were not previously pled as a cause of action in the Amended Complaint. Plaintiff alleges that the Court overlooked claims pleaded in the Amended Complaint regarding alleged § 1681e(a) and § 1681b claims. *See* Dkt. No. 257 at 9-10. These purported causes of action were not pled by Plaintiff. *See* Dkt. No. 29 at 12-15 (First Cause of Action – Willful Violation of the FCRA pursuant to 1681i(a) and 1681e(b); Second Cause of Action – Negligent Violation of the FCRA pursuant to 1681i(a)). The Court noted this by expressly laying out the pending allegations against Trans Union in the Order Granting Trans Union's Motion for Summary Judgment, which rightfully included the only causes of action pled under § 1681i(a) and § 1681e(b). See Dkt. 252 at 6-9.

Plaintiff's Motion for Reconsideration simply repackages arguments already addressed on the existing record, or, attempts to litigate claims that were not previously pled. Plaintiff's motion plainly provides no basis for reconsideration.

### C. Plaintiff Fails to Present a Clear Error of Law

As discussed above, Plaintiff's motion does nothing more than express disagreement with the Court's reasoning. Sections III.A–III.B. Plaintiff does not identify any specific factual error or legal misapplication by the Court. Instead, he simply reiterates the same theories advanced at summary judgment and takes issue with the outcome. The Court correctly determined that Trans Union did not report any inaccuracy and that Trans Union complied with its obligations under

3

10029040.1

the FCRA.  *See* Dkt. No. 474.  A motion for reconsideration is not a vehicle to re-argue matters previously decided, nor is it a substitute for appeal. Plaintiff's dissatisfaction with the Court's ruling does not constitute manifest error and provides no basis for disturbing the Court's judgment.

Plaintiff has not shown any intervening change in law, newly discovered evidence, or manifest error of law or fact.  Instead, he merely seeks to relitigate claims already resolved by the Court.  Plaintiff's effort in this regard is unavailing.

## IV.     CONCLUSION

For the foregoing reasons, Trans Union respectfully requests that this Court deny Plaintiff's Motion for Reconsideration and, thereby, affirm its grant of Summary Judgment, and award such other and further relief, both in law and in equity, as the court deems just and proper.

Respectfully Submitted,

*s/ Wilbur E. Johnson*

Wilbur E. Johnson, Esquire
Federal ID No.: 2212
CLEMENT RIVERS, LLP
25 Calhoun Street, Suite 400
Charleston, SC 29401
Telephone: (843) 724-6659
Facsimile:  (843) 579-1332
wjohnson@ycrlaw.com
**Counsel for Trans Union LLC**

Date: May 5, 2026

4

10029040.1

## CERTIFICATE OF SERVICE

I hereby certify that on the 5th day of May 2026, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record registered to use the CM/ECF system in this action.

I further certify that I forwarded a copy of the foregoing by U.S. First Class Mail to the following non-CM/ECF participant:

Nelson L. Bruce
P.O. Box 3345
Summerville, SC 29484
*Pro Se Plaintiff*

*s/ Wilbur E. Johnson*
Wilbur E. Johnson, Esquire

5

10029040.1